**FILED**

NOV – 4 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| D.D., A MINOR<br>By his parent and next friend<br>CHRISTINE DAVIS<br>2701 Langston Place, S.E.<br>Washington, D.C. 20020 | ) ) ) ) ) ) | |
| Plaintiff | ) ) ) | Civil Action No: |
| DISTRICT OF COLUMBIA<br>A Municipal Corporation<br>One Judiciary Square<br>441 Fourth Street<br>Washington, D.C. 20001 | ) ) ) ) ) ) ) ) | |
| Serve: | ) ) | |
| HON. ANTHONY WILLIAMS, Mayor<br>District of Columbia<br>1350 Pennsylvania Avenue, N.W., 5th floor<br>Washington, D.C. 20004 | | CASE NUMBER  1:05CV02176<br><br>JUDGE: Paul L. Friedman<br><br>DECK TYPE: Administrative Agency Revi<br><br>DATE STAMP: 11/4/2005 |
| Serve: | | |
| ROBERT SPAGNOLETTI, ESQ.<br>Office of the Attorney General<br>For the District of Columbia<br>1350 Pennsylvania Avenue, N.W., 5th floor<br>Washington, D.C. 20004 | ) ) ) ) | |
| AND | ) ) | |
| DR. CLIFFORD JANEY<br>In his Official Capacity as Superintendent<br>Of D.C. Public Schools<br>825 North Capitol Street, N.E. Suite 9026<br>Washington, D.C. 20002 | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

1

## COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE AND OTHER RELIEF

COMES NOW the Plaintiff, Christine Davis, mother and legal guardian of Delonte Davis, by and through her attorney Tilman L. Gerald, and the Law Offices of James E. Brown & Associates, PLLC, and respectfully represents unto this Honorable Court as follows that:

### JURISDICTION

1.      This Court has jurisdiction pursuant to the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA 2004"), Pub. L. No. 108-446, Sec. 101, § 615; the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794; 42 U.S.C. § 1983; 28 U.S.C. §§ 1331 and 1343;

2.      Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

3.      This Court has pendent jurisdiction pursuant to 5 D.C. Mun. Regs, § 3000.1 et seq.

4.      Venue is proper in this Court pursuant to 28 U.S.C. Section 1391.

### PARTIES

5.      Christine Davis ("Plaintiff") initiates this cause of action on behalf of her son Delonte Davis, (hereinafter "D.D.").

6.      That D.D. was born on August 18, 1990 and at all times relevant hereto, has been a resident of the District of Columbia residing at the address in the caption above with his mother, Plaintiff.

2

7.   That Defendant, the District of Columbia Government is a municipal corporation that receives federal funds pursuant to the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA 2004"), to ensure access to a Free and Appropriate Public Education ("FAPE") and is obligated to comply with the applicable federal regulations and statutes including but not limited to the IDEIA.

8.   That Defendant, Clifford B. Janey, Ed.D., being sued in his official capacity as the Superintendent of the District of Columbia Public School System ("DCPS") which is the State educational Agency ("SEA") and has posited upon it the duty and responsibility to provide all disabled children in the District of Columbia with a Free and Appropriate Public Education ("FAPE") and to ensure them equal protection and due process of law.

## FACTUAL ALLEGATIONS

9.   That Plaintiff repeats and re-alleges paragraphs 1 -8 herein.

10.  That during the 2003-2004 school year, D.D. attended Hines Junior High School. *See* Exhibit 1.

11.  That on May 26, 2004 a request was made through parent's counsel to Hines Junior High School that D.D. be tested for special education services, including a psycho-educational assessment, a speech and language assessment, formal classroom observation, hearing and vision screening, and a social history assessment. *See* Exhibit 2.

12. That this request was made to the school special education coordinator, the DCPS Office of Special Education, and the DCPS Office of Mediation and Compliance. *See* Exhibit 2.

13. That a follow-up letter was sent by Plaintiff's counsel on August 5, 2004 to Hines Junior High School and the DCPS Office of Special Education to request the status of special testing for the D.D.. *See* Exhibit 3.

14. That on September 21, 2004, the Plaintiff's educational advocate sent a letter to the special education coordinator of Hines Junior High School to inform the school that Plaintiff's educational advocate would perform an observation on September 28, 2004. *See* Exhibit 4.

15. That during the 2004-2005 school year, D.D. was transferred by his mother to Southeast Academy (SEA), a DCPS Public Charter School. *See* Exhibit 5.

16. That on October 12, 2004, a letter was sent by Plaintiff's counsel to SEA, Hines Junior High School, the DCPS Office of Special Education, and the DCPS Office of Mediation and Compliance requesting the status of special education testing. *See* Exhibit 6.

17. That the principal of SEA responded by phone that SEA was a DCPS Public Charter School and as a result, DCPS was responsible for conducting special education evaluations. *See* Exhibit 7.

18. That no response was received by Plaintiff's counsel from DCPS or Hines Junior High School indicating that special education testing had ever been conducted.

19.    That on October 18, 2004 a Due Process Hearing Request was filed through Plaintiff's counsel, citing a failure of DCPS to comprehensively evaluate D.D. in all areas of suspected disability. *See* Exhibit 8.

20.    That this Hearing Request sought, among other things, independently funded assessment to include: a psycho-educational assessment, a speech and language assessment, a social history assessment, and any evaluations recommended by those three assessments. *See* Exhibit 8.

21.    That on November 16, 2004, prior to the convening of D.D.'s administrative due process hearing, a Settlement Agreement was executed between DCPS and the Plaintiff, through counsel. *See* Exhibit 9.

22.    That this Settlement Agreement required DCPS to fund independent psycho-educational and speech and language assessments, and if DCPS failed to complete a social history evaluation within 30 days that an independent social history evaluation would also be funded. *See* Exhibit 9.

23.    The Settlement Agreement also required DCPS to convene an Individual Education Program (IEP) meeting for the student within 20 school days of its receipt of all evaluations to determine the D.D.'s eligibility, to develop an IEP and to determine the correct educational placement and what compensatory education was warranted for the delay in evaluating the D.D.. *See* Exhibit 9.

24.    That on December 16, 2004, Plaintiff's counsel sent a letter to SEA, the DCPS Office of Special Education, and the DCPS Office of Mediation and Compliance requesting that status of the social history assessment, and noting that an independent evaluation would be obtained if no response was received. *See* Exhibit 10.

5

25.    When Defendant did not respond to the letter, plaintiff obtained an

independent social history assessment and forwarded a copy thereof to DCPS

on February 3, 2005. *See* Exhibit 13.

26.    That on January 26, 2005, Plaintiff's counsel sent a copy of the completed

independent psycho-educational assessment to Southeast Academy Public

Charter School, the DCPS Office of Special Education, and to the DCPS

Office of Mediation along with a letter setting forth the recommendations that

were made in the assessment report and the Settlement Agreement

requirements for an IEP meeting. *See* Exhibit 11.

27.    That on January 31, 2005, Plaintiff's counsel sent a copy of the completed

independent speech and language assessment to Southeast Academy Public

Charter School, the DCPS Office of Special Education, and to the DCPS

Office of Mediation along with a letter setting forth the recommendations that

were made in the assessment report as well as the requirement of the

Settlement Agreement to hold an IEP meeting. *See* Exhibit 12.

28.    That on February 4, 2005, Plaintiff's counsel sent a letter to Dwight Thomas,

the Special Educational Specialist Monitor for Southeast Academy Public

Charter School, advising him that all the evaluations were completed and

advising him that an IEP meeting must be convened within 20 school days.

That letter also referenced the recommendations that were made in the

evaluation reports and the Settlement Agreement required an IEP meeting. *See*

Exhibit 13a.

29.    That on March 4, 2005, Plaintiff filed a Due Process Hearing Request,

alleging that the Defendant had failed to comprehensively evaluate D.D. in all

areas of suspected disability in violation of IDEA and that the Defendants

were in breach of the parties' November 16, 2004 Settlement Agreement. *See*

Exhibit 14.

30.    That on April 7, 2005, DCPS and Plaintiff, through counsel, executed a new

Settlement Agreement, the terms of which required that the Defendants

convene an IEP meeting within 20 school days thereafter to determine

eligibility, to develop an IEP, to issue notice of placement, and to develop a

compensatory education plan if warranted. *See* Exhibit 15.

31.    That on April 28, 2005, Plaintiff's counsel forwarded a letter to the Southeast

Academy, the DCPS Office of Special Education, and to the DCPS Office of

Mediation and Compliance advising them that the deadline to schedule and

convene the IEP meeting as specified in the parties' settlement agreement had

again passed. That letter requested the Defendants to respond by the end of

the next business day to discuss the matter. *See* Exhibit 16. The Defendants

did not respond.

32.    That after close of business on April 29, 2005, Plaintiff, through counsel filed

a Due Process Hearing Request wherein she alleged that DCPS had failed and

had refused to comprehensively evaluate D.D. in all areas of suspected

disability in a timely manner in violation of IDEA and that the Defendants had

breached the terms and conditions of Settlement Agreements between the

parties dated an April 7, 2005 and November 16, 2004. *See* Exhibit 17.

33.    That on May 17, 2005, D.D.'s IEP meeting was finally convened. At that

meeting, D.D. was found to be eligible for special education services and

benefited due to a Learning Disability ("LD"), that he should receive fifteen

(15) hours of specialized instruction per week, one (1) hour of counseling per week, and one (1) hour of speech services per week. *See* Exhibit 5a.

34.    That on May 27, 2005, a second IEP meeting was convened to determine the issue of compensatory education. At this meeting, it was determined that the Defendants owed D.D. sixty (60) hours of specialized instruction tutoring as compensatory education as a consequence of the delay in evaluating D.D., as well as five (5) hours of compensatory counseling and five (5) hours of compensatory speech services. *See* Exhibit 5a.

35.    That also at the May 27, 2005 IEP meeting, the educational advocate and Plaintiff asked the Defendants to make the compensatory education available to D.D. over the summer through a private provider so that it would not be necessary to extend D.D.'s school day for the next school year, to allow him to receive compensatory education services that he needs, and so that his academic performance could improve before the start of the next school year. *See* Exhibit 5a.

36.    That Plaintiff and her educational advocate also asked the Defendants to provide funding for D.D. to attend Seeds of Tomorrow, a private program capable of providing the required compensatory education services D.D. was found eligible for over the summer vacation. *See* Exhibit 5a, 22.

37.    That the IEP team agreed that a private summer program would benefit D.D.; however, that the DCPS Special Education Specialist, Dwight Thomas stated he needed first to review the Seeds of Tomorrow program information to confirm that the compensatory education services were available before he would then approve it. *See* Exhibit 5a.

38.    That the educational advocate, Ms. Cheron Sutton-Brock, delivered a
brochure and other program information regarding Seeds of Tomorrow to
Dwight Thomas, within two weeks of this second IEP meeting.

39.    That although the Due Process Hearing Request filed on April 29, 2005 was
withdrawn on June 8, 2005, Plaintiff reserved the right to refile on the same
issues in the future. *See* Exhibit 17.

40.    That after the program information regarding Seeds of Tomorrow had been
provided to Mr. Dwight Thomas, he failed to send notice of approval to allow
the D.D. to begin the summer program at Seeds of Tomorrow as he led the
Plaintiff to believe that he would, although the program satisfied the
requirements to fulfill all compensatory education hours. *See* Exhibit 22.

41.    That on July 12, 2005, Plaintiff filed a Due Process Complaint ("Complaint")
against DCPS, through counsel, wherein she alleged that DCPS had failed to
approve and implement the compensatory education plan which the MDT
team had determined was both required and warranted for D.D. In her
Complaint, Plaintiff sought, inter alia, funding for the program at Seeds of
Tomorrow. *See* Exhibit 18.

42.    That on July 14, 2005, DCPS submitted a scheduling memorandum through
Plaintiff's counsel setting forth the relevant deadlines for a required resolution
meeting, and the response from DCPS was required. *See* Exhibit 19.

43.    That DCPS scheduled a Resolution Meeting for July 27, 2005 at 11:30 am at
825 North Capitol Street, NE, Sixth Floor, Washington D.C., the central office
of DCPS. *See* Exhibit 20.

44.     That on July 25, 2005, DCPS filed its Response to the Complaint wherein it

        stated in paragraph #2 that the allegations forming the basis of the complaint

        required no prior notice of action by DCPS, and that the Complaint should be

        dismissed or withdrawn as the signing attorney had attested to facts within the

        Complaint. *See* Exhibit 21.

45.     That on July 27, 2005 at 11:30 am, DPCS convened a resolution meeting

        ("Resolution Meeting") as required by IDEIA. *See* Exhibit 22.

46.     That at the said Resolution Meeting, the Plaintiff requested, before any

        discussion began, that all discussions between the parties be kept confidential

        and not be used in subsequent evidentiary hearings as the intended outcome

        was a settlement.

47.     The parties did not reach a resolution at the Resolution Meeting. *See* Exhibits

        22, 24.

48.     That on July 28, 2005, Plaintiff, through counsel, filed a Motion for a Finding

        Against DCPS on all allegations in the Complaint as DCPS had failed to file

        an appropriate response as required by the Individual with Disabilities

        Education Improvement Act, Pub L. No. 108-446, Sec. 101, § 615(c)(2)(B), as

        DCPS had stated no prior notice was required and also did not send a

        response, including: 1) An explanation of why the Local Educational Agency

        proposed of refused to take the action raised in the complaint, 2) a description

        of other options that the IEP Team considered and the reasons why those

        options were rejected, 3) a description of each evaluation procedure,

        assessment, record, or report the agency used as the basis for the proposed or

refused action, and (4) a description of the factors that are relevant to the agency's proposal or refusal. *See* Exhibit 23.

49.    That on July 28, 2005, Plaintiff, through counsel, provided notice to the Student Hearing Office that the parties had not been able to reach a resolution of the issued raised in her complaint and requested that a hearing date be scheduled. *See* Exhibit 25.

50.    That on August 17, 2005, Plaintiff, through counsel, submitted a second letter to the Student Hearing Office requesting that D.D.'s administrative due process hearing be scheduled.

51.    That on September 7, 2005, Plaintiff, through counsel, notified the Student Hearing Office and DCPS' Office of General Counsel that D.D. had been enrolled at Mary M. Washington Career Senior High School for the 2005-2006 school year. *See* Exhibit 27.

52.    That on September 7, 2005, Plaintiff, through counsel, disclosed the documents upon which Plaintiff intended to rely at the Due Process Hearing. *See* Exhibit 28.

53.    That on September 7, 2005, DCPS, through counsel, submitted documents upon which it intended to rely at the due process hearing.  That these documents included notes of the settlement discussions between the two parties that were taken by DCPS during the Resolution Meeting. *See* Exhibit 29.

54.    That on September 7, 2005, DCPS, through counsel, also submitted a Motion to Dismiss, albeit untimely, challenging the sufficiency of the Complaint. *See* Exhibit 30.

11

55.    That on September 8, 2005, Plaintiff, through counsel, submitted a Motion to
Strike the Resolution Meeting Notes, and to preclude the use of said notes at
the hearing, as those discussions were for settlement discussions only. *See*
Exhibit 31.

56.    That on September 8, 2005, Plaintiff, through counsel, submitted an
opposition to the Motion to Dismiss, arguing that the time within which the
Defendants could challenge sufficiency of the Complaint. *See* Exhibit 32.

57.    That on September 9, 2005, a Hearing Officer's Determination was issued
which required the Plaintiff to respond to DCPS' Motion to Dismiss. *See*
Exhibit 33.

58.    That on September 14, 2005 at 9:00am, DCPS convened a Due Process
Hearing ("Hearing") for the D.D. *See* Exhibit 24.

59.    That at this hearing, Plaintiff's counsel raised two preliminary matters: 1) that
the July 28, 2005 Motion for Directed Finding should be granted, as DCPS
had failed to provide a Response as required by IDEIA and had also failed to
respond to the Plaintiff's motion; and 2) that the Resolution Meeting Notes
and any testimony related to those discussions not be admitted into evidence
as those discussions were intended for the purpose of settlement only. *See*
Exhibit 24.

60.    That Hearing Officer Banks allowed both written documents and testimony
relating to the settlement discussions that occurred at the Resolution meeting
over the objection of Plaintiff's Counsel. *See* Exhibit 24.

61.    That Hearing Officer Banks determined that Plaintiff frustrated the process by
not accepting the settlement proposal made by DCPS, although he was aware

that the proposed settlement offer only partially addressed the relief in her

complaint. *See* Exhibit 24.

62. That Hearing Officer Banks dismissed the Complaint with prejudice. *See*

Exhibit 24.

## COUNT I.

## THAT THE HEARING OFFICER ABUSED HIS DISCRETION BY HOLDING THAT A PARENT IS OBLIGATED TO ACCEPT A SETTLEMENT PROPSOAL OFFERED AT A RESOLUTION MEETING.

63. That Plaintiff repeats and re-alleges paragraphs 1 - 62 herein.

64. The *IDEIA 2004* does not require that a parent accept a settlement proposal

offered by a local education authority. It is in fact the local education

authority's obligation to resolve the matter to the parent's satisfaction within

30 days of the complaint, or else a due process hearing is required. The

Individuals with Disabilities Education Improvement Act of 2004, Pub. L.

No. 108-446, Sec. 101, § 615(f)(1)(B)(ii) (requires that the complaint be

resolved to the satisfaction of the parent).

65. Hearing Officer Banks abused his discretion by dismissing the Plaintiff's

complaint with prejudice due to her refusal to accept DCPS' offer of

settlement.

## COUNT II.

## THAT THE HEARING OFFICER ERRED AS A MATTER OF LAW AND ABUSED HIS DISCRETION BY ADMITTING SETTLEMENT DISCUSSIONS INTO EVIDENCE.

66. That Plaintiff repeats and re-alleges paragraphs 1 - 65 herein.

13

67.   During the Due Process Hearing on September 14, 2005 at 9:00am, Hearing
      Officer Banks indicated that he was going to grant the Plaintiff's request for a
      directed finding based upon DCPS' failure to file a timely response to the
      Complaint, when DCPS counsel proffered testimony concerning settlement
      discussions that took place at the resolution session meeting of July 27, 2005.

68.   The purpose of a resolution session meeting is to provide the parent and the
      local education agency with the opportunity to meet and discuss the issues
      contained in the complaint and to enter into good faith settlement discussions,
      with the objective of reaching an agreement between the parties short of a due
      process hearings.  The statute further requires that if the parties reach an
      agreement at the resolution meeting, an such agreement has to be
      memorialized in writing. Individuals with Disabilities Education Improvement
      Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B).

69.   The plaintiff's counsel objected to the testimony and admission of resolution
      meetings notes into evidence at the hearing.

70.   Hearing Officer Banks admitted into evidence the notes from the resolution
      session meeting and heard testimony from witnesses for the defendant who
      participated in that session, notwithstanding the plaintiff's continuing
      objection. *See* Exhibit 24.

71.   At the conclusion of the hearing Hearing Officer Banks held that the plaintiff
      was responsible for D.D. note receiving a free and appropriate public
      education by refusing to accept DCPS' settlement proposal. Hearing Officer
      Banks then dismissed the complaint with prejudice, based solely on the

                                    14

parent's refusal to settle on the terms presented by DCPS on July 27, 2005.

*See* Exhibit 24.

72.    Hearing Officer Banks abused his discretion by admitting the evidence of the

settlement discussions between the parties at the resolution meeting.

## COUNT III.

## DCPS' FAILURE TO PROVIDE THE PLAINTIFF WITH A TRANSCRIPT OR ELECTRONIC RECORDING OF THE HEARING CONSITIUTES A DENIAL OF THE PARENT'S DUE PROCESS RIGHTS.

73.    That Plaintiff repeats and re-alleges paragraphs 1 - 72 herein.

74.    A party to an IDEIA 2004 Due Process Hearing has the right to a transcript or

electronic record of the proceeding. The Individuals with Disabilities

Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, §

615(h)(2) states that any party shall be accorded "the right to a written, or, at

the option of the parents, electronic verbatim record of such hearings."

75.    On September 15, 2005, the parent, through counsel made a written request to

the DCPS Student Hearing Office for a copy of the audio recording and a

written transcript of the hearing conducted on September 14, 2005 for the

D.D. *See* Exhibit 35.

76.    On October 21, 2005, parent's counsel requested the status of the recording

and/or transcript from Sharon Newsome, a DCPS Student Hearing Office

coordinator, and was told that the office was having trouble getting audio

records, and that neither the transcript nor the electronic audio record were

available yet.

15

77.    DCPS' failure to provide the plaintiff with a transcript or electronic recording of the hearing constitutes a denial of the parent's due process rights.

**WHEREFORE**, plaintiff respectfully requests that this Court:

1.    Reverse October 6th, 2005 Hearing Officer's Decision and enter a finding against the Defendants;

2.    Issue a finding that Hearing Officer Banks abused his discretion by holding that a parent is obligated to accept a settlement proposal offered at a resolution meeting;

3.    Issue a finding that Hearing Officer Banks erred as a matter of law and abused his discretion by admitting settlement discussions into evidence;

4.    Issue a finding that DCPS' failure to provide the plaintiff with a transcript or electronic recording of the hearing constitutes a denial of the parent's due process rights;

5.    Issue the appropriate injunctive relief requiring Defendants to fund sixty (60) hours of independent tutoring, five (5) hours of psychological counseling, and five (5) hours of speech and language services by a private provider;

6.    Award plaintiff's attorney's fees and the costs of this action; and

7.    Award any other relief the Court deems just.


                                       Respectfully submitted,


                                       Tilman L. Gerald
                                       D.C. Bar No. 928796
                                       James E. Brown & Associates, PLLC
                                       1220 L Street, NW, Suite 700
                                       Washington, DC 20005
                                       Counsel for the Plaintiff
                                       (202) 742-2000

16

# EXHIBITS

| | |
|---|---|
| Exhibit No. 1 | Report Card, dated 4/29/05 |
| Exhibit No. 2 | Letter from C. Busso, dated 5/26/04 |
| Exhibit No. 3 | Letter from C. Busso, dated 8/5/04 |
| Exhibit No. 4 | Letter from C. Sutton-Brock, dated 9/21/04 |
| Exhibit No. 5 | IEP and notes, dated 5/17/05 |
| Exhibit No. 5a | IEP notes dated, 5/27/05 |
| Exhibit No. 6 | Letter from C. Busso, dated 10/12/04 |
| Exhibit No. 7 | Letter from C. Busso, dated 10/18/04 |
| Exhibit No. 8 | Hearing Request, dated 10/18/04 |
| Exhibit No. 9 | Settlement Agreement, dated 11/12/04 |
| Exhibit No. 10 | Letter from C. Busso, dated 12/16/04 |
| Exhibit No. 11 | Letter, psycho-education evaluation, dated 1/26/05 |
| Exhibit No. 12 | Letter, speech and language evaluation, dated 1/31/05 |
| Exhibit No. 13 | Letter, social history evaluation, dated 2/3/05 |
| Exhibit No. 13a | Letter from C. Busso, dated 2/4/05 |
| Exhibit No. 14 | Hearing Request, dated 3/4/05 |
| Exhibit No. 15 | Settlement Agreement, dated 4/7/05 |
| Exhibit No. 16 | Letter from M. Lammers, dated 4/28/05 |
| Exhibit No. 17 | Hearing Request, dated 4/29/05 |
| Exhibit No. 17a | Letter withdrawing hearing request, dated 6/8/05 |
| Exhibit No. 18 | Due Process Complaint, dated 7/12/05 |
| Exhibit No. 19 | Scheduling Memorandum, dated 7/14/05 |

| | |
|---|---|
| Exhibit No. 20 | Resolution Session Schedule Confirmation |
| Exhibit No. 21 | DCPS response to Complaint, dated 7/24/05 |
| Exhibit No. 22 | DCPS' resolution session notes, dated 7/27/05 |
| Exhibit No. 23 | Plaintiff motion for default judgment, dated 7/28/05 |
| Exhibit No. 24 | Hearing Officer's Determination, dated 10/6/05 |
| Exhibit No. 25 | Notice of no resolution, dated 7/28/05 |
| Exhibit No. 26 | 2nd Notice of no resolution, dated 8/17/05 |
| Exhibit No. 27 | Plaintiff's update letter, dated 9/7/05 |
| Exhibit No. 28 | Plaintiff's disclosure letter, dated 9/7/05 |
| Exhibit No. 29 | DCPS' disclosure letter, dated 9/7/05 |
| Exhibit No. 30 | DCPS' motion to dismiss, dated 9/7/05 |
| Exhibit No. 31 | Plaintiff's motion to strike resolution notes, dated 9/8/05 |
| Exhibit No. 32 | Plaintiff's response to motion to dismiss, dated 9/8/05 |
| Exhibit No. 33 | Hearing Officer's Determination, dated 9/9/05 |
| Exhibit No. 34 | Fax Receipt, dated 9/12/05 |
| Exhibit No. 35 | Letter from M. Lammers, dated 9/15/05 |