# Exhibit No. 14

## STUDENT HEARING OFFICE OF THE DISTRICT OF COLUMBIA
## REQUEST FOR MEDIATION/HEARING

➤ This form shall be used to give notice to the District of Columbia Public Schools and/or a District of Columbia Public Charter School of parental disagreement with the identification, evaluation or educational placement of their child with a disability, or the timely provision of a free appropriate public education to that child, and to request a hearing and/or mediation regarding the same.

➤ This form must be sent to the Student Hearing Office of the District of Columbia, 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. Fax number 202-442-5556

Federal law requires that when a parent or representative requests mediation, it shall be offered at no cost to the parent. Mediation may be beneficial in your case. Please indicate your decision:

___ I REQUEST MEDIATION   ___ I REQUEST MEDIATION AND A HEARING   _X_ I REQUEST A HEARING

### STUDENT FOR WHOM MEDIATION/DUE PROCESS HEARING IS REQUESTED

Student Name: _Delonte Davis_                                         DOB: _08/18/90_

Address: _2701 Langston Place, SE, Washington, DC 20020_

Present School of Attendance:           Home School:
                                        (Neighborhood school where child is registered)
Southeast Academy Public Charter School   Hine Junior High School

**COMPLAINT IS MADE AGAINST:** _DCPS_
                               DCPS and/or D.C. Public Charter School-specify charter school

### INDIVIDUAL REQUESTING MEDIATION/DUE PROCESS HEARING

Name: _Ms. Christine Davis_

Address: _2701 Langston Place, SE, Washington, DC 20020_

Phone: (H) _(202) 678-5666_  (Cell) _____  (W) _____

Relationship to Student: _X_ Parent  ___ Self  ___ Legal Guardian  ___ Parent Surrogate  ___ Public Agency

**PARENT REPRESENTATIVE/ATTORNEY/ADVOCATE (if applicable):**

Name: _Christina Rose Busso, Esq._  Phone: (W) _(202) 742-2000_  (Fax) _(202) 742-2098_

Address: _1220 L Street, NW, Suite 700, Washington, DC 20005_

05 2176

FILED
NOV - 4 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Form 101                                                                  02/01/2003

1. You must indicate three (3) dates when you and your representative (if you have one) are available within the next twenty (20) days for mediation (if you are requesting mediation) and/or three (3) dates within the next 35 days (or 30 days if you represent a student enrolled at ETS or Rock Creek Academy) when you, your representative, and witnesses will be available to appear for a hearing (if you are requesting a hearing). Please indicate whether you are available in the AM, PM, or both on the identified dates.

Hearings:   __April 5, 2005 AM/PM__   __April 6, 2005 AM/PM__   __April 7, 2005 AM/PM__

Mediation: _____   _____   _____

FOR ALL DCPS STUDENTS, IF YOU PROPOSE DATES MORE THAN 35 DAYS FROM THE DATE OF YOUR REQUEST, YOUR SIGNATURE BELOW WILL INDICATE YOUR WAIVER OF YOUR RIGHT TO A HEARING OFFICER DETERMINATION WITH 45 DAYS OF THIS REQUEST. IN THE CASE OF A WAIVER, THE STUDENT HEARING OFFICE WILL CONTINUE TO USE BEST EFFORTS TO ISSUE A HEARING OFFICER DETERMINATION WITHIN 45 DAYS OF YOUR REQUEST (OR AS CLOSE TO 45 DAYS AS IS POSSIBLE).

FOR STUDENTS ATTENDING ETS OR ROCK CREEK ACADEMY, IF YOU PROPOSE DATES BEYOND THE 30-DAY PERIOD, YOUR SIGNATURE BELOW WILL INDICATE YOUR WAIVER OF YOUR RIGHT TO A HEARING WITHIN THAT PERIOD.

Every effort will be made to accommodate your requested dates. Please be aware that proposed hearing dates which fall fewer than 21 days from the date of your request are difficult to accommodate. Your dates are most likely to be available if you propose hearing dates between 21 and 35 (or 30, for students enrolled at ETS or Rock Creek Academy) days from the date your request is received and docketed by the Student Hearing Office.

If none of your proposed dates are available, or if you fail to specify any dates, the Student Hearing Office will schedule your hearing for the first available date. Upon receipt of a Hearing Notice confirming the date of your hearing, you will have an opportunity to file a Motion for Continuance, if necessary, by using the form Motion attached to your Hearing Notice. *Please do not contact the Hearing Office by phone to request a continuance. Only the Hearing Officer assigned to your case is authorized to grant requests for continuances.*

Unless you receive notice that the Hearing Officer has granted your request for a continuance, you must appear for the hearing as scheduled. Failure to report for the hearing may result in dismissal of this case, or in a default decision against you. Disclosure of evidence and witnesses to the opposing party is required at least five business days prior to the hearing, with copies to the Special Education Student Hearing Office.

2. Special Accommodation Requests for Mediation/Due Process Hearing (please be specific):

      Interpreter
      ___ Foreign Language _____
      ___ Sign Language _____
      ___ Other _____

Form 101                                                                                                     02/01/2003

    Special Communications  _____
    Special Accommodation for Disability _____
    Other _____

3. In accordance with the Individuals with Disabilities Education Act (IDEA), please answer below:
   (You may attach additional pages to provide more information if needed.)

**Describe the nature of the problem:**

1. **DCPS failure to timely comprehensively complete special education evaluations and convene MDT meeting in violation of IDEA and the Settlement Agreement executed on November 16, 2004.**

   a) **DCPS Violation of IDEA:** DCPS as the responsible public agency has a duty to ensure that all children with disabilities residing in the District of Columbia are identified, located, and evaluated for special education needs. 34 C.F.R. Sec. 300.125. DCPS as the responsible public agency also has a duty to comprehensively evaluate the student in all areas of suspected disability. 34 C.F.R. Sec. 300.532. DCPS further has the responsibility as the public agency to ensure that a full and individual evaluation is conducted for each child being considered for special education and related services. 34 C.F.R. Sec. 300.320. DCPS' duty extends to ensure that evaluations and reevaluations are conducted if conditions warrant a reevaluation, or if the child's parent or teacher requests a reevaluation. 34 C.F.R. Sec. 300.536. DCPS is also under the obligation to complete evaluations within the timeline consistent with IDEA, DC Municipal Regulations and the DC Code where it states evaluations must be completed within 120 days from the date that the student was referred for an evaluation or assessment. DC CODE Sec. 38-2501. DCPS has failed to timely evaluate and identify Delonte's special education needs by failing to timely complete all necessary evaluations and convene a timely MDT eligibility meeting.

   Delonte's mother, Ms. Christine Davis, met with school staff at Delonte's school, Hine JHS, during the 2003-2004 school year. Ms. Davis expressed concern for Delonte's poor academic performance. There has been a pattern of below basic academic performance for Delonte for several years. After realizing that the 2003-2004 school year was another poor one for Delonte, Ms. Davis took steps to request that Delonte be tested for special education services. On May 26, 2004, through counsel, Ms. Davis sent a letter to Hine JHS and to DCPS Offices of Special Education and Mediation and Compliance. That letter noted Ms. Davis' concerns for Delonte's inability to make progress and requested comprehensive testing in areas including but not limited to the following: 1) Psycho-Educational; 2) Speech and Language; 3) Social History; 4) Classroom Observation; and 5) Hearing and Vision Screening. A follow-up letter was sent to the same parties on August 5, 2004. There was no response to either of these letters. At the beginning of the 2004-2005 school year, Ms. Davis enrolled Delonte at Southeast Academy PCS, hoping this school would better meet Delonte's needs. On October 5, 2004, a letter was sent to Southeast Academy PCS and to Hine JHS and DCPS Offices of Special Education and Mediation and Compliance. This letter

reiterated Ms. Davis' concerns and request for testing. The special education coordinator, Ms. Anthony, at Southeast Academy responded to the letter and noted that Southeast Academy PCS is NOT its own LEA and does not perform testing. She noted the parent's request and acknowledged receipt of the October 12, 2004 letter, but stated that DCPS would be the appropriate party to complete testing. A letter with this information was then sent by parent's counsel on October 18, 2004. Again this was sent to Hine JHS and to DCPS Offices of Special Education and Mediation and Compliance. Nearly five (5) months have past since Ms. Davis initially requested Delonte's testing, and still no steps have been taken to complete any assessments. A subsequent Settlement was reached where DCPS agreed to fund private assessments and convene an MDT/IEP meeting. Copies of Delonte's independent assessments were sent to Southeast Academy and to DCPS Offices of Special Education and Mediation and Compliance as soon as they were completed. The final evaluation was sent on February 4, 2005 with an accompanying letter requesting an MDT meeting. Under IDEA, an MDT meeting must be held upon request.

b) **DCPS Violation of November 16, 2004 Settlement Agreement:** Through Settlement Agreement executed on November 16, 2004, DCPS agreed to complete or fund assessments and convene an MDT meeting within twenty (20) school days of DCPS' receipt of the final evaluation report. Parent's counsel has sent letter to DCPS on January 26, 31 and February 3 and 4, 2005. All letters have reminded DCPS of their responsibilities under the Settlement. The final evaluation report was sent on February 4, 2005. Therefore, according to the timeline imposed by Settlement, DCPS should convene a meeting not later than March 4, 2005. Though all evaluations are now complete, no meeting has been held or scheduled. DCPS is out of compliance with its own agreement.

2. **Time of hearing on this request.** 34 C. F. R. 300.511 provides that the public agency shall ensure that not later than 45 days after the receipt of a request for a hearing, a final decision is reached in the hearing and a copy of the decision is mailed to each of the parties. If the hearing in this matter is not set within the required time frame, such issue will be raised at the hearing with or without an amended hearing request.

**Describe issues to be addressed at the mediation and/or hearing, with specificity:**

Whether or not the District of Columbia Public Schools (DCPS) failed to provide the student with a free and appropriate public education (FAPE) by failing to:

1) Timely evaluate and identify the student as a special education student; and

2) Comply with the November 16, 2004 Settlement Agreement.

**Describe relevant facts relating to the problem:**

See information under "Nature of the Problem" above.

Form 101                                                                                                      02/01/2003

**State how you would like to see the problem corrected:**

1. DCPS shall convene an MDT/IEP meeting within 10 calendar days of the hearing to review all evaluation results, develop an IEP as necessary, and discuss/determine placement for the remaining 2004-2005 school year and the 2005-2006 school year.

2. In the event the student is determined to be eligible for special education services, DCPS shall provide compensatory education covering the period of missed services beginning September 26, 2004 until the date the MDT meeting is held. The MDT team shall, as part of the MDT/IEP eligibility meeting, shall develop a plan for compensatory education if warranted.

3. DCPS shall convene any and all MDT/IEP meetings at a mutually agreeable time to the parent and her educational advocate and shall provide written invitation to all meetings to both the parent and advocate.

4. DCPS shall provide the parent and counsel with copies of all documents to be reviewed at any/all MDT/IEP meetings at least 48 hours in advance of the meetings.

5. DCPS shall after developing an appropriate IEP, issue an appropriate Notice of Placement to an appropriate special education program.

6. Additional issues related to compensatory education are reserved.

7. DCPS shall send all notices of meetings through counsel for the parent, Christina Busso, via facsimile at (202) 742-2098.

_____(signature)_____        ___3/4/05___
Signature of Applicant/Parent (Required)          Date (Required)

**MAIL, FAX, OR DELIVER APPLICATION TO:**
**Student Hearing Office of the District of Columbia**
**828 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002          FAX: (202) 442-5556**

*FOR OFFICE USE ONLY:*
Case Number: _____
Student ID#: _____

Form 101                                                          Revised 02/01/2003

Form 101                                                                    02/01/2003

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO              1073
CONNECTION TEL                      94425556
SUBADDRESS
CONNECTION ID
ST. TIME              03/04 15:37
USAGE T               01'06
PGS. SENT             6
RESULT                OK
```

## James E. Brown & Associates, PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown<br>Domiento C.R. Hill*◊∆<br>Brenda McAllister*◊∆<br>Roberta Gambale<br>Miguel A. Hull<br>Christopher L. West♦◊ | Attorneys at Law<br>1220 L Street, NW<br>Suite 700<br>Washington, DC 20005<br>Telephone: (202) 742-2000<br>Facsimile: (202) 742-2098 | Juan J. Fernandez!◊<br>Christina R. Busso<br>Tilman L. Gerald∆<br>Roxanne D. Neloms<br>John A. Straus |
| * Admitted in Maryland Only<br>♦ Admitted in New York Only | e-mail: Admin@Jeblaw.biz | ! Admitted in Bolivia Only<br>∆ Member of the DC Federal Bar |

# FAX COVER SHEET

DATE:            March 4, 2005

TO:              Student Hearing Office

FAX NO.:         202-442-5556

FROM             Christina Busso, Esq.

SUBJECT:         **Delonte Davis, DOB 8/18/90**

NUMBER OF PAGES INCLUDING COVER SHEET:   **6**

COMMENTS:        Request for Due Process Hearing