**Exhibit No. 18**

**STATE EDUCATION AGENCY FOR THE DISTRICT OF COLUMBIA**
**STATE ENFORCEMENT AND INVESTIGATION DIVISION (SEID)**
**SPECIAL EDUCATION PROGRAMS**

Christine Davis on behalf of            )
Delonte Davis, a minor                  )
2701 Langston Pl, SE                    )
Washington, DC 20020                    )
                                        )
Attending School:  South East Academy PCS )
Home School:       Hine JHS             )
                                        )
v.                                      )
                                        )
District of Columbia Public Schools ("DCPS") )
825 North Capitol, Street, NE           )
Washington, DC 20002                    )
                                        )
                                        )

### A. BACKGROUND INFORMATION.

1. The student's name is Delonte Davis hereinafter ("D.D..").

2. D.D.'s date of birth is October, 18th, 1990.

3. D.D.'s address is 2701 Langston Pl, SE, Washington, DC 20020.

4. D.D. currently attends Southeast Academy PCS (hereinafter "South East"), located in the District of Columbia.

5. D.D.'s home school is Hine Junior High School.

6. D.D.'s Parent is Ms. Christine Davis (hereinafter "Parent" or "Complainant"), and resides at the same address.

### B. FACTS AND REASONS FOR THE COMPLAINT

**I. <u>Denial of a Free and Appropriate Public Education – Failure to Comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614(d)(2), §602(a)(9).</u>**

7. The Complainant re-alleges paragraphs 1 thru 6.

05 2176

**FILED**

NOV - 4 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

8. According to Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 602(a)(9), a Free and Appropriate Public Education includes the education and related services that meet the standards of the State Educational Authority and are provided in conformity with the individualized education program ("IEP"). This IEP must be implemented. *See id.*, at § 614(d)(2). D.C. MUN. REGS. tit. 5, § 3010.2 (2003) requires that the IEP be implemented as soon as possible after the meeting that developed it. It is the Local Education Authority's duty to ensure that all special education and related services are available in accordance with the IEP. D.C. MUN. REGS. tit. 5, §§ 3002.3 (2003). DCPS has a duty to make a good faith effort to assist a child in achieving their goals and objectives. D.C. MUN. REGS. tit. 5, § 3010.2 (2003). In this case it is clear that DCPS has denied D.D. FAPE by not providing his compensatory education services

9. An MDT/IEP meeting was convened on or about May 27, 2005.

10. During that meeting the MDT team determined that D.D. would require approximately 70 hours of compensatory education for a delayed IEP meeting and missed services.

11. During that meeting the advocate requested and the team agreed that services could be appropriately over the summer by a private provider. The advocate provided information on this provider to the team at the meeting.

12. Dwight Thomas, the DCPS Special Education Specialist agreed to approve this program pending his review of the information submitted by the advocate. After six weeks this approval has still not been granted and D.D. has no program to address his compensatory education needs over the summer.

13. DCPS has a duty to make a good faith effort to assist a child in achieving their goals and objectives. D.C. MUN. REGS. tit. 5, § 3010.2 (2003). A six week delay in approving or rejecting a summer compensatory education plan cannot represent a good faith effort of the part of DCPS.

14. The substantial delay in approving and providing a compensatory education delivery plan to D.D. constitutes a denial of FAPE.

### C. RELIEF REQUESTED

**WHEREFORE**, the Parent, by and through counsel, requests the following relief:

15. A finding that DCPS denied D.D. FAPE according to its definition under the definition provided in the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 602(a)(9) and 614(d)(2);

16. A finding that DCPS denied D.D. FAPE by failing to promptly provide all special education and related services as required by D.C. MUN. REGS. tit. 5, § 3010.2 (2003);

17. A finding that DCPS denied D.D. FAPE by failing to make a good faith effort to assist a child in achieving their goals and objectives. D.C. MUN. REGS. tit. 5, § 3010.2 (2003).

18. That DCPS shall fund and provide transportation for D.D. to attend, Seeds of Tomorrow, a private program to administer his compensatory education over the summer.

19. That DCPS agrees to pay counsel for the Parent reasonable attorney's fees in an amount not to exceed Four Thousand Dollars and Zero Cents ($4,000.00), as full payment of attorneys' fees and related costs incurred in the matter;

20. All meetings shall be scheduled through counsel for the Parent, through Marshall Lammers, in writing, via facsimile, at 202-742-2097 or 202-742-2098;

21. That DCPS will be given a day for day extension for any delay caused by the Parent, D.D., counsel for the Parent, or the Parent's educational advocate;

22. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the Parent may have;

23. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the Parent shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

24. Provide counsel for the Parent with copies, pursuant to D.C. MUN. REGS. tit. 3021.8 (2003), of all evaluation reports and all educational records on the student no later than sixteen (16) business hours prior to the convening of any meeting;

29. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (D.C. MUN. REGS. tit. 5, § 3000.3 (2003)), and other related services as are defined at Pub. L. No. 108-446, Sec. 101, § 602(a)(26)(a), designed to meet this student's unique needs and preparation for employment and independent living;

25. Send all notices to counsel for the Parent with copies of such to the Parent and in the Parent's native language; and

3

26. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the Parent's representative, through Marshall Lammers., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

27. That DCPS, in the event they fail to answer/respond to the issues alleged in the Parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the Parent will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the Parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

28. That DCPS, within fifteen (15) calendar days of receiving the Parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the Parent's request alleging any insufficiency of notice.

29. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the Parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time.

30. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the Parent's administrative due process complaint, shall contact the Parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

31. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the Parent, the Parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making

authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student.

32. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B) constitute joint waiver between DCPS and the Parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the Parent's counsel; and

33. A finding that the Parent is the prevailing party in this action.

Roberta Gambale, Esq., *Lead Counsel*
James E. Brown & Associates, PLLC
1220 L Street, NW Suite 700
Washington, DC 20005
202-742-2008
Counsel for the Parent


## CERTIFCATE OF SERVICE

I, Roberta Gambale, Esq., hereby certify that the facts alleged in this complaint, to the best of my knowledge and belief, are true and correct. I further certify that a copy of the Parent's administrative due process complaint was served to the District of Columbia Public Schools' Office of Student Hearings, via facsimile, at 202-442-5556.

Roberta Gambale, Esq., *Counsel*
James E. Brown & Associates, PLLC
1220 L Street, NW Suite 700
Washington, DC 20005
202-742-2008
Counsel for the Parent

5

```
*************************
***   TX REPORT   ***
*************************
```

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 3419 |
| CONNECTION TEL | 94425556 |
| CONNECTION ID | |
| ST. TIME | 07/12 17:45 |
| USAGE T | 00'51 |
| PGS. SENT | 6 |
| RESULT | OK |

# James E. Brown & Associates, PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez! |
| Domiento C.R. Hill*◊ | 1220 L Street, NW | Tilman L. Gerald |
| Roberta Gambale | Suite 700 | Roxanne D. Neloms |
| Miguel A. Hull | Washington, DC 20005 | John A. Straus |
| Christopher L. West | Telephone: (202) 742-2000 | Delores Scott McKnight |
| | Facsimile: (202) 742-2098 | Marshall Lammers° |

* Admitted in Maryland Only

e-mail: Admin@Jeblaw.biz

! Admitted in Bolivia Only
Δ Member of the DC Federal Bar

# FAX COVER SHEET

TO:     Office of Student Hearings

       ATTN:  Sharon Newsome

FROM:  Marshall M. Lammers, Esq.

DATE:  July 12, 2005

FAX NO: 202-442-5556

SUBJECT:  Due Process Complaint

NUMBER OF PAGES INCLUDING COVER SHEET: 5

COMMENTS: *Due Process Complaint for*
              *Student: Delonte Davis  DOB 10/18/90*