# Exhibit No. 21

**State Education Agency for the District of Columbia**
**State Enforcement and Investigation Division (SEID)**
**Special Education Programs**

Delonte Davis, DOB: 10/18/90

     Petitioner,

v.

**District of Columbia Public School**

     Respondent.

### District of Columbia Public School's
### Response to Due Process Complaint Notice

     The District of Columbia Public School (hereinafter "DCPS"), by and through the undersigned Attorney Advisor, hereby provides its Response to the Due Process Complaint Notice ("Complaint") filed on or about July 13, 2005 on behalf of Delonte Davis, DOB: 10/18/2005, pursuant to the Individual's with Disabilities Education Improvement Act (hereinafter "IDEA"), Sec. 615(c)(2)(B).[1]  Specifically, DCPS asserts the following:

     1.  DCPS states that the allegations stated within petitioner's complaint require no prior written notice as the allegations therein fail to allege that the agency has either proposed or refused to initiate or change the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to the child, pursuant to IDEIA, Section 615(b)(3).

---

[1]  The underlying Due Process Complaint was filed on or about July 13, 2005. Pursuant to 20 U.S.C. 1415(c)(2)(B), the timeline for response is within 10 days of receiving the complaint. In this case, the 10th day fell on Saturday, July 23, 2005. However, since the last day to file fell on a Saturday, the response was legally required to be filed on Monday, July 25, 2005. See, Superior Ct. Civil Procedure Rule 6 (D.C. Ct Rule Annotated 2004)[The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, . . . in which event the period runs until the end of the next day which is not one of the aforementioned days. .]

05 2176

**FILED**

NOV - 4 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Re: <u>Delonte Davis v. DCPS</u>
Page 2

<u>DCPS's Requested Relief</u>

DCPS requests that underlying Complaint be withdrawn by the signing attorney or dismissed by the assigned Hearing Officer as the allegations therein are certified to by the attorney of record, rather than the guardian of the student. As the allegations within the Complaint are factual, the substance thereof cannot be attested to by anyone other than the guardian. As the attorney cannot act as a fact witness the certification of the alleged facts is invalid.

Date: July 25, 2005                    Submitted by

Quinne Harris-Lindsey,
Acting Supervisory Attorney Advisor
for DCPS as the Local Educational Agency