# Exhibit No. 23

**STATE EDUCATION AGENCY FOR THE DISTRICT OF COLUMBIA**
**STATE ENFORCEMENT AND INVESTIGATION DIVISION (SEID)**
**SPECIAL EDUCATION PROGRAMS**

| | |
|---|---|
| Christine Davis, on behalf of<br>Delonte Davis DOB 10/18/90<br><br>    Petitioner<br><br>v.<br><br>District of Columbia Public Schools<br><br>    Respondent | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### Petitioner's Motion for a Finding Against DCPS Verdict and Response to Respondent's Response

COMES NOW, Christine Davis, (hereinafter "complainant"), by and through her attorneys, the Law Offices of James E. Brown & Associates, PLLC (hereinafter "counsel"), in response to the District of Columbia Public Schools' (hereinafter "DCPS") actions and Response to Due Process Complaint Notice (hereinafter "Response").

### I. Procedural Background.

The complainant, by through her attorneys, filed an administrative due process hearing complaint (hereinafter "Complaint"), on behalf of the Delonte Davis (hereinafter "Student.") on or about July 12th, 2005.

On or about July 25th, 2005, counsel for the complainant received from DCPS, a response to the complaint which it stated was filed pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B).

DCPS, in its response states, among other things, that "the allegations within petitioner's complaint require no prior written notice as the allegations therein fail to allege that the agency has either proposed or refused to initiate or change the identification, evaluation, or educational placement of the child, or the provision of a free appropriate education to the child, pursuant to IDEIA, Section 615 (b)(3)."

DCPS, in its response also states, among other things, that "as the allegations within the Complaint are factual, the substance thereof cannot be attested to by anyone other than the guardian." DCPS then requests that the Complaint be withdrawn or dismissed without filing a formal motion for dismissal.

05 2176

FILED
NOV - 4 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## II. Argument

### A. DCPS Failed to Comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B)(i)(I) And Issue a Prior Written Notice or an Appropriate Written Response.

A finding against DCPS for all issued raised in the Complaint should be issued. According to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B)(i)(I) DCPS, as the local education agency, must:

> "If [DCPS] has not sent a prior written notice to the parent regarding the subject matter contained in the parent's due process complaint notice, such local education agency shall, within **10 days of receiving the complaint**, send to the parent a response that include –
> 
>   aa) an explanation of why the agency proposed or refused to take the action raised in the complaint;
> 
>   bb) a description of other options that the IEP team considered and the reasons why those options were rejected;
> 
>   cc) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action; and
> 
>   dd) a description of the factors that are relevant to the agency's proposed or refused action."

I. **DCPS is required to file a response including the above stated elements if no prior written notice has been issued regarding the subject matter of the complaint, regardless of why such prior notice was not issued.**

DCPS' position seems to be that if no prior notice is required under IDEIA, Section 615 (b)(3) then DCPS is not required to provide a response including such things as an explanation of why the agency proposed or refused to take the action raised in the Complaint. The response requirement of IDEIA Section 615(c)(2)(B) does not provide for this exception. DCPS, as the local agency is permitted two actions only under this provision: 1) a prior written notice, or 2) a written response including the four elements listed under Section 615(c)(2)(B)(i)(I) listed above. There is no exception listed for situations where a prior written notice was not previously required.

The intent of the statute is clear, especially in light of Section 615(c)(2)(B)(ii)(II), that parent is entitled to a response that addresses the specific subject matter of the complaint. Such a response is necessary to allow both parties to understand the factual position of the other. Even if DCPS' interpretation is correct, meaning that if no prior written notice was required under Section 615(b)(3) then the fact specific requirements of Section

2

615(c)(2)(B)(i)(I) do not apply to the LEA, DCPS would still be required to provide a issue-specific response under Section 615(c)(2)(B)(ii)(II) "The Other Party Response". Section 615(c)(2)(B)(ii)(II) requires the non-complaining party send a response that specifically addresses the issues raised in the complaint, within ten (10) days, excepting situations where the LEA provides the response required under Section 615(c)(2)(B)(i)(I). IDEIA is clear in its language that all parties other than the Complainant must give a response within ten (10) days that addresses specific issues or actions raised in the Complaint. The only permissible alternative action being that an LEA may allow an issued prior written notice regarding the subject matter of the Complaint to serve as this response as it should already provide such details. This requirement provides that all parties, as in almost all litigation forums, make each other aware of their factual and legal positions early on so that both parties may efficiently prepare and proceed to the next procedural phases.

In this case, DCPS states that no prior written notice was required and implies that therefore none was issued. As no prior notice was issued, DCPS is under an obligation to provide a response within ten (10) days that includes an explanation of why the agency proposed or refused to take the action raised in the complaint; a description of other options that the IEP team considered and the reasons why those options were rejected; a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action; and a description of the factors that are relevant to the agency's proposed or refused action. DCPS has not done this.

This issue in the Complaint is clear: Complainant alleges that DCPS failed to provide Student with required services and failed to implement compensatory education through a plan, and that the result is a denial of a free appropriate public education (FAPE). DCPS' response makes no mention of the student's compensatory education, or any other factual or action specific issues raised in the Complaint. Hence, this response does not satisfy the requirements of IDEIA Section 615(c)(2)(B) and a finding against DCPS should issued for all issues raised in the Complaint.

**II.     The subject matter of the Complaint would require a prior written notice by DCPS.**

DCPS's stated position is that "the allegations within petitioner's complaint require no prior written notice as the allegations therein fail to allege that the agency has either proposed or refused to initiate or change the identification, evaluation, or educational placement of the child, or the provision of a free appropriate education to the child, pursuant to IDEIA, Section 615 (b)(3)." However, the allegations within the Complaint state that the Student's IEP requires compensatory education which the student was to receive from a private provider as long as Complainant supplied the necessary information which was so done. The Complaint also alleges that DCPS has not provided these services and the result is a denial of FAPE. DCPS' action of delaying this compensatory education, and by extension the IEP required services, is a refusal to provide FAPE. This is precisely the type of action that requires a prior written notice of Section 615 (b)(3). Hence, DCPS is required to provide a prior written notice, and if it

3

has not done so then IDEIA clearly requires a response that that includes an explanation of why the agency proposed or refused to take the action raised in the complaint; a description of other options that the IEP team considered and the reasons why those options were rejected; a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action; and a description of the factors that are relevant to the agency's proposed or refused action. DCPS has undertaken neither of these actions within ten (10) days of the filing of this Complaint and a finding against DCPS on all issued raised in the Complaint should be issued.

### B. A Complaint and Its Allegations Are Not Rendered Invalid By an Attorney Attesting to Facts.

**I.    An attestation of facts within a complaint is not required to render a due process complaint sufficient.**

Complainant is not required by law to include an attestation of facts within a due process compliant under the previous IDEA, IDEIA, or D.C. Municipal Regulations. Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"), Pub. L. No. 108-446, Sec. 101, § 615(b)(7)(A) specifies the content required to be furnished within a sufficient due process complaint. Likewise, specific content elements for a due process complaint are enumerated in 34 C.F.R. § 300.507(c); Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35870 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300.508); and D.C. MUN. REGS. tit. 5, § 3029.3 (2003). Nowhere under federal and D.C. law is the Complainant directly or through counsel required to expressly attest to the facts contained within a request for it to be considered sufficient. Whether an attorney or a party attests to facts is irrelevant as far as the sufficiency of complaint notice is concerned.

IDEIA specifically contemplates that any notice procedures must allow a party's attorney to provide the complaint notice on the party's behalf. See IDEIA §615(b)(7)(A). DCPS must accept a complaint filed by a party's attorney. To require a party to include an attestation provision goes beyond what is required under the law. To state that an attorney cannot attest to facts, and therefore a complaint is not sufficient creates a system where a parent cannot act through counsel when submitting a due process complaint. Neither of these results should be permitted; otherwise, DCPS is being permitted to impose any additional burdens beyond those required by law to hinder the Complainant's rights to due process

Whether a Hearing Officer determines that certain facts are true or not true is within his or her discretion in light of the evidence presented and the burden of proof placed upon DCPS. However, this due process complaint should not be dismissed for a failure to provide a party attestation provision that is not required under federal or local law.

C.

4

WHEREFORE, the complainant, by and through counsel, hereby requests the following relief:

1. A finding that DCPS denied Student a Free and Appropriate Public Education in regards to all counts of the initial Complaint, and an order that DCPS must complete and fulfill all relief requested in the Complaint;

2. A finding that DCPS denied Student a Free and Appropriate Public Education by failing to issue a Prior Written Notice with 10 days as required under the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B)(i);

3. A finding that DCPS denied Student a Free and Appropriate Public Education by failing to timely file a written Response as required under the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B)(ii); and

4. That DCPS' Response to the complaint filed on July 25th, 2005 will be stricken from the record.

Roberta Gambale, Esq., *Lead Counsel*
James E. Brown & Associates, PLLC
1220 L Street, NW Suite 700
Washington, DC 20005
202-742-2000 (Telephone)
202-742-2097/2098 (Fax)
Counsel for the Complainant

## CERTIFICATE OF SERVICE

I, Roberta Gambale, Esq., hereby certify that a copy of Response and Motion was served to the District of Columbia Public Schools' Office of Student Hearings, via facsimile, at 202-442-5556, and to Quinne Harris-Lindsey, Esq., Attorney Advisor, for the District of Columbia Public Schools' Office of the General Counsel, via facsimile, at 202-442-5098, on July 22nd, 2005.

Robert Gambale, Esq., *Counsel*
James E. Brown & Associates, PLLC
1220 L Street, NW Suite 700
Washington, DC 20005
202-742-2008
Counsel for the Complainant

State Education Agency for the District of Columbia
State Enforcement and Investigation Division (SEID)
Special Education Programs

Delonte Davis, DOB: 10/18/90

    Petitioner,

v.

District of Columbia Public School

    Respondent.

District of Columbia Public School's
Response to Due Process Complaint Notice

    The District of Columbia Public School (hereinafter "DCPS"), by and through the undersigned Attorney Advisor, hereby provides its Response to the Due Process Complaint Notice ("Complaint") filed on or about July 13, 2005 on behalf of Delonte Davis, DOB: 10/18/2005, pursuant to the Individual's with Disabilities Education Improvement Act (hereinafter "IDEA"), Sec. 615(c)(2)(B).[1] Specifically, DCPS asserts the following:

    1. DCPS states that the allegations stated within petitioner's complaint require no prior written notice as the allegations therein fail to allege that the agency has either proposed or refused to initiate or change the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to the child, pursuant to IDEIA, Section 615(b)(3).

---

[1] The underlying Due Process Complaint was filed on or about July 13, 2005. Pursuant to 20 U.S.C. 1415(c)(2)(B), the timeline for response is within 10 days of receiving the complaint. In this case, the 10th day fell on Saturday, July 23, 2005. However, since the last day to file fell on a Saturday, the response was legally required to be filed on Monday, July 25, 2005. See, Superior Ct. Civil Procedure Rule 6 (D.C. Ct Rule Annotated 2004)[The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, . . . in which event the period runs until the end of the next day which is not one of the aforementioned days. .]

Re: <u>Delonte Davis v. DCPS</u>
Page 2

<u>DCPS's Requested Relief</u>

DCPS requests that underlying Complaint be withdrawn by the signing attorney or dismissed by the assigned Hearing Officer as the allegations therein are certified to by the attorney of record, rather than the guardian of the student. As the allegations within the Complaint are factual, the substance thereof cannot be attested to by anyone other than the guardian. As the attorney cannot act as a fact witness the certification of the alleged facts is invalid.

Date: July 25, 2005

Submitted by

_____
Quinne Harris-Lindsey,
Acting Supervisory Attorney Advisor
for DCPS as the Local Educational Agency

```
***********************
***   TX REPORT    ***
***********************
```

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 4344 |
| CONNECTION TEL | 94425556 |
| CONNECTION ID | |
| ST. TIME | 07/28 16:23 |
| USAGE T | 01'08 |
| PGS. SENT | 8 |
| RESULT | OK |

# James E. Brown & Associates, PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez! |
| Domiento C.R. Hill*◊ | 1220 L Street, NW | Tilman L. Gerald |
| Roberta Gambale | Suite 700 | Roxanne D. Neloms |
| Miguel A. Hull | Washington, DC 20005 | John A. Straus |
| Christopher L. West | Telephone: (202) 742-2000 | Delores Scott McKnight |
| | Facsimile: (202) 742-2098 | Marshall Lammers░ |

\* Admitted in Maryland Only

e-mail: Admin@Jeblaw.biz

! Admitted in Bolivia Only
Δ Member of the DC Federal Bar

# FAX COVER SHEET

TO:   Office of Student Hearings

    ATTN: Sharon Newsome

FROM: Marshall M. Lammers, Esq.

DATE: June 28, 2005

FAX NO: 202-442-5556

SUBJECT: Motion

NUMBER OF PAGES INCLUDING COVER SHEET: 4

COMMENTS: *Motion for Directed Finding for
    Student: Delonte Davis DOB 10/18/90*

```
                    ***********************
                    ***   TX REPORT    ***
                    ***********************

        TRANSMISSION OK

        TX/RX NO              4345
        CONNECTION TEL                           94425098
        CONNECTION ID
        ST. TIME              07/28 16:24
        USAGE T               01'28
        PGS. SENT             8
        RESULT                OK
```

## James E. Brown & Associates, PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown<br>Domiento C.R. Hill*◊<br>Roberta Gambale<br>Miguel A. Hull<br>Christopher L. West | Attorneys at Law<br>1220 L Street, NW<br>Suite 700<br>Washington, DC 20005<br>Telephone: (202) 742-2000<br>Facsimile: (202) 742-2098 | Juan J. Fernandez!<br>Tilman L. Gerald<br>Roxanne D. Neloms<br>John A. Straus<br>Delores Scott McKnight<br>Marshall Lammers° |
| * Admitted in Maryland Only | e-mail: Admin@Jeblaw.biz | ! Admitted in Bolivia Only<br>Δ Member of the DC Federal Bar |

# FAX COVER SHEET

TO: DCPS, Office of General Counsel

ATTN: Quinne Harris Lindsey, Esq.

FROM: Marshall M. Lammers, Esq.

DATE: June 28, 2005

FAX NO: 202-442-5098/5097

SUBJECT: Motion

NUMBER OF PAGES INCLUDING COVER SHEET: 8

COMMENTS: *Motion for Directed Finding for*
*Student: Delonte Davis DOB 10/18/90*