**Exhibit No. 24**

# District of Columbia Public Schools
## *Office of Compliance*
## STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
FAX: (202) 442-5556



### *FACSIMILE SHEET*

Date: 10/6/05

TO: Grambale

FROM: STUDENT HEARING OFFICE

RE: Delonte Davis (HOD)

TOTAL NUMBER OF PAGES, INCLUDING COVER:

COMMENTS:

*CONFIDENTIALITY NTOICE:* The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

**FILED**

NOV - 4 2005      05 2176


NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# District of Columbia Public Schools
## State Enforcement and Investigation Division
Terry Michael Banks, Due Process Hearing Officer
825 North Capitol Street, N.E.; Room 8076
Washington, D.C. 20002
(571) 437-7381
Facsimile: (202) 442-5556

## Confidential

| | |
|---|---|
| DELONTE DAVIS, STUDENT | ) |
| Date of Birth: October 18, 1990 | ) Hearing Date: September 14, 2005 |
| Petitioner, | ) Request for Hearing: July 12, 2005 |
| v. | ) |
| DISTRICT OF COLUMBIA PUBLIC SCHOOLS | ) Held at: 825 North Capitol Street, N.E. 8th Floor Washington, D.C. 20002 |
| Respondent. | ) |
| Student Attending: Southeast Academy P.C.S. | ) |

## HEARING OFFICER'S DECISION

**Parents:** Ms. Christine Davis, Mother
2701 Langston Place, S.E.
Washington, D.C. 20020

**Counsel for Petitioner:** Roberta L. Gambale, Esquire
James E. Brown & Associates
1220 L Street, N.W.; Suite 700
Washington, D.C. 20005
(202) 742-2000, x2021; Fax: (202)742-2098

**Counsel for DCPS:** Rhondalyn Primes, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.
9th Floor
Washington, D.C. 20002

An index of names is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant persons. The index is designed to be detached before release of this Decision as a public record.

## INDEX OF NAMES

| Child | Delonte Davis |
|---|---|
| Child's Parent(s) (specific relationship) | Christine Davis, Mother |
| Child/Parent's Representative | Roberta L. Gambale, Esquire<br>Marshall Lammers, Esquire |
| School System's Representatives | Rhondalyn Primes, Esquire |
| Placement Specialist, DCPS | Dwight Thomas |
| Educational Advocate | Cheron Sutton-Brock |

2

## Jurisdiction

This hearing was conducted in accordance with the rights established under the Individuals With Disabilities Education Improvement Act of 2004 ("IDEA"), 20 U.S.C. Sections 1400 et seq., Title 34 of the Code of Federal Regulations, Part 300; Title V of the District of Columbia ("District" or "D.C.") Municipal Regulations ("DCMR"), re-promulgated on February 19, 2003; and Title 38 of the D.C. Code, Subtitle VII, Chapter 25.

## Introduction

Petitioner is a fourteen year-old student attending Southeast Academy Public Charter School ("SEPCS"). On July 12, 2005, Petitioner filed a *Due Process Complaint* ("*Complaint*") alleging that the District of Columbia Public Schools ("DCPS") had failed to provide services prescribed in Petitioner's Individualized Education Program ("IEP"). On July 25, 2005, DCPS filed *District of Columbia Public School's Response to Due Process Complaint Notice* ("*Response*"). DCPS argued that (1) the allegations in the *Complaint* required no written prior notice, and (2) the *Complaint* should be dismissed because it was signed by Petitioner's counsel rather than Petitioner or his parent. On July 29, 2005, Petitioner filed *Petitioner's Motion for a Finding Against DCPS Verdict and Response to Respondent's Response* on the grounds that (1) DCPS failed to file a response to the Complaint within ten days, and (2) a Complaint may be signed by a petitioner's attorney.

The due process hearing was convened on September 14, 2005. The parties' Five Day Disclosure Notices were admitted into evidence. The hearing officer overruled Petitioner's objection to the admission of Resolution Session Meeting notes into evidence. The hearing officer observed that the recently amended IDEA requires the local educational agency to convene a Resolution Meeting to encourage the parties to resolve the issues in dispute promptly and informally. Since the hearing officer is the only person in a position to monitor the parties' compliance with this provision, this hearing officer ruled that the Resolution Meeting notes were part of the record that the hearing officer should review. The hearing officer deferred a ruling on Petitioner's motion for a default judgment upon DCPS' proffer that it had offered a full settlement at the Resolution Meeting.

## Witnesses for DCPS

Dwight Thomas, Placement Specialist, DCPS
Katherine Rodi, Esquire, Attorney-Advisor, DCPS

3

**Witnesses for Petitioner**

    Cheron Sutton-Brock, Educational Advocate, James E. Brown & Associates
    Petitioner's Mother
    Marshall Lammers, Attorney, James E. Brown & Associates

**Findings of Fact**

1. Petitioner is a fourteen year-old student attending SEPCS.[1]

2. On May 27, 2005, DCPS convened a Multidisciplinary Team ("MDT") meeting. The MDT determined that Petitioner was eligible for special education services, developed an IEP in which Petitioner was classified as Learning Disabled ("LD"), and prescribed fifteen hours per week of specialized instruction, one hour per week of speech and language therapy, and one hour per week of psychoeducational counseling.[2]

3. The MDT also developed a Compensatory Education Plan that prescribed 60 hours of specialized instruction, five hours of psycho-social counseling, and five hours of speech and language therapy to begin on September 5, 2005, or in July if provided by a private provider.[3]

4. DCPS determined that it would reimburse Petitioner a private provider of the compensatory education services, but the parties did not discuss this issue prior to the filing of the *Complaint*.[4]

5. A Resolution Session Meeting was convened on July 27, 2005. DCPS offered to reimburse Petitioner's parent up to $2100.00 for Seeds of Tomorrow to provide the specialized instruction and related services prescribed in the Compensatory Education Plan. Petitioner's representatives declined the offer of settlement because it did not include an award of attorneys' fees.[5]

**Conclusions of Law**

1. Under IDEA, a local education agency is required to file a response to the Complaint within ten days of receipt thereof, providing a detailed explanation of the agency's proposal or refusal to take the action raised in the Complaint, unless the agency has sent a prior written notice to the parent regarding the subject matter contained in the

---

[1] *Complaint* at 1.
[2] DCPS Exh. No. 4 at 1.
[3] DCPS Exh. No. 2.
[4] Testimony of Mr. Thomas and Ms. Sutton-Brock. The hearing officer makes no finding as to fault for this discussion not having taken place. The parties were mutually negligent in failing to ensure that another conversation took place to clarify whether Petitioner would attend a summer session to receive the services.
[5] Testimony of Mr. Thomas, Ms. Rodi, Ms. Sutton-Brock, and Mr. Lammers.

4

Complaint.[6] DCPS sent no prior notice to the parent concerning Petitioner's compensatory education services. Therefore, DCPS was obligated to file a response satisfying the requirements of 20 U.S.C Section 1415(c)(2)(B)(i)(I) within ten days of receipt of the *Complaint*. It did not do so.

However, DCPS did convene a Resolution Session Meeting within fifteen days of receipt of the *Complaint* as required by 20 U.S.C. Section 1415(f)(1)(B). The Resolution Meeting is required to provide the parents an opportunity to discuss their concerns with the appropriate school officials and to provide the local educational agency an opportunity to resolve the Complaint without resort to a due process hearing.[7] At that meeting, DCPS offered to reimburse Petitioner's parent for independently provided compensatory education services. Petitioner's representatives rejected the offer because it did not include an award of attorneys' fees. As this hearing officer stated on the record at the hearing, it was both irresponsible and unethical for Petitioner's counsel to advise the client to reject a settlement offer that promised full satisfaction of the claim, only because DCPS would not agree to pay attorneys fees. Thus, although DCPS violated IDEA by failing to file an appropriate response to the *Complaint*, it cured its deficiency by offering a full settlement at the Resolution Meeting. Petitioner's counsel is singularly responsible for any delay after July 27, 2005 in Petitioner receiving the compensatory education services prescribed in the Compensatory Education Plan.

2. Counsel for DCPS offered no authority for the contention that the allegations in the *Complaint* must be averred to by the Petitioner or parent. Nothing in IDEA compels this, and civil actions are routinely initiated over the signatures of parties' counsel. Only where a party elects to or is required to file a verified complaint is an attorney precluded from initiating a cause of action on behalf of his client.

## ORDER

Upon consideration of Petitioner's requests for a due process hearing, the parties' Five Day Disclosure Notices, the testimony presented at the hearing, and the representation of the parties counsel at the hearing, this 6th day of October 2005 it is hereby

**ORDERED, that the *Complaint* is DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED, that this Order is effective immediately.**

---

[6] 20 U.S.C. §1415(c)(2)(B)(i)(I). *The statute imposes specific requirements as to the contents of the agency's response.*
[7] 20 U.S.C. Section 1415(f)(1)(B)(i)(IV).

5

**Notice of Right to Appeal Hearing Officer's Decision and Order**

This is the final administrative decision in this matter. Any party aggrieved by the findings and/or decision may bring a civil action in any state court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy, in accordance with 20 U.S.C. Section 1415(i)(2)(A) within thirty days of the entry of the Hearing Officer's Decision.[8]

_____
Terry Michael Banks
Hearing Officer

Date: October 6, 2005

Issued: 10/6/05

---

[8] *See Amman v. Town of Stow*, 991 F.2d 929, 931(1st Cir. 1993) (since the IDEA does not set a time limit for lawsuits brought under its terms, the district court must "borrow" the most analogous statute of limitations under state law); *Spiegler v. District of Columbia*, 866 F.2d 461, 463-64 (D.C. Cir. 1989)(borrowing a 30-day limitations period for review of agency orders and applying it to an appeal from a decision under the predecessor to IDEA). In the District of Columbia, the Rules of the Board of Education do not prescribe a time limit for bringing the civil action authorized by the IDEA and the Board's Regulations, 5 D.C.M.R. Section 3032.5. The D.C. Administrative Procedures Act defers to the District of Columbia Court of Appeals to set the limitation period for filing an appeal from a final agency action. D.C. Code §2-510(a). Under the Court's rules, a petition for review of an agency order must be filed within thirty days. D.C. Ct. App. Rule 15(a).

6

Copies to:

Roberta L. Gambale, Esquire
James E. Brown & Associates
1220 L Street, N.W.; Suite 700
Washington, D.C. 20005
(202) 742-2000, x2021; Fax: (202)742-2098

Rhondalyn Primes, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.
9th Floor
Washington, D.C. 20002

7