# Exhibit No. 31

STATE EDUCATION AGENCY FOR THE DISTRICT OF COLUMBIA
STATE ENFORCEMENT AND INVESTIGATION DIVISION (SEID)
SPECIAL EDUCATION PROGRAMS

Christine Davis on behalf of )
Delonte Davis, a minor )
2701 Langston Pl, SE )
Washington, DC 20020 )
 )
Attending School: M.M. Washington CSHS )
Home School: Hine JHS )
 ) **Motion to Strike Resolution**
v. ) **Session Meeting Notes**
 )
District of Columbia Public Schools ("DCPS") )
825 North Capitol, Street, NE )
Washington, DC 20002 )
 )
 )
_____)

**COMES NOW**, Christine Davis, (hereinafter "complainant"), by and through her attorneys, the Law Offices of James E. Brown & Associates, PLLC (hereinafter "counsel" or "attorney"), in response to the District of Columbia Public Schools' (hereinafter "DCPS") five-day disclosures files this Motion to Strike the Parties' Settlement Discussions attached as DCPS Exhibit #01.

### I. Procedural Background.

The complainant, by through her attorneys, filed an administrative due process hearing complaint (hereinafter "complaint"), on behalf of Delonte Davis (hereinafter "student") on or about July 12th, 2005.

On July 27th, 2005, a Resolution Session Meeting was held for the student, pursuant to the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"), Pub. L. No. 108-446, Sec. 101, § 615(f)(B), at DCPS' 825 N. Capital Street headquarters. Present on behalf of the student were the complainant, the student, the complainant's attorney, and the complainant's advocate.

At the Resolution Session Meeting, the parties entered into good faith settlement negotiations with the aim of entering into a legally binding settlement agreement between the parties. The parent repeatedly requested the discussions be confidential. Unfortunately, at the Resolution Session Meeting, the parties were unable to come to a compromise or agreement. As such, the matter is proceeding to an administrative due process hearing, scheduled for September 14, 2005 at 9:00am.

FILED
NOV - 4 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

05 2176

DCPS filed a response to the complaint on June 25, 2005. On June 28, counsel filed a motion for a directed verdict stating that the response was not sufficient as required under the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B)(ii).

On September 8th, 2005, counsel for the complainant received from DCPS, as required under the Individuals with Disabilities Education Improvement Act (2004), Pub. L. No. 108-446, Sec. 101, § (f)(2)(A) five-day disclosures. Contained in DCPS' five-day disclosures, were notes taken from the settlement discussions at the Resolution Session Meeting of July 27th, 2005. DCPS is attempting to introduce the settlement discussions from the Resolution Session Meeting into the administrative record as DCPS Exhibit #1.

## II. Argument

### A. DCPS' Attempts to Introduce the Settlement Discussions From the Resolution Session Meeting Between the Parties is Made in Bad Faith, Is Inappropriate, and in Clear Violation of Federal Rule of Evidence 408 and Should be Stricken From the Record.

IDEIA requires the parent and Local Educational Agency ("LEA") attend a resolution session scheduled by the LEA within 15 days of filing a complaint. IDEIA, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B). The character of this meeting is clearly defined as a discussion intended or at least hoped to result in a settlement. IDEIA in fact requires in the case where resolution is achieved that the parties must execute a written settlement agreement. IDEIA, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B)(iii); Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35871 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300.510 (c)). This agreement is the only written record prescribed for the resolution session by IDEIA. The discussions at any resolution session are therefore clearly discussions in contemplation of settlement. Public Policy as reflected in the Federal Rules of Evidence favors confidentiality of settlement discussions to benefit both parties as a general principal. If settlement discussions were known to be available is subsequent hearings or court proceedings, the effect on resolution sessions would be chilling. Neither party would be inclined compromise, make admissions of apologies that might later be construed as admissions, or propose to offer the other party concessions that fall short of their full legal rights or obligations in order to resolve the matter efficiently. As a general issue both parents and DCPS stand to lose any benefit of good faith negotiations if resolution session notes from either party are admitted to due process hearing proceedings.

DCPS' attempts to introduce the parties' settlement discussions is inappropriate and in clear violation of the Federal Rule of Evidence 408. According to Federal Rule of Evidence 408:

2

> "Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for in invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. . . ."

See Greyhound Lines, Inc. v. Miller, C.A.8 (Mo.) 1968, 402 F.2d 134 (Offers of settlement or compromise, absent extraordinary circumstances, are inadmissible.); Sternberger v. U. S., Ct.Cl.1968, 401 F.2d 1012, 185 Ct.Cl. 528 (Offer in settlement is ordinarily not admissible for it is deemed to be an indication only of desire for peace and not an admission.); Southern Ry. Co. v. Madden, C.A.4 (S.C.) 1956, 235 F.2d 198, certiorari denied 77 S.Ct. 328, 352 U.S. 953, 1 L.Ed.2d 244 See, also Texas Eastern Transmission Corp. v. Federal Power Commission, C.A.5, 1962, 306 F.2d 345, certiorari denied 84 S.Ct. 347, 375 U.S. 941, 11 L.Ed.2d 273 (Evidence of unaccepted offers of compromise or negotiations looking to compromise is inadmissible.); Becker v. Kroll, D.Utah 2004, 340 F.Supp.2d 1230. Rule governing admission of evidence relating to compromise negotiations does not apply when the claim is based upon wrongful acts that took place during the compromise negotiations.) Buckman v. Bombardier Corp., E.D.N.C.1995, 893 F.Supp. 547 (Evidence of settlement between wife and manufacturer of recreational watercraft with respect to wife's loss of consortium claim was inadmissible to prove manufacturer's liability on husband's claims); Alpex Computer Corp. v. Nintendo Co., Ltd., S.D.N.Y.1991, 770 F.Supp. 161, 20 U.S.P.Q.2d 1782, on reconsideration, vacated in part (All that is needed for application of evidentiary rule excluding offers to compromise is actual dispute, or at least apparent difference of opinion between parties as to validity of claim; rule is applicable even if offer to compromise did not result in completed agreement.); S. Leo Harmonay, Inc. v. Binks Mfg. Co., S.D.N.Y.1984, 597 F.Supp. 1014, affirmed 762 F.2d 990 (At common law, the use of the prefatory and "magic" phrase "without prejudice" clearly indicated that the statement was being made in the course of compromise negotiations and thus was inadmissible; under this rule employment of that common-law phrase is no longer dispositive but its use may be evidence of the intent of the speaker which may be relied upon in determining whether the statement was made in compromise.); Helene Curtis Industries v. Sales Affiliates, S.D.N.Y.1954, 121 F.Supp. 490, 101 U.S.P.Q. 220, motion denied 131 F.Supp. 119, 105 U.S.P.Q. 113, affirmed 233 F.2d 148, 109 U.S.P.Q. 159, certiorari denied 77 S.Ct. 101, 352 U.S. 879, 1 L.Ed.2d 80, 111 U.S.P.Q. 467, rehearing denied 77 S.Ct. 260, 352 U.S. 945, 1 L.Ed.2d 240, 111 U.S.P.Q. 467 (Settlement discussions are normally understood between the parties to be privileged.); Inspiration Consol. Copper Co. v. Lumbermens Mut. Cas. Co., S.D.N.Y.1973, 60 F.R.D. 205 (Settlement offers as such are not admissible.)Bradbury v. Phillips Petroleum Co., C.A.10 (Colo.) 1987, 815 F.2d 1356 (When issue is doubtful, better practice is to exclude evidence of compromises or compromise offers.); Cheyenne River Sioux Tribe v. U.S., C.A.Fed.1986, 806 F.2d 1046, certiorari denied 107 S.Ct. 3184, 482 U.S. 913, 96 L.Ed.2d 673 (An unaccepted offer of settlement ordinarily is not admissible evidence to show either existence or amount of liability); Reichenbach v. Smith, C.A.5 (Fla.) 1976, 528 F.2d 1072. ("Primary reason for excluding evidence of a compromise is to encourage

3

nonlitigious solutions to disputes."); Perzinski v. Chevron Chemical Co., C.A.7 (Wis.) 1974, 503 F.2d 654 ("Policy rationale which excludes an offer of settlement from being admitted in evidence as an admission arises from the fact that the law favors settlements of controversies and if an offer of a dollar amount by way of compromise were taken as an admission of liability, voluntary efforts at settlement would be chilled."); Morley-Murphy Co. v. Zenith Electronics Corp., W.D.Wis.1996, 910 F.Supp. 450, reversed 142 F.3d 373. (Exclusion of compromise offers is based on rationales that evidence of offer to compromise is irrelevant because it may be motivated by offeror's desire for peace rather than from any concession that its position is weak and that exclusion advances public policy favoring compromise and settlement of disputes.); Olin Corp. v. Insurance Co. of North America, S.D.N.Y.1985, 603 F.Supp. 445, on reargument 607 F.Supp. 1377, motion to vacate denied. (Purpose of rule providing that evidence of conduct or statements made in compromise negotiations is not admissible to prove liability or invalidity of claim although it may be admissible on other grounds, including that of proving bias or prejudice of witness, is to encourage full and frank disclosure between parties in order to promote settlements rather than protracted litigation); U.S. v. Reserve Min. Co., D.C.Minn.1976, 412 F.Supp. 705, affirmed and remanded on other grounds 543 F.2d 1210, on remand 431 F.Supp. 1248 (Purpose of privilege surrounding offers of compromises is to encourage free and frank discussions with view toward settling dispute; privilege is not designed to shield otherwise discoverable documents merely because such documents represent factual matters that might be or are incorporated in settlement proposal.); In re A.H. Robins Co., Inc., E.D.Va.1994, 197 B.R. 568 (Federal evidence rule governing offers of compromise aims to foster settlement discussions in individual lawsuit, and therefore insulates particular parties to settlement discussion from possible adverse consequences of their frank and open statements.); Morris v. LTV Corp., C.A.5 (Tex.) 1984, 725 F.2d 1024 (Regardless of whether a settlement offer constituted binding admission under substantive Mexican law, vendor's settlement offer to broker was inadmissible to recover a real estate commission on sale of a hotel located in Mexico. ); U.S. v. Bailey, C.A.10 (Kan.) 2003, 327 F.3d 1131(Evidentiary rule barring admission of settlement evidence applies in both criminal and civil proceedings.); U.S. v. Prewitt, C.A.7 (Ind.) 1994, 34 F.3d 436, denial of habeas corpus affirmed 83 F.3d 812 (Rule providing that evidence of furnishing or accepting valuable consideration in compromising claim which was disputed as to either validity or amount is not admissible to prove liability for or invalidity of claim or its amount and that evidence of statements made in compromise negotiations is likewise not admissible should not be applied to criminal cases; clear reading of rule suggests that it applies only to civil proceedings, specifically language concerning validity and amount of claim, nothing in rule specifically prohibits receipt of evidence in criminal proceedings concerning statements made at conference to settle claims of private parties, and public interest in prosecution of crime is greater than public interest in settlement of civil disputes.); U.S. v. Skeddle, N.D.Ohio 1997, 176 F.R.D. 254 (Rule excluding evidence of offers to compromise is applicable to both civil and criminal proceedings.); U.S. v. Mercado, S.D.N.Y.2003, 2003 WL 21756084, Unreported (The rule of evidence governing settlement negotiations, and the underlying policy considerations for excluding evidence of conduct or statements made during settlement negotiations in civil cases, are inapplicable in the context of criminal cases. ); Gestetner Holdings, PLC v. Nashua Corp., S.D.N.Y.1992, 784 F.Supp.

4

78. (Rule which prohibits use of settlement discussions to prove liability for or invalidity of claim or its amount did not preclude use of settlement discussions to show party's practical, prelitigation understanding of contract with respect to application of arbitration clause.); Kleen Laundry and Dry Cleaning Services, Inc. v. Total Waste Management Corp., D.N.H.1993, 817 F.Supp. 225. (Statements by officer of company against whom claim of CERCLA liability was asserted, made during meeting to determine whether case could be settled before suit was commenced, could not be used in support of summary judgment motion against company, even though it was claimed that restriction on use applied only to settlement discussions after commencement of suits); Pierce v. F.R. Tripler & Co., C.A.2 (N.Y.) 1992, 955 F.2d 820. (Where party is represented by counsel, threatens litigation and has initiated first administrative steps in litigation, any offer made between attorneys will be presumed to be offer within scope of evidentiary rule prohibiting admission of evidence of offers to furnish valuable consideration to compromise a claim, and party seeking admission of offer under those circumstances must demonstrate convincingly that offer was not attempt to compromise claim.); Morley-Murphy Co. v. Zenith Electronics Corp., W.D.Wis.1996, 910 F.Supp. 450, reversed 142 F.3d 373 (Where plaintiff's purpose in attending meeting was to negotiate fair termination of dealership and defense counsel agreed that the meeting was a settlement conference, evidence of offer made by defendant fell within rule governing admission of offers of settlement.); Burns v. City of Des Peres, C.A.8 (Mo.) 1976, 534 F.2d 103, certiorari denied 97 S.Ct. 164, 429 U.S. 861, 50 L.Ed.2d 139 (Fact that offers of settlement are not specifically mentioned in this rule does not necessarily sanction their admissibility. ); Affiliated Mfrs., Inc. v. Aluminum Co. of America, C.A.3 (N.J.) 1995, 56 F.3d 521. (Internal company memoranda prepared as basis for compromise negotiations and intended to assist in calculation of compromise figures were properly excluded as evidence of offers to compromise.) New Burnham Prairie Homes, Inc. v. Village of Burnham, C.A.7 (Ill.) 1990, 910 F.2d 1474. (Letter written by defendants' attorney as part of settlement attempt was properly excluded in action alleging racial discrimination in denial of building permit.); Edward Valves, Inc. v. Cameron Iron Works, Inc., C.A.5 (Tex.) 1961, 286 F.2d 933, 128 U.S.P.Q. 307, rehearing denied and modified 289 F.2d 355, 129 U.S.P.Q. 131, certiorari denied 82 S.Ct. 55, 368 U.S. 833, 7 L.Ed.2d 34, 131 U.S.P.Q. 498 (Acts performed and letters written during attempted settlement negotiations are usually inadmissible.); Comenos v. Viacom Intern., Inc., E.D.Mich.1995, 882 F.Supp. 677 (Any settlement offer made to former employee was inadmissible in breach of employment contract action under rule barring evidence of settlements to prove liability for claims settled); Kemp v. Pfizer, Inc., E.D.Mich.1994, 851 F.Supp. 269, vacated 91 F.3d 143 (Plaintiff cannot rely on any statements by defense counsel during settlement negotiations to prove claims at trial.); Overseas Motors, Inc. v. Import Motors Ltd., Inc., E.D.Mich.1974, 375 F.Supp. 499, affirmed 519 F.2d 119, certiorari denied 96 S.Ct. 395, 423 U.S. 987, 46 L.Ed.2d 304. (Effort to settle or compromise a disputed claim, along with direct suggestions or overtures of settlement, will not be received in evidence as an admission of liability on part of party making the offer; and the exclusion extends to all evidence of conduct or statements made in compromise negotiations.); Overseas Motors, Inc. v. Import Motors Ltd., Inc., E.D.Mich.1974, 375 F.Supp. 499, affirmed 519 F.2d 119, certiorari denied 96 S.Ct. 395, 423 U.S. 987, 46 L.Ed.2d 304. (Whole of evidence of negotiations between parties in an

5

attempt to resolve differences between them was inadmissible in the later action between the parties.); Reeder v. American Economy Ins. Co., C.A.10 (Okla.) 1996, 88 F.3d 892 (Insurer's offer to settle insured's underinsured motorist (UIM) claim for $1,000,000 was inadmissible, even if it was made pursuant to insurer's duty under Oklahoma law to evaluate the claim, where it was clearly denoted as offer, and insured's admitted purpose in attempting to introduce it was to determine whether it was adequate compensation for her claim.); Fiberglass Insulators, Inc. v. Dupuy, C.A.4 (S.C.) 1988, 856 F.2d 652 (Statements made by attorneys in course of settling prior related litigation between parties were inadmissible as statements made in course of settlement negotiations, though offering party claimed that remarks were not offered to prove liability on claims extinguished by settlements, where instant claim represented a continuation of feud between parties arising out of breakup of their business association.); Agan v. Katzman & Korr, P.A., S.D.Fla.2004, 328 F.Supp.2d 1363 (Pre-billing worksheets that law firm representing a condominium association provided to counsel for unit owners, in attempt to document attorney fees that unit owners would have to pay, in addition to past due condominium assessments, to prevent firm from foreclosing on unit owners' interest, were in nature of 'settlement documents," evidence of which was potentially inadmissible in litigation between parties under Federal Rule of Evidence, and under the Florida statute governing admissibility of evidence of statements made during settlement negotiations.); Playboy Enterprises, Inc. v. Chuckleberry Pub., Inc., S.D.N.Y.1980, 486 F.Supp. 414, 206 U.S.P.Q. 70 (Statements made for purposes of settlement negotiations are inadmissible, and this exclusion has been extended by these rules to completed compromises when offered against the compromisor. Defendants were properly prevented from introducing evidence as to plea bargaining despite their contention that such evidence would tend to show lengths to which government went in attempting to obtain vital testimony to prosecute its case.); Coakley & Williams Const., Inc. v. Structural Concrete Equipment, Inc., C.A.4 (Md.) 1992, 973 F.2d 349 (Settlement offers are only inadmissible if offered to prove liability or damages.); Branch v. Fidelity & Cas. Co. of New York, C.A.5 (La.) 1986, 783 F.2d 1289 (Evidence of settlement agreement was erroneously admitted for jury's consideration in determining liability and quantum of damages.); Cates v. Morgan Portable Bldg. Corp., C.A.7 (Ill.) 1985, 780 F.2d 683 (Trial court did not violate Federal Evidence Rule 408, providing that statements made in settlement negotiations are not admissible to establish party's liability or damages in dispute that was subject of negotiation, in fixing consequential damages to which buyer was entitled by reference to parties' stipulation, where any damage liability stemming from original breach had ended, and buyer argued that further liability for consequential damages was attributable to seller's failure to honor promise made in stipulation to assume repairs)" CCMS Pub. Co., Inc. v. Dooley-Maloof, Inc., C.A.10 (Okla.) 1981, 645 F.2d 33 (Where defendants in breach of contract case introduced evidence of a compromise by which plaintiff proposed payment of a certain amount to defendants, plaintiff was entitled to rebut.); Megarry Bros., Inc. v. U. S. for Use of Midwestern Elec. Const., Inc., C.A.8 (N.D.) 1968, 404 F.2d 479. (Unaccepted offers of compromise are not admissible in evidence as admissions, but admissions with respect to independent facts which are made during course of compromise negotiations may be received in evidence.); Henry v. Radio Station KSAN, N.D.Cal.1974, 374 F.Supp. 260 (The law favors the settlement of controversies; therefore, evidence of offers to settle and terms of settlement

are not admissible; however, such rule does not necessarily preclude the admissibility at trial of an unqualified admission of fact not inseparably related to an offer of settlement.); Computer Associates Intern., Inc. v. American Fundware, Inc., D.Colo.1993, 831 F.Supp. 1516. (Information regarding settlement negotiations which may not be admissible at trial is still discoverable so long as that information may lead to discovery of other admissible evidence.); Hodge v. American Home Assur. Co., D.Puerto Rico 1993, 150 F.R.D. 25 (Plaintiff's reference in opening statement to defendants' refusal to settle, after plaintiff had earlier referred to offer of settlement, warranted mistrial. ); Northwest Pipeline Corp. v. The 20' x 1,430' Pipeline Right of Way Easement ' x 1560' Temporary Staging Area, E.D.Wash.2002, 197 F.Supp.2d 1241 (Settlement negotiations between the parties following filing of condemnation action were irrelevant to the issue of right of condemnor to immediate possession, so that affidavit relating to those negotiations could not be considered.); see also McCormick on Evidence §§ 76, 251 ("As a matter of general agreement, evidence of an offer to compromise a claim is not receivable in evidence as an admission of, as the case may be, the validity or invalidity of the claim. As with evidence of subsequent remedial measures, dealt with in Rule 407, exclusion may be based on two grounds. (1) The evidence is irrelevant, since the offer may be motivated by a desire for peace rather than from any concession of weakness of position. The validity of this position will vary as the amount of the offer varies in relation to the size of the claim and may also be influenced by other circumstances. (2) A more consistently impressive ground is promotion of the public policy favoring the compromise and settlement of disputes. . . .  While the rule is ordinarily phrased in terms of offers of compromise, it is apparent that a similar attitude must be taken with respect to completed compromises when offered against a party thereto. This latter situation will not, of course, ordinarily occur except when a party to the present litigation has compromised with a third person."); and California Evidence Code §§ 1152, 1154. (The practical value of the common law rule has been greatly diminished by its inapplicability to admissions of fact, even though made in the course of compromise negotiations, unless hypothetical, stated to be "without prejudice," or so connected with the offer as to be inseparable from it. McCormick § 251, pp. 540-541. An inevitable effect is to inhibit freedom of communication with respect to compromise, even among lawyers. Another effect is the generation of controversy over whether a given statement falls within or without the protected area. These considerations account for the expansion of the rule herewith to include evidence of conduct or statements made in compromise negotiations, as well as the offer or completed compromise itself.). Based on the aforementioned case law and journals indicate, it is clear the settlement discussions that took place at the Resolution Session Meeting are inadmissible.

     As indicated in the IDEIA DCPS, as the local education agency (hereinafter "LEA"), is to convene a Resolution Session Meeting prior to the scheduling of an impartial due process hearing to resolve the issues identified in the complaint. The persons necessary to be present at the Resolution Session Meeting should include the parent, if applicable her representative(s), and a member or members of the IEP Team who have specific knowledge about the child. *See* the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446, Sec. 101, § 615 (f)(B).

7

At the resolution session meeting, the parties are to engage in good faith negotiations with the aim of reaching a resolution or "compromise" to the issues identified in the complaint. *Id.* If the parties are able to reach a resolution or compromise, the terms of that compromise or resolution are to be incorporated into a settlement agreement. *Id.* The settlement agreement is executed by the parent, or his/her representative, and a representative on behalf of the local education agency with binding authority. *Id.* The settlement agreement is enforceable in a court of law, and either party can revoke the terms of the settlement agreement after three (3) days of the meeting. *Id.* Clearly Congress' intent was to initiate open and honest good faith discussions, and not inhibit those discussions on the part of the parent by threatening to use her offers of resolution or compromise against her. DCPS, by taking notes of those settlement discussions, against the objections of the parent, and then seeking to introduce those settlement discussions into the record, is attempting to prejudice or bias the impartial hearing officer against the parent and compromise the integrity of the due process. As such, DCPS' attempt should be denied.

**WHEREFORE**, the complainant, by and through counsel, hereby requests the following relief:

1. A finding that the settlement discussions held at the Resolution Session Meeting of July 27th, 2005, and introduced into the record by DCPS as Exhibit #1, as part of their five-day disclosures, are inadmissible evidence and will be stricken from record; or

2. IF DCPS Exhibit #1 is admitted, parent should now be permitted to submit its notes of the resolution meeting, even past the five day disclosure deadline, as these notes were previously withheld in good faith that such material is inadmissible and would then be necessary as rebuttal evidence..

Roberta Gambale, Esq., *Counsel*
James E. Brown & Associates, PLLC
1220 L Street, NW Suite 700
Washington, DC 20005
202-742-2000 (Telephone)
202-742-2097/2098 (Fax)
Counsel for the Complainant


### CERTIFCATE OF SERVICE

I, Roberta Gambale, Esq., hereby certify that a copy of the *Complainant's Motion to Strike*, was served to the District of Columbia Public Schools' Office of Student Hearings, via facsimile, at 202-442-5556, and to the DCPS, Attorney Advisor, for the

8

District of Columbia Public Schools' Office of the General Counsel, via facsimile, at 202-442-5098.

_____
Roberta Gambale, Esq., *Counsel*
James E. Brown & Associates, PLLC
1220 L Street, NW Suite 700
Washington, DC 20005
202-742-2008
Counsel for the Parent

9

```
                    ********************
                    ***   TX REPORT   ***
                    ********************

TRANSMISSION OK

TX/RX NO                1355
CONNECTION TEL                            94425098
CONNECTION ID           OFF.OF GENERAL C
ST. TIME                09/08 14:31
USAGE T                 03'23
PGS. SENT               23
RESULT                  OK
```

# James E. Brown & Associates, PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Tilman L. Gerald |
| Domiento C.R. Hill ◊ | 1220 L Street, NW | Roxanne D. Neloms |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Dolores S. McKnight |
| Christopher L. West | Telephone: (202) 742-2000 | Marshall Lammers" |
| Juan J. Fernandez! | Facsimile: (202) 742-2098 | |

e-mail: Admin@Jeblaw.biz

! Admitted in Bolivia Only

# FAX COVER SHEET

TO:    Office of General Counsel, DCPS

       Attn: Rhondalyn Primes

FROM:  Marshall M. Lammers

DATE:  September 8, 2005

FAX NO: 202-442-5098/5097

SUBJECT: Motion to strike admission of Resolution Session Notes, Response to Motion to Dismiss (with previous motion for directed verdict attached).

NUMBER OF PAGES INCLUDING COVER SHEET:

COMMENTS: *Motions for D.D., DOB 8/18/90*

```
***********************
***   TX REPORT    ***
***********************

TRANSMISSION OK

TX/RX NO                 1354
CONNECTION TEL                              94425556
CONNECTION ID
ST. TIME                 09/08 14:35
USAGE T                  03'14
PGS. SENT                23
RESULT                   OK
```

## James E. Brown & Associates, PLLC
*A Professional Limited Liability Company*

| James E. Brown | Attorneys at Law | Tilman L. Gerald |
| Domiento C.R. Hill ◦ | 1220 L Street, NW | Roxanne D. Neloms |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Dolores S. McKnight |
| Christopher L. West | Telephone: (202) 742-2000 | Marshall Lammers* |
| Juan J. Fernandez! | Facsimile: (202) 742-2098 | |

e-mail: Admin@Jeblaw.biz

! Admitted in Bolivia Only

# FAX COVER SHEET

TO:   Office of Student Hearings

   Attn: Sharon Newsome and assigned Hearing Officer for

   **D.D. DOB 8/18/9, hearing date 9/14/05 at 9am.**

FROM: Marshall M. Lammers

DATE: September 8, 2005

FAX NO: 202-442-5556

SUBJECT: Motion to strike admission of Resolution Session Notes, Response to Motion to Dismiss (with previous motion for directed verdict attached).

NUMBER OF PAGES INCLUDING COVER SHEET:

COMMENTS: *Motions for D.D., DOB 8/18/90*