# Exhibit No. 32

**STATE EDUCATION AGENCY FOR THE DISTRICT OF COLUMBIA
STATE ENFORCEMENT AND INVESTIGATION DIVISION (SEID)
SPECIAL EDUCATION PROGRAMS**

| | |
|---|---|
| Christine Davis on behalf of ) <br> Delonte Davis, a minor ) <br> 2701 Langston Pl, SE ) <br> Washington, DC 20020 ) <br> ) <br> Attending School:   M.M. Washington CSHS ) <br> Home School:   Hine JHS ) <br> ) <br> v.   ) <br> ) <br> District of Columbia Public Schools ("DCPS") ) <br> 825 North Capitol, Street, NE ) <br> Washington, DC 20002 ) <br> ) | **Response to DCPS Motion to Dismiss** |

**COMES NOW,** Christine Davis, (hereinafter "complainant"), by and through her attorneys, the Law Offices of James E. Brown & Associates, PLLC (hereinafter "counsel" or "attorney"), in response to the District of Columbia Public Schools' (hereinafter "DCPS") motion to dismiss received on September 7, 2005.

### I. Procedural Background.

The complainant, by through her attorneys, filed an administrative due process hearing complaint (hereinafter "complaint"), on behalf of Delonte Davis (hereinafter "student") on or about July 12th, 2005.

On July 27th, 2005, a Resolution Session Meeting was held for the student, pursuant to the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"), Pub. L. No. 108-446, Sec. 101, § 615(f)(B), at DCPS' 825 N. Capital Street headquarters. Present on behalf of the student were the complainant, the student, the complainant's attorney, and the complainant's advocate.

At the Resolution Session Meeting, the parties entered into good faith settlement negotiations with the aim of entering into a legally binding settlement agreement between the parties. The parent repeatedly requested the discussions be confidential. Unfortunately, at the Resolution Session Meeting, the parties were unable to come to a compromise or agreement. As such, the matter is proceeding to an administrative due process hearing, scheduled for September 14, 2005 at 9:00am.

FILED

NOV - 4 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

05 2176

DCPS filed a response to the complaint on June 25, 2005. On June 28, counsel filed a motion for a directed verdict stating that the response was not sufficient as required under the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B)(ii).

On September 8th, 2005, counsel for the complainant received from DCPS, a motion to dismiss this matter based on DCPS' allegation that the complaint was not sufficient as required by IDEIA, Pub. L. No. 108-446, Sec. 101, § 615(b)(7(A)(2), that the school listed as the student's attending school is no longer operating as a DCPS charter school.

## II. Argument

### A. DCPS' Motion to Dismiss should have been preceeded with a notice of insufficiency pursuant to IDEIA, Pub. L. No. 108-446, Sec. 101, § 615(c)(1)(F)(2).

IDEIA established clearly defines timelines for notices, resolution sesstion, responses, and hearings for benefit of all parties and to ensure that no party is prejudiced with insufficient notice or time. In this case, DCPS is claiming the complaint notice was insufficient; however, *IDEIA states that "the due process complaint notice . . . shall be deemed sufficient unless the party receiving the notice notified the hearing officer and the other party in writing that the receiving party believes the notice has not met the requirement of subsection (b)(7)(A)."* IDEIA, Pub. L. No. 108-446, Sec. 101, § 615(c)(1)(F)(2)(A). Furthermore, IDEIA requires that party providing such notice of insufficiency SHALL *"provide the notification within 15 days of receiving the complaint."* IDEIA, Pub. L. No. 108-446, Sec. 101, § 615(c)(1)(F)(2)(C)). DCPS alleges that Southeast Academy PCS has not offered classes since June 24, 2005. This would have provided DCPS notice and an opportunity to claim this complaint was insufficient even 17 days before it was actually filed. However, DCPS has made a claim of insufficiency, not within 15 days as required but **after 56** days, and within 5 business days of the hearing. Such delay prejudices the parent if the hearing is to be dismissed or even delayed based on DCPS' motion.

The Parent was forced to locate another school this summer after Southeast Academy lost its public charter. The student has now been enrolled at M.M. Washington Career Senior High School. Parent's counsel updated the hearing request on September 7, 2005 by letter to the Student Hearing Office and Ms. Primes, notifying them of the new attending school.

In this matter the attending school is of little consequence, as the complaint was raised against DCPS for its failure to complete and implement a compensatory education plan for the student over the summer, a plan which was not to be completed at Southeast Academy. The Special Education Specialist, Mr. Dwight Thomas, whose actions precipitated the complaint, was present at a resolution meeting for the

2

student held on July 27, 2005 and given ample opportunity to speak and coordinate with DCPS. At this time, DCPS is not prejudiced by the original complaint filed. Even if DCPS were prejudiced, it has exceeded the time period for notice of insufficiency by almost 4 times, and well after it claims to be aware of the status of the student's previously attended school.

### B. **DCPS' Written Response to the Original Complaint was Insufficient, and a Previous Motion for a Finding Against DCPS Has yet to be Ruled On.**

On July 25, 2005, DCPS submitted a response to the Complaint (not alleging insufficiency in listing the attending school). (attached). This response stated no prior notice was required for the matter of the complaint but did not address the facts of the complaint in detail as required by IDEIA, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B)(i)(I). Parent's counsel filed a response and motion for a directed verdict on June 28, 2005. (attached). This motion has not bee ruled on yet. Parent's counsel against requests a directed verdict.

**WHEREFORE**, the complainant, by and through counsel, hereby requests the following relief:

1. A finding that DCPS' Motion to Dismiss should be Denied;

2. A finding that DCPS denied Student a Free and Appropriate Public Education in regards to all counts of the initial Complaint, and an order that DCPS must complete and fulfill all relief requested in the Complaint;

3. A finding that DCPS denied Student, a Free and Appropriate Public Education by failing to issue a Prior Written Notice with 10 days as required under the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B)(i); and/or

4. A finding that DCPS denied Student, a Free and Appropriate Public Education by failing to timely file a written Response as required under the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B)(ii).

Roberta Gambale, Esq., *Counsel*
James E. Brown & Associates, PLLC
1220 L Street, NW Suite 700
Washington, DC 20005
202-742-2000 (Telephone)
202-742-2097/2098 (Fax)

3

Counsel for the Complainant

**CERTIFICATE OF SERVICE**

I, Roberta Gambale, Esq., hereby certify that a copy of the *Complainant's Motion to Strike*, was served to the District of Columbia Public Schools' Office of Student Hearings, via facsimile, at 202-442-5556, and to the DCPS, Attorney Advisor, for the District of Columbia Public Schools' Office of the General Counsel, via facsimile, at 202-442-5098.

Roberta Gambale, Esq., *Counsel*
James E. Brown & Associates, PLLC
1220 L Street, NW Suite 700
Washington, DC 20005
202-742-2008
Counsel for the Parent

```
        ********************
        ***   TX REPORT   ***
        ********************

TRANSMISSION OK

TX/RX NO                  1355
CONNECTION TEL                      94425098
CONNECTION ID             OFF.OF GENERAL C
ST. TIME                  09/08 14:31
USAGE T                   03'23
PGS. SENT                  23
RESULT                    OK
```

## James E. Brown & Associates, PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown<br>Domiento C.R. Hill ◊<br>Roberta Gambale<br>Miguel A. Hull<br>Christopher L. West<br>Juan J. Fernandez! | Attorneys at Law<br>1220 L Street, NW<br>Suite 700<br>Washington, DC 20005<br>Telephone: (202) 742-2000<br>Facsimile: (202) 742-2098<br><br>e-mail: Admin@Jeblaw.biz | Tilman L. Gerald<br>Roxanne D. Neloms<br>John A. Straus<br>Dolores S. McKnigh<br>Marshall Lammers°<br><br>! Admitted in Bolivia Only |

# FAX COVER SHEET

TO:    Office of General Counsel, DCPS

       Attn: Rhondalyn Primes

FROM:  Marshall M. Lammers

DATE:  September 8, 2005

FAX NO: 202-442-5098/5097

SUBJECT: Motion to strike admission of Resolution Session Notes, Response to Motion to Dismiss (with previous motion for directed verdict attached).

NUMBER OF PAGES INCLUDING COVER SHEET:

COMMENTS: *Motions for D.D., DOB 8/18/90*

```
*********************
***  TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO                    1354
CONNECTION TEL                          94425556
CONNECTION ID
ST. TIME                    09/08 14:35
USAGE T                     03'14
PGS. SENT                   23
RESULT                      OK
```

## James E. Brown & Associates, PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Tilman L. Gerald |
| Domiento C.R. Hill ◊ | 1220 L Street, NW | Roxanne D. Neloms |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Dolores S. McKnight |
| Christopher L. West | Telephone: (202) 742-2000 | Marshall Lammers* |
| Juan J. Fernandez! | Facsimile: (202) 742-2098 | |
| | e-mail: Admin@Jeblaw.biz | ! Admitted in Bolivia Only |

# FAX COVER SHEET

TO:    Office of Student Hearings

Attn: Sharon Newsome and assigned Hearing Officer for

*D.D. DOB 8/18/9, hearing date 9/14/05 at 9am.*

FROM: Marshall M. Lammers

DATE: September 8, 2005

FAX NO: 202-442-5556

SUBJECT: Motion to strike admission of Resolution Session Notes, Response to Motion to Dismiss (with previous motion for directed verdict attached).

NUMBER OF PAGES INCLUDING COVER SHEET:

COMMENTS: *Motions for D.D., DOB 8/18/90*