UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTINE DAVIS,[1]<br>Parent and next friend of D.D.,[2] a minor,<br><br>Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 05-2176 (PLF)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' ANSWER TO COMPLAINT

Defendants District of Columbia and District of Columbia Public Schools ("DCPS") Superintendent Clifford Janey, by counsel, here answer Plaintiff's Complaint as follows (paragraph numbers below correspond to the paragraph numbers in the Complaint):

## JURISDICTION

1.  Defendants admit that this Court has jurisdiction pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq*, but deny that this Court has jurisdiction under the remaining cited statutes.

2.  Defendants admit the allegations in paragraph 2.

3.  Defendants deny the allegations in paragraph 3.

4.  Defendants admit the allegations in paragraph 4.

---

[1] The proper plaintiff is Christine Davis because a minor cannot bring an action in his or her own name.
[2] The minor will be referred to as D.D., pursuant to LCvR 5.4(f)(2).

## PARTIES

5. Defendants admit the allegations in paragraph 5.

6. Defendants admit the allegations in paragraph 6.

7. Defendants admit the allegations in paragraph 7.

8. Defendants admit the allegations in paragraph 8.

## FACTUAL ALLEGATIONS

9. Defendants incorporate as though restated each of the answers stated in paragraphs 1 through 8 above.

10. Defendants admit the allegations in paragraph 10.

11. Defendants admit the allegations in paragraph 11.

12. Defendants admit the allegations in paragraph 12, except that the request was made to the principal of the school—not to the special education coordinator.

13. Defendants admit the allegations in paragraph 13.

14. Defendants admit the allegations in paragraph 14.

15. Defendants admit the allegations in paragraph 15.

16. Defendants admit the allegations in paragraph 16.

17. Defendants admit the allegations in paragraph 17.

18. Defendants admit the allegations in paragraph 18.

19. Defendants admit the allegations in paragraph 19.

20. Defendants admit the allegations in paragraph 20.

21. Defendants admit the allegations in paragraph 21.

22. Defendants admit the allegations in paragraph 22.

23. Defendants admit the allegations in paragraph 23.

24. Defendants admit the allegations in paragraph 24.

25. Defendants admit the allegations in paragraph 25.

26. Defendants admit the allegations in paragraph 26.

27. Defendants admit the allegations in paragraph 27.

28. Defendants admit the allegations in paragraph 28.

29. Defendants admit the allegations in paragraph 29.

30. Defendants admit the allegations in paragraph 30.

31. Defendants admit the allegations in paragraph 31.

32. The Hearing Request is contained in the record (transcript and documents), which speaks for itself. The allegations in paragraph 32 are the pleader's characterizations of the record to which no response is required. If a response is required, then the same are denied.

33. Defendants admit the allegations in paragraph 33.

34. Defendants admit the allegations in paragraph 34.

35. Defendants admit the allegations in paragraph 35.

36. Defendants admit the allegations in paragraph 36.

37. Defendants admit that the IEP team agreed to consider DCPS funding for the Seeds of Tomorrow—a private summer program—pending confirmation of availability of services by team member and special education coordinator Dwight Thomas, as alleged in paragraph 37.

38. Defendants admit the allegations in paragraph 38.

39. Defendants admit the allegations in paragraph 39, except that Defendants deny that Plaintiff reserved the right to refile on the same issues in the future in the referenced hearing request or in the settlement agreement.

40. Defendants admit the allegations in paragraph 40.

41. Defendants admit the allegations in paragraph 41.

42. Defendants admit the allegations in paragraph 42.

43. Defendants admit the allegations in paragraph 43.

44. Defendants admit the allegations in paragraph 44.

45. Defendants admit the allegations in paragraph 45.

46. Defendants admit the allegations in paragraph 46.

47. Defendants admit the allegations in paragraph 47.

48. Defendants admit the allegations in paragraph 48.

49. Defendants admit the allegations in paragraph 49.

50. Defendants admit the allegations in paragraph 50.

51. Defendants admit the allegations in paragraph 51.

52. Defendants admit the allegations in paragraph 52.

53. Defendants admit the allegations in paragraph 53, except that Defendants deny that the resolution meeting notes were of "settlement discussions."

54. Defendants admit the allegations in paragraph 54.

55. Defendants admit the allegations in paragraph 55.

56. Defendants admit the allegations in paragraph 56.

57. Defendants admit the allegations in paragraph 57.

58. Defendants admit the allegations in paragraph 58.

59. The conduct of the administrative hearing is contained in the record (transcript and exhibits), which speaks for itself. The allegations in paragraph 59 are the pleader's characterizations of the record to which no response is required. If a response is required, then the same are denied.

60. The conduct of the administrative hearing is contained in the record (transcript and exhibits), which speaks for itself. The allegations in paragraph 60 are the pleader's characterizations of the record to which no response is required. If a response is required, then the same are denied.

61. The conduct of the administrative hearing is contained in the record (transcript and exhibits), which speaks for itself. The allegations in paragraph 61 are the pleader's characterizations of the record to which no response is required. If a response is required, then the same are denied.

62. The October 6, 2005, Hearing Officer's Determination is contained in the record (transcript and documents), which speaks for itself. The allegations in paragraph 62 are the pleader's characterizations of the record to which no response is required. If a response is required, then the same are denied.

## COUNT 1

63. Defendants incorporate as though restated each of the answers stated in paragraphs 1 through 62 above.

64. The allegations in paragraph 64 are conclusions of law and/or of the pleader to which no response is required. If a response is required, then the same are denied.

65.     The allegations in paragraph 65 are conclusions of law and/or of the pleader to which no response is required. If a response is required, then the same are denied.

## COUNT II

66.     Defendants incorporate as though restated each of the answers stated in paragraphs 1 through 65 above.

67.     The conduct of the administrative hearing is contained in the record (transcript and exhibits), which speaks for itself. The allegations in paragraph 67 are the pleader's characterizations of the record to which no response is required. If a response is required, then the same are denied.

68.     The allegations in paragraph 68 are conclusions of law and/or of the pleader to which no response is required. If a response is required, then the same are denied.

69.     The conduct of the administrative hearing is contained in the record (transcript and exhibits), which speaks for itself. The allegations in paragraph 69 are the pleader's characterizations of the record to which no response is required. If a response is required, then the same are denied.

70.     The conduct of the administrative hearing is contained in the record (transcript and exhibits), which speaks for itself. The allegations in paragraph 70 are the pleader's characterizations of the record to which no response is required. If a response is required, then the same are denied.

71.     The October 6, 2005, Hearing Officer's Determination is contained in the record, which speaks for itself. The allegations in paragraph 71 are the pleader's

characterizations of the record to which no response is required.  If a response is required, then the same are denied.

72.	The allegations in paragraph 72 are conclusions of law and/or of the pleader to which no response is required.  If a response is required, then the same are denied.

### COUNT III

73	Defendants incorporate as though restated each of the answers stated in paragraphs 1 through 72 above.

74.	The allegations in paragraph 74 are conclusions of law and/or of the pleader to which no response is required.  If a response is required, then the same are denied.

75.	Defendants admit the allegations in paragraph 75.

76.	Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 76.

77.	The allegations in paragraph 77 are conclusions of law and/or of the pleader to which no response is required.  If a response is required, then the same are denied.

BY WAY OF FURTHER ANSWER, Defendants deny all allegations of wrongdoing not otherwise responded to or admitted.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Hearing Officer's Decision is supported by substantial evidence in the administrative record and should be affirmed.

WHEREFORE, Defendants demand that the Complaint be dismissed and that Defendants be awarded the expense of litigation, costs, and interest, and such other relief as the Court deems just and proper.

        Respectfully submitted,

        ROBERT J. SPAGNOLETTI
        Attorney General of the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        **/s/ Edward P. Taptich**
        EDWARD P. TAPTICH [#012914]
        Chief, Equity Section 2

        **/s/ Eden I. Miller**
        EDEN I. MILLER [#483802]
        Assistant Attorney General
        441 Fourth Street, N.W., Sixth Floor South
        Washington, D.C. 20001
December 21, 2005        (202) 724-6614