UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHRISTINE DAVIS
By his parent and next friend
D.D., A MINOR
Plaintiff

Civil Action No.
1:05CV02176 PLF

v.

DISTRICT OF COLUMBIA, et al.
Defendants

**PLAINTIFFS' STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to Federal Rules of Civil Procedure 56 and Local Civil Rule 7, the Plaintiff Christine Davis hereby submits the following Statement of Material Facts as to which there is genuine issue:

1. Plaintiff D.D. is the minor child of Christine Davis and is a resident of the District of Columbia. Administrative Record at 102.

2. D.D. attended Hines Junior High School in the academic year of 2003-2004 and later transferred to Southeast Academy PCS. AR. at 102.

3. At the May 27th, 2005 IEP/MDT meeting the MDT team drafted a compensatory education plan that included sixty hours of instruction in specialized instruction and five hours of speech and language and five hours of counseling. AR. at 112.

4. An asterisk on the page indicated that if services were provided by a private provider that D.D.'s services would begin that summer. *Id.*

5. DCPS' LEA Dwight Thomas stated that DCPS would not agree to compensatory services being provided by a private agency until receiving a description of the program. AR.at 118.

6. Two weeks later, the educational advocate provided Dwight Thomas a copy of the program and awaited his response. Plaintiff's Complaint ¶ 38.

7. Prior to the Resolution meeting parent requested that meeting be kept confidential and that discussions not be used in subsequent proceedings. Compl. ¶ 46.; AR. at 19.

8. At the July 27th, 2005 Resolution Meeting DCPS stated that once the student completed seventy hours of compensatory services it would reimburse the parent for cost not to exceed $2,100. AR. at 19..

9. Plaintiff expressed concerns about her attorneys fees at the Resolution Meeting. AR. at 19.

10. DCPS informed Plaintiff that under the law the LEA had no authority to discuss the issue of attorney fees at a Resolution Meetings. AR. at 20.

11. DCPS reminded Plaintiff that complaints could be filed without the assistance of an attorney and directed her to the eight floor. *Id*.

12. Plaintiff informed DCPS that she had no money and had equal concerns about the work her attorney had put in and that she would be left with all the cost. AR.at 20-23.

13. The parties did not achieve full settlement of Plaintiff's claim. AR.at 21-22, 148, 155.

14. Plaintiff filed a motion to strike the resolution meeting notes on the basis that discussions regarding settlement were inadmissible. Compl. ¶ 55; AR. at 148.

15. At the September 14th, 2005 hearing, parent's counsel orally moved to have the Resolution Meetings notes stricken from the record. Compl. ¶ 59.

16. Hearing Officer Banks denied the Plaintiff's motion stating that nothing in the law precluded him from viewing those notes and that the notes served as a basis to determine whether a Resolution meeting occurred. AR. at 1, 186.

17. That Plaintiff did not have a hearing on the merits of her complaint. A.R. at 182 *et. seq*.

18. That the Resolution meeting notes were part and parcel to the parties settlement negotiations. A.R. at 19-20.

                                        Respectfully Submitted,

                                        _____/s/_____
                                        Tilman L. Gerald
                                        Unified Bar # 928796
                                        James E. Brown & Associates, PLLC
                                        1220 L Street, N.W., Suite 700
                                        Washington, D.C. 20005
                                        (202)742-2000