UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CHRISTINE DAVIS,<br>Parent and next friend of D.D.,[1] a minor,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 05-2176 (PLF/DAR)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants, through counsel, respectfully reply to "Plaintiff's Reply to Defendants' Opposition to Defendants' Motion for Summary Judgment and Her Opposition to the Defendants' Motion for Summary Judgment" (hereinafter "Plaintiff's Opposition"), filed on July 13, 2006.[2]

**PRELIMINARY STATEMENT**

Defendants' dispositive motion and accompanying memorandum ("Defendants' Motion"), filed on June 13, 2006, demonstrated that this Court should dismiss Plaintiff's Complaint because the October 6, 2005, hearing officer's decision ("HOD") at issue was proper and should not be overturned. First, the HOD was consistent with the law and the spirit of the Individuals with Disabilities Education Improvement Act "(IDEIA"), 20 U.S.C. §§ 1400 *et seq*. Second, the hearing officer properly considered what transpired at the resolution meeting because a resolution meeting is not a settlement negotiation, and

---

[1] The minor will be referred to as D.D., pursuant to LCvR 5.4(f)(2).
[2] The plaintiff filed one document to: (1) reply to the defendants' opposition to the plaintiff's motion for summary judgment; and (2) oppose the defendants' motion for summary judgment.

the notes produced from such a meeting are not confidential.  Third, the hearing officer properly found that the District of Columbia Public Schools ("DCPS") offered full satisfaction of the Complaint at the resolution meeting.  Finally, DCPS was prepared to timely implement the Compensatory Education Plan.

In Plaintiff's Opposition, filed on July 13, 2006, the plaintiff argues that the HOD should be overturned because the hearing officer abused his discretion when he allowed the resolution meeting notes into evidence and when he obligated the plaintiff to accept DCPS' proposed offer at the resolution meeting.  *See* Pl. Opp., at 2.

Defendants respond to the plaintiff's arguments below and here incorporate by reference their Motion.

## ARGUMENT

As the defendants demonstrated in their Motion, the subject HOD should be upheld by this Court.  The plaintiff has not met her burden for overturning the HOD.[3]

In her Opposition, the plaintiff wrongly states that the defendants did not respond to, and thus concedes, the plaintiff's Statement of Material Facts as to Which There is No

---

[3] The defendants agree with the plaintiff that she "bears the burden of demonstrating that by a preponderance of the evidence the hearing officer's determination was incorrect." *See* Pl. Opp., at 5; *see also* Def. Mot., at 9-10.  However, the plaintiff misstated the standard when she said, "In reviewing the challenged hearing decision, the court is required to give deference to the findings of fact of the Hearing Officer in administrative cases unless it can point to extrinsic evidence of a non-testimonial nature in the record."  Pl. Opp., at 5.  This standard (from the Third Circuit) applies to credibility determinations.  *S.H. v. State-Operated Sch. Dist.*, 336 F.3d 260, 270 (3rd Cir. 2003).  As noted at pages 9-10 of Defendants' Motion, the standard of review to be applied here is:
> The party challenging the hearing officer's determination bears the burden of persuading the court that the hearing officer was incorrect.  While the Court is authorized to make an independent determination, "it must also give 'due weight' to the administrative proceeding and afford some deference to the expertise of the hearing officer and school officials responsible for the child's education."  This deference results from Congress' recognition of the "specialized knowledge and experience" required to make complicated educational choices.  Accordingly, this Court must give the hearing officer's determination "due weight," and Plaintiff, in order to prevail, must show by a "preponderance of the evidence" that the hearing officer was wrong.

Citations omitted.

2

Genuine Issue ("Plaintiff's Statement").  Pl. Opp., at 4.  While it is true that the defendants did not *dispute* any of the plaintiff's material facts (aside from Numbers 17-18, which are conclusions of law and of the plaintiffs), the defendants clearly addressed the Plaintiff's Statement in the defendants' own Statement of Material Facts as to Which There is No Dispute at page one, in note 1.  To summarize, the defendants do not challenge the existence of the facts, nor are there any facts that create a genuine issue requiring trial.  Defs. St., at 1, note 1.  The defendants, however, disagree that those facts lead to the legal conclusion argued by the plaintiff—rather, the facts require a grant of summary judgment in favor of the defendants because the facts clearly demonstrate that the HOD was proper.  *Id.*

**I.      The HOD was consistent with the law and the spirit of the IDEIA.**

In her Motion, the plaintiff argues that the hearing officer exceeded the scope of his authority when he accepted into evidence and reviewed the resolution meeting notes.  Pl. Opp., at 5.  But the plaintiff fails to point to any section of the IDEIA or case law that supports her position that the hearing officer cannot consider the resolution meeting notes in the context of a due process hearing.  Pl. Opp., at 5-9.  As discussed in Defendants' Motion, the IDEIA does not require that discussions at a meeting resolution session be confidential.  Def. Mot., at 15.  Further, from the outset of the resolution meeting, DCPS made it clear to the plaintiff and her counsel that the meeting would not be confidential.  *Id.* at 15-16.

In her opposition, the plaintiff also suggests that the hearing officer had no authority to review what occurred at the resolution meeting.  Pl. Opp., at 5-6.  Again, there is nothing in the IDEIA that would prevent the hearing officer from receiving

3

evidence from the resolution meeting or reviewing what transpired.  As the plaintiff noted in her opposition, HODs are to be based on substantive grounds, which might include procedural issues that prevent the child from receiving a free appropriate public education or cause deprivation of educational benefit.  *See* Pl. Opp., at 5-6;[4] IDEIA, 20 U.S.C. § 1415(f)(3)(E).

In the present case, the hearing officer dismissed the Complaint because he found that the parent was offered full satisfaction of the claim at the resolution meeting, but continued with the hearing solely for attorneys' fees, to the detriment of the child.  Def. Mot., at 7.  He was within his authority to make such a determination, and properly indicated that he was in a position "to monitor the parties' compliance with [the IDEIA requirement to participate in a resolution session]."  *See* Def. Mot., at 5; R. at 3.  The hearing officer's review of the resolution meeting lead him to determine that the that "Petitioner's counsel is singularly responsible for any delay after July 27, 2005 in Petitioner receiving the compensatory education services prescribed in the Compensatory Education Plan."  *See id*., at 6; R. at 5.  As explained in Defendants' Motion, this is exactly the kind of adversarial atmosphere that Congress sought to prevent by adding the resolution meeting to the IDEIA.  Def. Mot., at 11-14.

II. **The hearing officer properly considered what transpired at the resolution meeting because a resolution meeting is not a settlement negotiation, and the notes produced from such a meeting are not confidential.**

Despite the plaintiff's contention to the contrary, the resolution meeting is not a settlement meeting, and does not fall under the purview of Fed. R. Evid. 408.  *See* Pl. Opp., at 6-8.  As demonstrated in detail in the Defendants' Motion, the rule would not apply even if the resolution meeting *were* confidential.  Def. Mot., at 16-17.  But the fact

---

[4] Plaintiff mistakenly cites 34 C.F.R. § 300.513, which addresses attorneys' fees.

remains that the resolution session was not confidential, nor should the plaintiff have had any expectation that it was to be confidential. *See* Def. Mot., at 15-16. Given that DCPS made it clear to the plaintiff and her counsel that the meeting would not be confidential, it is disingenuous to suggest that the plaintiff had *any* expectation of confidentiality and that her ability to be candid somehow was impaired. *Id.* at 15-16. Perhaps the reason that the plaintiff is so adamant that the events that transpired at the resolution meeting should be confidential is that a review of the meeting clearly reveals the motivation for proceeding with the due process hearing—attorneys' fees, not the educational interests of D.D.

### III.     DCPS extended an offer in full satisfaction of the parent's claim.

The record in this case clearly supports the HOD's finding that the plaintiff's counsel declined DCPS' offer because it did not include an award of attorneys' fee. *See* HOD, R. at 4; Def. Mot., at 3-4. It is also clear from the record that the plaintiff herself was receptive to the offer with regard to educational matters, but was concerned about attorneys' fee. Def. Mot., at 3-4. While Plaintiff's Motion suggests that the agreement to place D.D. at Seeds of Tomorrow did not resolve the complaint, a closer look at the "remaining issues" reveals that the offer did in fact resolve the complaint. Def. Mot., at 6, note 6.

First, the plaintiff raises the issue of transportation. Pl. Opp., at 10. As explained in Defendants' Motion, if DCPS agrees to fund a private provider and transportation to the private provider is required, DCPS will provide such transportation in the usual course. *See* Def. Mot., at 6, note 6. Second, the plaintiff suggests that reimbursement,

5

rather than direct billing to DCPS, is not sufficient and would work a hardship on her.[5] Pl. Opp., at 10.  The meeting notes, however, do not indicate a discussion about reimbursement.[6]  R. at 19.

Plaintiff cites Ms. Sutton-Brock (the parent's educational advocate)'s testimony at the hearing to demonstrate that reimbursement was at issue and a reason that the plaintiff rejected DCPS' offer, but a close look at her testimony reveals the opposite.  *See* Pl. Opp., at 11, note 2.  The hearing officer asks, "Ms. Sutton-Brock, your attorney asked you what was not in agreement [at the resolution meeting] and the last item you mentioned was reimbursement, could you be more specific as to what issues of contention that remained after that?"  *Id.*  Ms. Sutton-Brock responded with, "*I was unclear about and I didn't ask that during that time about reimbursement…*"  *Id.* (emphasis added).

---

[5] At the hearing, DCPS Program Specialist Dwight Thomas indicated that DCPS would reimburse the parent.  As indicated in Defendants' Motion, it appears that Seeds of Tomorrow could bill DCPS directly under *Petties* because the Compensatory Education Plan was the result of settlement agreement between DCPS and the plaintiff.  Def. Mot., at 6, note 6, referencing *Petties v. District of Columbia*, Civ. Action No. 95-0148 (D.D.C.) (Friedman, J.)**,** which is a class action that involves procedures for direct payments from DCPS to the private provider.  Specifically, the plaintiff meets the requirements for class membership.  On March 17, 1999, the *Petties* Court certified and defined the class as follows:
> all [District of Columbia Public Schools ("DCPS")] students currently placed in private special education schools or receiving special education and/or related services from a private third party provider, all [DCPS] students placed in public schools who currently are receiving related services from private providers, and all [DCPS] students who have been determined by an administrative decision or by agreement with the DCPS to be eligible to receive services from private providers (including private placements).

*See Petties v. District of Columbia,* Civil Action No. 95-0148 (PLF), 897 F. Supp. 626, 627 (class definition quoted in September 11, 1995, Decision).  The plaintiff meets the class definition because D.D. is DCPS student who has been determined by agreement with DCPS to be eligible to receive services from a private provider—Seeds of Tomorrow.  Thus, the plaintiff could request that the Seeds of Tomorrow bill DCPS directly.

[6] Plaintiff also asserts that the $2,100.00 is not enough to cover the costs of the Seeds of Tomorrow.  Pl. Opp., at 10.  There is nothing in the record about how much Seeds of Tomorrow would cost, or any testimony or documents that indicates that this amount is not enough.  Assuming *arguendo* that it only covered part of the costs, the plaintiff could either fund the rest herself, or have DCPS provide the remaining amount of compensatory services at no cost to her.

6

Consistent with the Superintendent's Directive regarding cost guidelines, DCPS offered to reimburse the plaintiff at the resolution meeting. *See* Resolution Notes, R. at 19. At the hearing, the hearing officer briefly addressed this matter, but did not make a finding in the HOD that reimbursement was improper. *See* Pl. Opp., 11-12, and note 2. The plaintiff raised the reimbursement and transportation matters in passing, if that, at the resolution meeting. As indicated above, transportation, if required, would not have been a problem.

Further, Ms. Sutton-Brock's testimony indicates that she was unclear about the payment procedure for a private provider. That is not the same as suggesting that she opposed the payment procedure—DCPS and she could have worked through that, as well. Given that the Compensatory Education Plan was the result of a settlement agreement, payment of the services most likely would have been under *Petties*,[7] and would not have required the plaintiff to pay the services in the first instance.

Once again, it is clear that the reason the plaintiff rejected the offer was because of attorneys' fees.

IV. **DCPS did not violate the Compensatory Education Plan, and never disputed its obligation to comply with the Plan.**

DCPS has never disputed the D.D.'s entitlement to the Compensatory Education Plan. It is therefore unclear why the plaintiff asserts that Mr. Thomas "never had the authority to authorize the compensatory services agreed upon by the MDT team." Pl. Opp., at 9. Mr. Thomas did have such authority, and DCPS has always agreed with the Plan. Because Mr. Thomas was unfamiliar with the Seeds of Tomorrow program, he was unable to agree to fund that program without further information.

---

[7] See note 5.

7

In short, DCPS was ready and willing to provide D.D. with compensatory education services within the appropriate deadlines—the plaintiff chose not to avail her son of those services on the advice of her counsel.  Plaintiff now cannot now blame DCPS for that decision.

## CONCLUSION

Plaintiff continues to fail to demonstrate why the subject HOD should be overturned.  Thus, this Court should deny Plaintiff's Motion for Summary Judgment, grant Defendants' Motion for Summary Judgment, and dismiss this case.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General of the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

**/s/ Edward P. Taptich**
EDWARD P. TAPTICH [#012914]
Chief, Equity Section 2

**/s/ Eden I. Miller**
EDEN I. MILLER [#483802]
Assistant Attorney General
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6614
(202) 727-3625 (fax)

August 11, 2006                                Eden.Miller@dc.gov