UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTINE DAVIS,<br>Parent and next friend of D.D., a minor,<br><br>    Plaintiff,<br><br>       v.<br><br>DISTRICT OF COLUMBIA, et al.<br><br>    Defendants. | Civil Action No. 05-2176<br>PLF/DAR |

## REPORT AND RECOMMENDATION

Pending for consideration by the undersigned United States Magistrate Judge are Plaintiff's Motion for Summary Judgment (Docket No. 5) and Defendants' Cross Motion for Summary Judgment (Docket No. 10). Plaintiff claims that she is entitled to injunctive, declaratory and compensatory relief for Defendants' violations of the Individuals with Disabilities Education Act ("IDEA"), Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and 42 U.S.C. § 1983. Defendants, in their cross motion for summary judgment, contend that they complied with all statutory and constitutional procedures, thereby entitling them to judgment as a matter of law.

Upon consideration of the parties' submissions and the entire record herein, the undersigned will recommend that Plaintiff's Motion for Summary Judgment be **GRANTED IN PART,** and that Defendants' Cross Motion for Summary Judgment be **DENIED.**

### I. BACKGROUND

Davis v. District of Columbia, et al.                                                                                                         2

      The named Plaintiff, Christine Davis, is the mother and legal guardian of the student (hereinafter "student" or "D.D.") on whose behalf this action was brought. Complaint, ¶ 5. D.D. attended Hines Junior High School (Hines) during the 2003-04 school year. Id., ¶ 10. The Plaintiff, through her counsel, requested Hines to test D.D. for special education services. Id., ¶ 11. The testing was to include a psycho-educational assessment, a speech and language assessment, formal classroom observation, hearing and vision screening, and a social history assessment. Id. Plaintiff's counsel sent a follow-up letter on August 5, 2004 to Hines and DCPS Office of Special Education regarding the status of the testing for D.D. Id., ¶ 13; Complaint, Exhibit (Exhibit) 3. On September 21, 2004, Plaintiff's educational advocate sent a letter to Hines informing the school that the advocate would perform an observation on D.D. on September 28, 2004. Id. ¶ 14; Exhibit 4.

      During the 2004-05 school year, Plaintiff transferred D.D. to Southeast Academy (SEA), a DCPS public charter school, and notified the school and DCPS that she requested the status of D.D.'s special education testing. Id., ¶¶ 15-17. After hearing no response, Plaintiff, on October 18, 2004 filed a Due Process Hearing Request, but prior to the convening of the hearing a Settlement Agreement was reached between DCPS and Plaintiff on November 16, 2004. Id., ¶¶ 19, 21; Exhibits 8, 9. According to Plaintiff, the Settlement Agreement required DCPS to fund independent psycho-educational and speech and language assessments, and to convene an Individual Education Program (IEP) meeting with the student within 20 days of the completion of the assessments. Id., ¶¶23, 24; Exhibit 9. The Plaintiff had the tests done independently because DCPS failed to perform them, and forwarded the results to DCPS on January 31, 2005 and asked DCPS to schedule the IEP meeting. Id., ¶¶ 25-27; Exhibits 11-13.

Davis v. District of Columbia, et al.                                                                                                3

      The Defendants failed to schedule the IEP meeting and Plaintiff, through counsel, filed a request for a Due Process Hearing on March 4, 2005; however, the parties reached another Settlement Agreement on April 7, 2005. The Settlement Agreement required Defendants to convene an IEP meeting within 20 school days, but Defendants did not meet this deadline and Plaintiff again filed a Due Process Hearing Request on April 29, 2005. Id., ¶¶ 30, 32. On May 17, 2005 the IEP meeting convened and D.D. was found to be eligible for special education services, including fifteen hours of specialized instruction per week, one hour of counseling per week and one hour of speech services per week. Id., ¶ 33; Exhibit 5a. Another IEP meeting was held on May 27, 2005, and at that time, it was determined that D.D. was owed sixty hours of specialized instruction tutoring as a result in the delay of the first IEP meeting, five hours of compensatory counseling and five hours of compensatory speech services. Id., ¶ 34; Exhibit 5a. Plaintiff wanted D.D. to receive the compensatory education tutoring during the summer at the Seeds of Tomorrow, a private program, which DCPS agreed to fund if it confirmed that the program offered the compensatory services. Id., ¶¶36, 37; Exhibit 5a. Plaintiff gave DCPS brochures and other program information about Seeds of Tomorrow, but DCPS failed to send notice of approval for D.D. to enroll into the program. Id., ¶¶ 38, 40; Exhibit 22.

      On July 12, 2005, Plaintiff filed a Due Process Complaint against DCPS in which she alleged that DCPS failed to approve and implement the compensatory education plan and sought funding for the Seeds of Tomorrow program. DCPS filed its Response on July 25, 2005. Id., ¶¶ 41, 44; Exhibits 18, 21. On July 27, 2005, a resolution meeting was held between the parties, where Plaintiff requested at the start of the meeting that the discussions be kept confidential and not used in any subsequent hearings. Id., ¶ 46. There was no resolution reached during the

Davis v. District of Columbia, et al.                                                                                                          4

meeting. Id. ¶ 47. July 28, 2005 Plaintiff filed a Motion for a Finding against DCPS "on all allegations in the Complaint" on the ground that DCPS failed to file an appropriate response as required by the Individuals with Disabilities Education Act (IDEA). Id., 48; Exhibit 23. On September 8, 2005, Plaintiff moved to strike the Resolution Meeting notes and to prevent their use in the hearing. At the Due Process Hearing on September 14, 2005, Hearing Officer Banks allowed written documents and testimony relating to the settlement discussions that occurred at the resolution meeting over Plaintiff's objections. Id. ¶¶59, 60; Exhibit 24. Hearing Officer Banks determined that Plaintiff frustrated the process of helping D.D. by not accepting the settlement offered by DCPS, and Hearing Officer Banks dismissed Plaintiff's complaint with prejudice. Id., ¶¶ 61, 62; Exhibit 24.

## II. CONTENTIONS OF THE PARTIES

Plaintiff and Defendants cross-move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, alleging that there are no genuine issues as to any material facts and that each is entitled to summary judgment as a matter of law. Plaintiff, in her Motion for Summary Judgment, alleges that the Hearing Officer erred as a matter of law when he admitted documentary and testimonial evidence from the Resolution Meeting, violating Rule 408 of the Federal Rules of Evidence. Plaintiff's Memorandum in Support of Summary Judgment ("Plaintiff's Memorandum") (Docket No. 6) at 9-12. In addition, Plaintiff contends that as a parent she is not obligated to accept an offer settlement tendered by Defendants. Id. at 12-14. Lastly, Plaintiff alleges that Defendants undermined Plaintiff's right to counsel by refusing to enter into discussions about reimbursement of attorneys' fees at the resolution meeting. Id. at 14-16.

Plaintiff's motion for summary judgment is accompanied by a statement of material facts as to which Plaintiff contends there is no genuine issue, which includes references to the parts of the record on which Plaintiff relies to support the statement. Plaintiff's Statement of Material Facts Not in Genuine Dispute (Docket No. 7).

Defendants, in their cross Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment, submit that Plaintiff's motion should be denied because the Hearing Officer did not err in allowing the meeting notes into evidence, since the meeting was not a settlement negotiation and therefore the notes were not confidential. Memorandum in Support of Defendants' Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment ("Defendant's Memorandum") at 15. Alternatively, Defendants argue that if the meeting was a settlement negotiation, then the Hearing Officer did not violate Federal Rule of Evidence 408 because the notes were used only to determine that DCPS followed proper procedure and offered to resolve Plaintiff's complaint in full satisfaction of the claim. Id. at 16-17. Defendants also contend that they did not violate the compensatory education plan because they did agree to fund the Seeds of Tomorrow program during the July 27, 2005 resolution meeting, nor to start the compensatory plan in September when school started. Id. at 14.

Defendants' cross motion is accompanied by a statement which conforms to the requirements of Local Civil Rule 7(h). Defendants Statement of Material Facts as to Which There is No Genuine Issue and Response to Plaintiff's Statement of Material Facts ("Defendant's Statement") (Docket No. 10). However, with respect to their opposition to Plaintiff's motion, Defendants do not "[set] forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on

Davis v. District of Columbia, et al.                                                                                              6

to support the statement." LCvR 7(h).  Instead, Defendants state that they "do not claim that the facts in Plaintiff's Statement create a genuine issue requiring trial," but that the facts in their statement directly conflict with Plaintiff's and require a grant of summary judgment. Defendant's Statement, n.1.

     Plaintiff, in her opposition to Defendant's cross motion and reply to Defendants' opposition (Docket No. 12), submits that Defendants have not asserted any facts that would support their cross motion for summary judgment.  Plaintiff further maintains that the Hearing Officer's determination should be reversed because he exceeded his scope of authority by allowing evidence from the resolution meeting to be admitted during the hearing, when the discussion during the resolution meeting was protected by Rule 408 of Federal Rules of Evidence.  Plaintiff also contends that Defendants did not extend an offer in full satisfaction of Plaintiff's claim.  Plaintiff's Memorandum in Reply to Defendants' Opposition and in Opposition to the Defendant's Cross-Motion for Summary Judgment ("Plaintiff's Opposition") at 3, 6-8,10.

     Plaintiff's Opposition includes as an attachment "Plaintiff's Statement of Material Facts Identified by the Defendant as to Which There is a Genuine Dispute" ("Plaintiff's Statement"). However, Plaintiff's Statement does not conform to the requirements of Local Civil Rule 7(h) because instead of listing material facts in genuine dispute, she lists each of Defendants' statements and indicates if it is disputed or not. Plaintiff's Statement at 1-3.  As to the disputed statements of genuine issue, Plaintiff either states why it was not a material fact or gives a reason why it was in dispute, only citing once to the record as required by Local Civil Rule 7(h). See LCvR 7(h).

Davis v. District of Columbia, et al.                                                                                          7

Defendants, in their reply to Plaintiff's Opposition, submit that the due process hearing given to Plaintiff and D.D. was consistent with the law, and the Hearing Officer properly considered what happened at the resolution meeting, not violating Rule 408 of Federal Rules of Evidence.  Defendants' Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment ("Defendants' Reply") at 3-4.  The Defendants contend that DCPS did extend an offer to Plaintiff in full satisfaction of her claim and that it did not violate the compensatory education plan and never disputed its obligation to comply with the plan.  Id. at 5-7.

### III. STATUTORY FRAMEWORK

The core purpose of the IDEA is to ensure that "all children with disabilities have available to them a free appropriate public education (FAPE) that emphasizes special education and related services designed to meet their unique needs[.]" 20 U.S.C. § 1400(d)(1)(A).  "School districts may not ignore disabled students' needs, nor may they await parental demands before providing special instruction."  Reid v. District of Columbia, 401 F.3d 516, 518 (D.C. Cir. 2005); see also Branham v. District of Columbia, 427 F.3d 7, 8 (D.C. Cir. 2005).  Rather, IDEA requires that school districts must identify, locate, and evaluate all children with disabilities who are in need of special education and related services.  See 20 U.S.C. § 1412(a)(3)(A); Reid, 401 F.3d at 519.

Each child with a disability is entitled to an individualized education program (IEP) which includes, among other provisions, "a statement of the special education and related services and supplementary aids and services to be provided to the child[.]" See 20 U.S.C. § 1414(d)(1)(A).  "[T]he IEP must, at a minimum, 'provid[e] personalized instruction with sufficient support services to permit the child to benefit educationally from that instruction.'"

Reid, 401 F.3d at 519; see also Branham, 427 F.3d at 9.

IDEA also provides that the state and local educational agencies shall ensure that parents of each child with a disability have the opportunity to examine the child's records; participate in meetings regarding the child's identification, evaluation and placement; and have the right to obtain "an independent educational evaluation of the child[.]" See 20 U.S.C. §§ 1414(f), 1415(b)(1). Parents who object to their child's "identification, evaluation, or educational placement" are entitled to an impartial due process hearing," 20 U.S.C. §§ 1415(b)(6), (f)(1), at which they have a "right to be accompanied and advised by counsel[.]" 20 U.S.C. § 1415(h)(1).

Under District of Columbia law, a "qualified impartial Hearing Officer" conducts the due process hearing in accordance with the IDEA. D.C. Mun. Regs., Tit. 5, § 3030.1. A parent who is dissatisfied with the determination of the hearing officer may bring a civil action in either state or federal court without regard to the amount in controversy. 20 U.S.C. § 1415(i)(2).

## IV. STANDARD OF REVIEW

A. *Summary Judgment*

Summary judgment shall be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Diamond v. Atwood 43 F. 3d 1538, 1540 (D.C. Cir. 1995). The burden is upon the non-moving party to demonstrate that there are material facts in dispute. Celotex, 477 U.S. at 324. There is a genuine issue of material fact "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Material facts are in dispute if they are capable of affecting the outcome of the suit under governing law. Id. In considering a motion for summary

Davis v. District of Columbia, et al. 9

judgment, all evidence and inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). The "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor." Anderson, 477 U.S. at 248; see also Bayer v. United States Dept. Of Treasury, 956 F. 2d 330, 333 (D.C. Cir. 1992).

In addition, Local Civil Rule 7(h) provides:

> Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement. <u>An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated</u>, which shall include references to the parts of the record relied on to support the statement... <u>In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.</u>

LCvR 7(h) (emphasis supplied); see also, LCvR 56.1.

The District of Columbia Circuit has held that "[i]f the party opposing the motion fails to comply with this local rule, then 'the district court is under no obligation to sift through the record' and should '[i]nstead...deem as admitted the moving party's facts that are uncontroverted by the nonmoving party's Rule [LCvR 7(h)] statement.'" Securities and Exch. Comm'n v. Banner Fund Int'l, 211 F. 3d 602, 616 (D.C. Cir. 2000) (citation omitted). The District of Columbia Circuit "[has] explained . . . that the 'the procedure contemplated by the [local] rule...isolates the facts that the parties assert are material, distinguishes disputed from undisputed

Davis v. District of Columbia, et al.                                                                                         10

facts, and identifies the pertinent parts of the record." Burke v. Gould, 286 F. 3d 513, 517 (D.D.C. 2002) (quoting Gardels v. Cent. Intelligence Agency, 637 F. 2d 770, 773 (D.C. Cir. 1980)). This circuit has affirmed the grant of summary judgment where the nonmoving party failed to cite any evidence in the record, and in the statement of genuine factual issues, "did not set forth specific, material facts, but simply asserted, without citing evidence in the record, that there was a disputed issue[.]" Burke, 286 F. 3d at 518 (quoting Tarpley v. Greene, 684 F. 2d 1, 7 (D.C. Cir. 1982)).

      B.  *IDEA*

When an action is brought pursuant to IDEA, the court is required to review the administrative record, hear additional evidence presented at the request of the parties, and based "on the preponderance of evidence shall grant such relief as the court determines is appropriate." Razzaghi v. District of Columbia, No. 03-1619, 2005 U.S. Dist. LEXIS 36771, *10-11 (D.D.C. September 28, 2005) (citing 20 U.S.C. § 1415(i)(2)©). "When no additional evidence is introduced in a civil suit seeking review of [a Hearing Officer Determination], a motion for summary judgment operates as a motion for judgment based on the evidence comprising the record." District of Columbia v. Ramirez, 377 F. Supp. 2d 63, 67 (D.D.C. 2005) (citing 20 U.S.C.§ 1415(i)(2)(B)). District courts are to give the hearing officer's decision "due weight." See Bd. of Educ. v. Rowley, 458 U.S. 176, 206 (1982) (holding that this provision "carries with it the implied requirement that due weight shall be given to" the administrative proceedings). However, the standard is "less deferential than that applied under the traditional substantial evidence test used in ordinary administrative review cases." Scorah v. District of Columbia, 322 F. Supp. 2d 12, 16 (D.D.C. 2004). It is also well-settled that the "party challenging the

Case 1:05-cv-02176-PLF     Document 16     Filed 09/28/2006     Page 11 of 18

Davis v. District of Columbia, et al.                                                                                11

administrative determination must at least take on the burden of persuading the court that the hearing officer was wrong." Kerkam v. McKenzie, 862 F.2d 884, 887 (D.C. Cir. 1988).

## IV.  DISCUSSION

First, the undersigned finds that Count III in Plaintiff's Complaint has become moot, since Defendants gave Plaintiff a copy of the transcript of the administrative hearing, a proposition which Plaintiff does not dispute. See Complaint ¶15; Defendants' Motion at 10. Plaintiff also failed to allege any facts or raise any legal arguments to support a claim under 42 U.S.C. § 1983 or Section 504 of the Rehabilitation Act.

Plaintiff's motion for summary judgment is accompanied by a statement of material facts as to which it is contended there are no genuine issues in dispute, in compliance with Local Civil Rule 7(h).  Plaintiff's Statement of Material Facts Not in Genuine Dispute.  Defendants' cross motion for summary judgment is accompanied by a statement which conforms to the requirements of Local Civil Rule 7(h); however, Defendants, in their opposition, did not set out the material facts as to which a genuine issue exists in compliance with Local Civil Rule 7(h). Defendants' Statement.  Plaintiff's Opposition did not include a list of material facts as which Plaintiff contends there is a genuine issue, supported by citations to the record.  Plaintiff's Statement.

Pursuant to Securities and Exch. Comm'n v. Banner Fund Int'l, 211 F.3d at 616, the undersigned deems Plaintiff's and Defendants' uncontroverted statements of material facts not in dispute as admitted.  Accordingly, all that remains to be determined is whether either side is entitled to judgment as a matter of law.

Davis v. District of Columbia, et al.                                                                                                  12

*1. The Hearing Officer did not err as a matter of law when he admitted in evidence testimony and notes from the resolution meeting.*

Plaintiff challenges the Hearing Officer's decision to allow testimonial and documentary evidence with respect to the resolution meeting in the administrative hearing, and using that evidence in deciding to dismiss the Plaintiff's Complaint. Plaintiff's Memorandum at 9. The Plaintiff contends that the Hearing Officer wrongly used the evidence in making his decision to dismiss the claim; that the resolution meeting was for the purpose of settlement; and that such evidence was protected by Rule 408 of the Federal Rules of Evidence. Id. Defendants argue that the resolution meeting was not a settlement negotiation, and that they told Plaintiff before the meeting that the information would not be kept confidential. Defendants' Memorandum at 15. The Defendants contend that even if the resolution meeting had been a settlement negotiation, the use of the evidence did not violate Rule 408 because the Hearing Officer did not use it to determine liability, but to assess whether Defendants followed IDEA's procedures. Id. at 16.

For the reasons set forth below, the undersigned finds that the Hearing Officer did not err as a matter of law when he admitted the evidence.

Plaintiff believes that all the information obtained during the resolution meeting should be confidential and that it should be protected under Rule 408. The rule states:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias, prejudice of a witness,

Davis v. District of Columbia, et al.                                                                                         13

> negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

FED. R. EVID. 408.

Rule 408 does not apply in this case because the resolution meeting was not a settlement negotiation. Section 1415 of IDEA states that the purpose of a resolution meeting is to resolve the complaint before the hearing; however, no provision of that statute suggests that the information disclosed during the meeting will be kept confidential. See 20 U.S.C. § 1415(f)(1)(B). If parents and the local educational agency agree in writing to waive this meeting, they may have a mediation process to try and resolve the complaint. Id. The educational agency pays for the mediation and the statute requires all discussions during the mediation to remain confidential. 20 U.S.C. § 1415(e)(2)(G). Plaintiff knew at the beginning of the resolution meeting that the notes would not be confidential when she asked the Local Educational Agency (LEA) this question, and the LEA replied that "[t]he LEA CANNOT agree to that given this is to be a conversation; we are not at trial or mediation." Defendants' Memorandum at 15; Resolution Meeting Notes at 1. The Defendants never held the resolution meeting out as a settlement negotiation, and Plaintiff had no reasonable expectation that believe the resolution meeting would be confidential. Therefore, the Hearing Officer did not err as a matter of law in using the meeting notes as evidence during the hearing.

*2. Hearing Officer erred in deciding that Plaintiff was obligated to take accept Defendants' offer.*

The Plaintiff contends that the Hearing Officer erred in dismissing her complaint on the basis of the determination that Defendants had offered Plaintiff a settlement in full satisfaction of

Davis v. District of Columbia, et al.                                                                                                    14

her complaint, and that she wrongly rejected it because Defendants did not agree to pay her attorneys' fees.  Hearing Officer's Decision at 5.  Plaintiff contends that the offer did not resolve all of the issues she raised her complaint because it did not resolve the issues of funding for Seeds of Tomorrow, transportation, and attorney fees.  Plaintiff's Memorandum at 13.  Defendants contend that they did meet all of the demands of Plaintiff, and that there was no discussion of reimbursement of attorneys' fees during the resolution meetings.  Defendants' Reply at 5-6.  However, the meeting notes indicate the LEA mentioned that D.D. could attend Seeds of Tomorrow, and that DCPS would reimburse Plaintiff as set out in the guidelines.  Resolution Meeting Notes at 1.  DCPS offered to reimburse up to $2,100 in costs, however, Plaintiff contends she could not afford to pay the costs up front and that $2,100 wold not be enough to cover the costs of the program.  Plaintiff's Memorandum at 13.  The LEA refused to discuss attorneys' fees during the meeting, stating that she had no authority to discuss such matters.  Id.  The meeting notes do not reflect any discussion as to what transportation, if any, would have been provided to D.D.  Plaintiff argues that the offer Defendants made was not to her satisfaction, and that pursuant to 20 U.S.C. § 1415(f), she is entitled to a due process hearing if the LEA does not resolve the complaint "to the satisfaction of the parent."

      The undersigned finds that the Hearing Officer erred in dismissing Plaintiff's complaint during the due process hearing for Plaintiff's failure to accept the offer made by Defendants.  The evidence shows that the Hearing Officer was incorrect in deciding that Defendants' offer was in full satisfaction of Plaintiff's claim, when the evidence shows that not all of Plaintiff's concerns, such as transportation and attorneys' fees, were addressed.  Plaintiff's complaint was not resolved to her satisfaction, and pursuant to 20 U.S.C. § 1415(f) she is entitled to a due process hearing.

Davis v. District of Columbia, et al.                                                                                    15

*3. The Defendants' conduct undermined the parent's right to counsel*

Plaintiff contends that Defendants' conduct undermined Plaintiff's right to counsel by not entertaining discussions relating to the payment or reimbursement to Plaintiff for attorneys' fees during the resolution meeting. Plaintiff's Memorandum at 14. In Johnson v. District of Columbia, the court held that the offer to settle Plaintiff's claim under IDEA being premised upon a waiver of attorneys' fees violated the IDEA's right to counsel provision. Johnson v. District of Columbia, 190 F. Supp. 2d 34, at 41 (D.D.C. 2002). A parent who files a Due Process complaint under IDEA is entitled to the opportunity to be "accompanied and advised by counsel. . . . " 20 U.S.C. § 1415(h)(1). Plaintiff argues that her right to counsel was undermined when the LEA refused to discuss attorney fees during the resolution meeting, informed Plaintiff that her complaint could be filed without an attorney after Plaintiff expressed her concerns that attorney's fees had not been adequately addressed. Plaintiff's Memorandum at 16.

Plaintiff contends she is entitled to attorneys' fees because such fees were incurred as a consequence of the inaction of Defendants. Id. The decision of the Defendants not to discuss attorneys' fees during the resolution meetings at issue in this action is similar to the actions of the defendants in Johnson who required waiver of attorneys' fees in its settlement offer. Johnson, F. Supp. 2d at 44. The court in Johnson, held that DCPS could not through its policies refuse to obey the law that allows attorneys' fees in cases that allow the collection of such fees. Id. at 42.

Defendants contend that IDEA requires a resolution meeting between the parties in order to promote an amicable resolution of parents concerns and avoid unnecessary litigation. Defendants' Memorandum at 12; 20 U.S.C. § 1415 (f)(1)(B). It is Defendants' argument that Plaintiff's counsel frustrated this goal by encouraging Plaintiff not to settle as a means to obtain attorneys'

Davis v. District of Columbia, et al.                                                                                                  16

fees. Defendants' Memorandum at 12.  Defendants compare the present case with LeSesne v. District of Columbia, because the plaintiff's counsel in LeSesne did not have his client's best interest when he pushed for attorney fees, just like Plaintiff's counsel did during the resolution meetings.  LeSesne v. District of Columbia, No. 04-0620, 2005 U.S. Dist. LEXIS 35699 (D.D.C. 2005).  D.D. or the Plaintiff, the Defendants contend, is similar to the child in LeSesne in that his unwillingness to cooperate caused the delay and his inability to attend the program at Seeds of Tomorrow.  Defendants' Memorandum at 13-14.

The undersigned finds that LeSesne is distinguishable from the present case.  The student in LeSesne would not cooperate with the DCPS in being tested by skipping school or not cooperating with the staff, and the counsel for the plaintiff avoided meeting with DCPS to set up an IEP and instead, proceeded with litigation.  LeSesne v. District of Columbia, No. 04-0620, 2005 U.S. Dist. LEXIS 35699 (D.D.C. 2005).  In the present case, Plaintiff was forced to endure a delay before D.D. was tested, and she needed a lawyer because of the inaction of Defendants in testing D.D. and not providing special education that he needed.

Defendants are correct that a plaintiff is not entitled to attorneys' fees for attendance at resolution meetings.  20 U.S.C. § 1415(i)(3)(D)(iii).  The Defendants do not provide evidence to show that Plaintiff is not entitled to attorney fees that were incurred before the resolution meeting, when she was trying to get DCPS to evaluate and set up an appropriate program for her son.  20 U.S.C. § 1415 does not preclude Plaintiff from recovering attorney fees if she settles IDEA claims during either administrative or judicial proceedings.

In sum, the undersigned finds that Defendants did undermined the parent's right to counsel.  The evidence shows that Defendants were the cause in the delay in testing D.D. and placing him in

Davis v. District of Columbia, et al.                                                                                                    17

the proper program to facilitate his ability to learn.  The delay in responding to Plaintiff's request caused her to incur attorney fees and Defendants would not discuss such fees during the resolution meetings and informed her that she did not need an attorney to file a complaint.  The court finds the present case similar to <u>Johnson</u>, and that here, Defendants' actions undermined Plaintiff's right to counsel.

### V. CONCLUSION

Upon consideration of the motions, oppositions and entire record herein, and for the reasons stated in this Report and Recommendation, it is hereby

**RECOMMENDED** that Plaintiff's Motion for Summary Judgment (Docket No. 5) be **GRANTED** with respect to Count I of complaint (hearing officer abused his discretion by his determination that the proposal offered by Defendants at the resolution meeting resolved all of Plaintiff's claims and that she was obligated to accept it); and it is

**FURTHER RECOMMENDED** that Plaintiff's Motion for Summary Judgment be **DENIED** with respect to Count II ("admi[ssion] of settlement discussions into evidence") and Count III (failure to provide transcript of the due process hearing); and it is

**FURTHER RECOMMENDED** that Defendants' Motion for Summary Judgment be **DENIED**; and it is

**FURTHER RECOMMENDED** that this action be remanded for further administrative proceedings consistent with this Report and Recommendation.

Davis v. District of Columbia, et al.                                                                                              18


September 28, 2006                                                         /s/
                                                                           DEBORAH A. ROBINSON
                                                                           United States Magistrate Judge


**Within ten days after being served with a copy, either party may file written objections to this report and recommendation.  The objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for the objection.  In the absence of timely objections, further review of issues decided by this report and recommendation may be waived.**