UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CHRISTINE DAVIS,<br>Parent and next friend of D.D.,[1] a minor,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 05-2176 (PLF/DAR)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' PARTIAL OBJECTIONS TO THE MAGISTRATE
JUDGE'S SEPTEMBER 28, 2006, REPORT AND RECOMMENDATION**

**INTRODUCTION**

　　Pursuant to Fed. R. Civ. P. 72, and LCvR 72.3(b), Defendants, through counsel, respectfully object to portions of the Magistrate Judge's Report and Recommendation, filed September 28, 2006 ("Report"). The Report recommends that the Court deny in part and grant in part the both the Plaintiff's April 10, 2006, Motion for Summary Judgment ("Plaintiff's Motion"), and the Defendants' June 13, 2006, Cross-Motion for Summary Judgment ("Defendants' Motion"). The Report recommends a remand for further proceedings consistent with the findings in the Report.

　　The Defendants here object to those portions of the Report that find (1) that the hearing officer erred when he decided that the Plaintiff was obligated to accept DCPS' offer at the resolution meeting (Report, at 13-15), and (2) that the Defendants' conduct undermined the Plaintiff's right to counsel (id., at 15-17).

---

[1] The minor will be referred to as D.D., pursuant to LCvR 5.4(f)(2).

In support of their position, the Defendants here incorporate by reference their June 13, 2006, Cross-Summary Judgment Motion and Opposition to Plaintiff's Summary Judgment Motion herein (especially pp. 3-6, 11-14), as well as the Defendants' August 11, 2006, Reply (especially pp. 5-7).

## BACKGROUND

The Plaintiff brought this case to appeal the October 6, 2005, District of Columbia Public Schools ("DCPS") Hearing Officer's Decision ("HOD"), made pursuant to the Individuals with Disabilities Education Improvement Act, 20 U.S.C. §§ 1400 *et seq.* ("IDEIA"). The HOD did not reach the substantive issue in the case, which was whether DCPS had violated a Compensatory Education Plan ("Plan") developed for the student at the May 27, 2005, multidisciplinary team ("MDT") meeting. Rather, the HOD dismissed the due process administrative complaint ("administrative complaint") on procedural grounds, finding that DCPS had offered full resolution of the administrative complaint at the July 27, 2005, resolution meeting, and that the Plaintiff's counsel had frustrated resolution by demanding attorneys' fees at that time. The Plaintiff here appeals that decision, alleging that the Hearing Officer erred: (1) by considering the resolution meeting notes and testimony about that meeting at the due process hearing, (2) by finding that DCPS offered full settlement of the administrative complaint at the resolution meeting, and (3) by not finding that DCPS' conduct frustrated the Plaintiff's right to counsel.

The Defendants submit that the HOD was proper and consistent with both the letter and the spirit of the IDEIA.

**ARGUMENT**

From the outset, it is important to note that the Defendants do not dispute several findings in the Report.  First, the Report correctly finds that Count III of the Complaint is moot because the Defendants have provided the Plaintiff with a copy of the transcript.  Report, at 11.  Second, the Report properly finds that the Plaintiff has not alleged any facts, or made any legal arguments, that support a claim of under 42 U.S.C. §1983 or a §504 of the Rehabilitation Act.  Id.  Finally, the Report also correctly finds that the Hearing Officer did not err when he considered meeting notes and testimony evidence from the resolution meeting at the due process hearing.  Report, at 12.  The Report specifically finds that the IDEIA does not require the notes to be confidential, that the DCPS personnel at the meeting made it clear from the beginning of the meeting that the meeting was not to be confidential, and that the Federal Rules of Evidence 408 does not apply because a resolution meeting is not a settlement negotiation.  Id., at 12-13.

As indicated above, however, the Defendants do dispute the Report conclusions (1) that the Hearing Officer erred when he decided the Plaintiff was obligated to accept DCPS' offer at the resolution meeting, and (2) that the Defendants' conduct undermined the Plaintiff's right to counsel.  Report, at 13-17.

**I.    At the resolution meeting, DCPS offered full
resolution of the administrative complaint.**

The Report wrongly suggests that the DCPS offer at the resolution meeting did not resolve Plaintiff's administrative complaint.  Report, at 14.  As discussed at length in Defendants' Reply, the offer did resolve the Plaintiff's administrative complaint with regard to educational matters—under the IDEIA, the specific purpose of a resolution meeting prior to a due process hearing.  Defendants' Reply, at 5-7.  In this regard, the Report finds that "the evidence shows that not all of Plaintiff's concerns, such as transportation and attorneys' fees, were addressed."  Report, at 14.

3

With regard to transportation, however, as noted in Defendants' Motion and Reply, if DCPS agrees to fund a private service provider and transportation is required to implement that service element, DCPS will provide such transportation in the usual course at no cost to the parent. Defendants' Motion, at 6, n. 6; Defendants' Reply, at 5. If the Plaintiff had agreed to the DCPS offer to fund Seeds of Tomorrow at the resolution meeting, transportation would have been provided. Thus, the Report errs when it suggests that transportation was unresolved.[2]

As to the issue of attorneys' fees, the Report wrongly suggests that attorneys' fees are appropriately discussed at a resolution meeting. As the Defendants' demonstrated in their Motion, Congress added the resolution meeting to the due process procedure after finding that "[p]arents and the schools should be given expanded opportunities to resolve their disagreements in positive and constructive ways." IDEIA, 20 U.S.C. § 1400(c)(8); Defendants' Motion, at 11-14. To encourage a non-adversarial discussion at the resolution meeting, the IDEIA does not allow the parties to recover attorneys' fees for the meeting and does not permit the school to have an attorney present unless the parent is accompanied by counsel. 20 U.S.C. § 1415(f)(1)(B). Clearly, the goal of the resolution meeting is to encourage the amicable resolution of parents' educational concerns, and to avoid needless litigation.

Simply put, the Report ignores the letter and the spirit of the IDEIA when it suggests that the discussion of attorneys' fees at the resolution meeting—which is not an educational matter—must be entertained, and can be itself, without more, the basis for refusing to resolve the educational issues raised in an administrative complaint.

---

[2] The Report cites another issue—reimbursement—that the Plaintiff alleges was not resolved with DCPS' offer, but does not make a recommendation with regard to that issue. The Defendants here reiterate that reimbursement was not raised as an issue at the resolution meeting, and refer to its Reply at page 6, note 5, which discusses the Petties process for direct billing of DCPS by private providers.

4

**II.     DCPS did not frustrate the Plaintiff's right to counsel.**

Surprisingly, the Report finds that the Defendants frustrated the Plaintiff's right to counsel, rather than determining that the Plaintiff's counsel prevented the amicable resolution of the administrative complaint.  Report, at 17.  The clear intent of the resolution meeting is to encourage the school system and the parents to work out their dispute concerning educational issues in a non-adversarial process.  In this case, DCPS came prepared to the meeting to do just that.  DCPS did not prevent the Plaintiff from having counsel as the Report suggests, by refusing to discuss attorneys' fees, or by mentioning that the Plaintiff could file an administrative complaint without counsel.  DCPS was merely trying to conduct a resolution meeting without injecting issues that are wholly unrelated to the student's educational programs.  The record clearly demonstrates that the Plaintiff herself was in agreement regarding the implementation of the Compensatory Education Plan.  Defendants' Motion, at 3-5 (which cites the record).  To the extent the Plaintiff's counsel believed he was entitled to fees, the statute extends an opportunity to request reimbursement of fees.

In support of the conclusion that DCPS frustrated the Plaintiff's right to counsel, the Report cites Johnson v. District of Columbia, 190 F. Supp. 2d 34 (D.D.C. 2002), which held that DCPS could not through its policies interfere with the statutory right to collect attorneys' fees. Report, at 15.  That case is distinguishable, however, because it predates the inclusion in the 2004 IDEIA amendments of a pre-hearing resolution session—one specifically intended to obviate unnecessary litigation over substantive educational needs.  In the Johnson case, the parties entered into a private settlement prior to the due process hearing which included a waiver

of attorneys' fees. In the present case, the parties were not in settlement negotiations; they were in resolution meeting discussions.[3]

## CONCLUSION

This litigation is exactly what Congress intended to avoid with the requirement for a resolution meeting. See Defendants' Motion, at 11-13. A miscommunication about whether or not DCPS had approved a private provider for a compensatory education program resulted in a (premature) filing of a due process administrative complaint. Prior to the due process hearing, and during the resolution meeting, DCPS indicated to the parent that it had already approved the private program to deliver D.D.'s services, and that D.D. could begin those services right away. Rather than ending the litigation there, the Plaintiff's counsel interposed attorneys' fees as a bar to agreement and prevented the resolution of the case.

At the time the administrative complaint was filed and the resolution meeting convened, the Defendants were not out of compliance with the Compensatory Education Plan on its face.

---

[3] At page 16 of the Report, the Magistrate Judge finds that "[t]he evidence shows that the Defendants were the cause in the delay of testing D.D. and placing him in the proper program to facilitate his ability to learn," apparently as an illustration of one way in which the Plaintiff's counsel may have incurred attorneys' fees, thus supporting the idea that DCPS' refusal to discuss fees was in effect a denial of a right to counsel under the IDEIA. However, these findings do not support this position and in fact demonstrate a lack of understanding about what is before this Court. First, the Plaintiff sought a due process hearing because she believed that DCPS was not in compliance with the May 27, 2005, Compensatory Education Plan, which was developed pursuant to a prior settlement agreement. That Plan, which the Plaintiff and her educational advocate signed, addressed the previous problems DCPS may have had in providing D.D. with services. Compensatory Education Plan and Meeting Notes, R. at 30-34. Thus, the previous delay in testing is not at issue in this case.

Second, the Report's finding that DCPS delayed placing him in an appropriate compensatory education program is inaccurate (the Defendants assume that the Report is referring to the supplementary, compensatory education program and not the student's placement and program which is not before this Court). The Compensatory Education Plan provided that DCPS either fund Seeds of Tomorrow beginning in July of 2005, or provide services itself in September of 2005. Compensatory Education Plan, R. at 30. The resolution meeting was at the end of July (and the administrative complaint was filed July 12, 2005), *before* the deadline for funding Seeds of Tomorrow and *well before* the September deadline for DCPS to provide the services. Defendants' Motion, at 14. Furthermore, as noted in Defendants' Motion at page 6, with regard to Seeds of Tomorrow, the Hearing Officer found that, based on the testimony of both the Plaintiff's Educational Advocate Cheron Sutton-Brock and DCPS Placement Specialist and Monitor Dwight Thomas, both "parties were mutually negligent in failing to ensure that another conversation took place to clarify whether Petitioner would attend a summer session to receive the services." HOD, R. at 4, note 4. Without any record citation, the Report inappropriately contradicts this finding of the Hearing Officer.

Clearly, this is a situation in which DCPS and the parent could have resolved their dispute because in fact there was not a dispute—only a lack of communication regarding DCPS' approval of Seeds of Tomorrow.

The Court should not follow the portions of the Report and Recommendation of the Magistrate Judge disputed herein, should deny the Plaintiff's Motion for Summary Judgment, and should grant the Defendants' Motion for Summary Judgment in its entirety.

                              Respectfully submitted,

                              ROBERT J. SPAGNOLETTI
                              Attorney General of the District of Columbia

                              GEORGE C. VALENTINE
                              Deputy Attorney General
                              Civil Litigation Division

                              **/s/ Edward P. Taptich**
                              EDWARD P. TAPTICH [#012914]
                              Chief, Equity Section 2

                              **/s/ Eden I. Miller**
                              EDEN I. MILLER [#483802]
                              Assistant Attorney General
                              441 Fourth Street, N.W., Sixth Floor South
                              Washington, D.C. 20001
                              (202) 724-6614
                              (202) 727-3625 (fax)
October 16, 2006                 Eden.Miller@dc.gov