UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHRISTINE DAVIS,** : | |
| **Parent and next friend of D.D., a minor** : | |
| : | |
| Plaintiffs : | Civil Action No. 05-2176(PLF/DAR) |
| : | |
| v. : | |
| : | |
| **DISTRICT OF COLUMBIA** : | |
| : | |
| Defendant : | |
| : | |

## PLAINTIFFS' MOTION TO STRIKE

**COMES NOW**, the Plaintiffs, by and through their counsel, Tilman L. Gerald and Roxanne D. Neloms, of James E. Brown and Associates P.L.L.C., respectfully move to strike the Defendant's Partial Objections to the Magistrate Judge's September 28, 2006, Report and Recommendation for the reasons that follow:

1. That on April 28, 2006, this Honorable Court entered an order referring the above captioned appeal to Magistrate Judge Deborah A. Robinson for Report and Recommendation.

2. That the parties complied with the scheduling order established by this Honorable Court and filed their respective dispositive motions and oppositions in a timely fashion.

3. That on September 28, 2006, Magistrate Judge Robinson issued her Report and Recommendation, wherein she granted in part and denied in part Plaintiffs' Motion for Summary Judgment.

4. That in the September 28, 2006 Report and Recommendation, Magistrate Judge Robinson, as

prescribed by Fed. R. Civ. P. 72 and LCvR 72.3(b), advised the parties that any objections to the proposed report and recommendations must be filed within ten days of service on either party. (See page 18 of the Magistrate Judge's Report and Recommendations). That the said Report and Recommendations was filed electronically and service effected upon the parties simultaneously.

5. That under both the Federal Rule of Civil Procedure 72 and Local Rule 72.3(b), any objections to Magistrate Robinson's Report and Recommendations necessarily had to be filed by 11:59p.m., October 13, 2006.

6. That on October 16, 2006, the Defendant filed its Partial Objection to the Magistrate Judge Robinson's September 28, 2006, Report and Recommendation.

7. That the Defendant's Partial Objection to the Magistrate Judge Robinson's September 28, 2006 Report and Recommendations is untimely as it should have been filed no later than October 13, 2006, 11:59p.m.

8. That prior to filing its Partial Objection on October 16, 2006, the Defendant did not seek nor has it obtained leave of court to file its Objection to the Magistrates' Report and Recommendations out of time and as a consequence thereof it should be stricken as having been filed untimely.

9. That LC.vR 72.3(b) provides that the failure of a party to file timely objections to the Magistrate Judge's report and recommendations may result in a waiver of that party's right to de novo review by the district court of the proposed findings and recommendations as well as from appellate review of the factual findings adopted and or accepted by the district court. *See Branning v. Morgan Guaranty Trust Corp. of N.Y.*, 739 F.Supp. 1056, (D.S.C. 1990); also see *Fenner v. Moran,* 772 F. Supp. 59, (D.R.I.1991), where the court held that the "failure to timely file specific objections to

magistrate judge's recommendations, findings, or report, is a waiver of the right to review by the district court."

10. That the Defendant has not offered a plausible or reasonable justification to excuse his tardiness occasioned in the late filing of his Partial Objection nor has he filed a motion pursuant to Rule 6(b) requesting an extension of time within which to file his objections. The court for cause shown may extend or enlarge the time for an act to be done at or within a specified time. Also see *Cobell v. Norton*, 213 F.R.D. 42 (2003), where the district court held that a good faith misunderstanding concerning the deadline for filing, even where no prejudice befalls the other party, has not been found to constitute good cause shown as would excuse the lateness of filing. In this case the Defendants can not, in good faith or good conscience, argue any such misunderstanding with regard to the filing of their Partial Objection. Such an argument, if made, would be unavailing, thereby making a motion to strike appropriate in this instance. It is only fair to require the parties to comply with Federal Rules of Civil Procedure and the Local Rules. See Cobell, supra.,

11. That the Defendant's failure to file its Partial Objection within ten (10) days after service of same and in a timely manner bars the Defendant from a de novo review of the Magistrate Judge's Report and Recommendations and from appellate review of the factual findings adopted by the district court. The Partial Objection filed on October 16, 2006, should therefore be rejected and stricken.

   **WHEREFORE,** these premises considered, the Plaintiffs respectfully request that this Honorable Court grant their Motion to the Strike the Defendant's Partial Objections to the Magistrate Judge's September 28, 2006, Report and Recommendation.

                Respectfully Submitted,

                /s/
                Tilman L. Gerald [928796]
                Roxanne D. Neloms[478157]
                James E. Brown & Associates, PLLC
                1220 L Street, N.W., Suite 700
                Washington, D.C. 20005
                (202)742-2000
                (202)742-2098(fax)
                *Attorneys for Plaintiffs*

## **POINTS AND AUTHORITIES**

1. September 28, 2006 Magistrate Judge's Report and Recommendations.

2. Fed. R. Civ. P. 72, and LCvR 72.3(b).

3. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

4. *Fenner v, Moran,* 772 F. Supp. 59, (D.R.I. 1991)

5. The inherent equitable and discretionary power of this Honorable Court.

                /s/
                Tilman L. Gerald
                Roxanne D. Neloms