UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| CHRISTINE DAVIS,<br>Parent and next friend of D.D., a minor,<br><br>Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 05-2176 (PLF/DAR)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' MEMORANDUM AND POINTS OF AUTHORITIES
IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

**PRELIMINARY STATEMENT**

Defendants respectfully oppose the Plaintiff's October 26, 2006, Motion to Strike the Defendant's October 16, 2006, Partial Objections to the Magistrate Judge's September 28, 2006, Report and Recommendations. The Plaintiff alleges that the Defendants' Partial Objections were untimely because the Defendants should not have applied three additional days to the filing deadline for service by electronic means.

As the Defendants will demonstrate below, their submission was timely, and this Court should not strike it from the record.

**ARGUMENT**

**The Defendants timely filed their Partial Objections to the
Magistrate Judge's Report and Recommendation, pursuant
to the applicable Court Rules and case law in this jurisdiction.**

According to Fed. R. Civ. P. 72, "[w]ithin 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order…" See also LCvR 72.3(b). Because the prescribed time period is less than 11 days, weekends

and holidays are excluded from the computation, pursuant to Fed. R. Civ. P. 6(a). The Court Rules also permit three additional days when service is made by electronic mail. See Fed. R. Civ. P. 6(e). Rule 6(e) references Fed. R. Civ. P. 5(b)(2)(D), which permits additional time for service by electronic means, if local court rules allow service by electronic means. Because Local Civil Rule 5.4 requires service to be made by electronic means in the District of Columbia District Court, the three additional days for service by electronic means applies in this jurisdiction. Those three days are to be applied *after* computing the 10 business days prescribed by Rule 72. See CNPQ-Conselho Nacional De Desenvolvimento Cientifico E Technologico v. Inter-Trade, Inc., 50 F.3d 56, 58 (D.C. Cir. 1995).

Applying the above computation, the Defendants timely filed their Partial Objections to the Report on the final day permissible—October 16, 2006.[1]

Apparently, the Plaintiff contends that the Defendants improperly applied three additional days to the prescribed period for filing such objections, and should have filed their objections no later than October 13, 2006. Plaintiff cites no case law to support this position.[2] Further, the Plaintiff fails to acknowledge or address Rule 6(e) at all, which as demonstrated above, permits three additional days under various circumstances, including service by electronic mail.

---

[1] The Magistrate Judge issued her Report on September 28, 2006. Ten business days from the date of service would be October 13, 2006 (which excludes four weekend days and Columbus Day). The additional three calendar day extension results in a deadline of October 16, 2006.

[2] The three cases that the Plaintiff does cite (Branning v. Morgan Guaranty Trust Corp. of N.Y., 772 F. Supp. 59 (D.S.C. 1990), Fenner v. Moran, 772 F. Supp. 59 (D.R.I. 1991), and Corbell v. Norton, 213 F.R.D. 42 (D.D.C. 2003) do not address Fed. R. Civ. P. 6(e). The Plaintiff cites both Branning and Fenner for the position that failure to make specific, timely objections to a magistrate judge's report and recommendations will result in a waiver of the right to review by the district court, a position which is irrelevant here as the Defendants have timely filed their specific objections. The Plaintiff cites Corbell for the position that a good faith misunderstanding about a deadline does not excuse lateness. Again, because the Defendants' filing is timely, this argument is irrelevant.

2

**CONCLUSION**

For the above reasons, this Court should not strike the Defendant's Partial Objections from the record because the submission was timely.

Respectfully submitted,

EUGENE A. ADAMS
Interim Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

**/s/ Edward P. Taptich**
EDWARD P. TAPTICH
Chief, Equity Section 2
Bar Number 012914

**/s/ Eden I. Miller**
EDEN I. MILLER
Assistant Attorney General
Bar Number 483802
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6614
(202) 727-3625 (fax)
E-mail: Eden.Miller@dc.gov

November 8, 2006