UNITED STATES DISTRICT OF COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHRISTINE DAVIS** : | |
| **Parent and next friend of D.D., a minor** : | |
| : | |
| Plaintiffs, : | |
| : | Civil Action No. O5-CA-2176(PLF/DAR) |
| v. : | |
| : | |
| **DISTRICT OF COLUMBIA, <u>et al.</u>** : | |
| : | |
| Defendants. : | |
| : | |

### PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE

COMES NOW, the Plaintiffs, Christine Davis, parents and next friend of D.D., a minor, by and through their attorneys, and in their Reply to the Defendants' Opposition to Plaintiffs' Motion to Strike respectfully represents unto this Honorable Court as follows:

### PROCEDURAL BACKGROUND

On September 28, 2006, the Honorable Magistrate Judge Debra A. Robinson issued her Report and Recommendations with respect to the parties' motions for summary judgment. At the very end of her Report and Recommendations, Magistrate Robinson, pursuant to Rule 72 of the Federal Rules of Civil Procedure, in pertinent, wrote that " . . . Within ten days after being served with a copy, either party may file written objections to this report and recommendations . . . . " The Defendants lodged their Partial Objections to the Magistrate's Report and Recommendations on October 16, 2006. On October 26, 2006, Plaintiffs' filed a Motion to Strike the Partial Objections which were filed by the Defendants on the ground that they were untimely. Plaintiffs asserted in their motion that pursuant to the directive set forth in the Magistrate's Report and Recommendations as

well as the applicable rules of this Honorable Court, the Defendants were required to file their objections on or before, but no later than October 13, 2006, the tenth business day after the entry of the magistrate's Report and Recommendations on September 28, 2006. The Defendants, in opposing the Plaintiffs' Motion to Strike, argues that ". . . [b]ecause Local Civil Rule 5.4 requires service to be made by electronic means in the District of Columbia, three additional days for service by electronic means applies. Those three days are to be applied *after* computing the 10 business days prescribed by Rule 72 . . . "[citation omitted]. The Defendants go on to argue that their filing was timely. Plaintiffs, in reply, find that while the defendants' interpretation of the applicable rules regarding service and time is creative, it is deficient and erroneous.

## ARGUMENT

### THE ADDITIONAL THREE (3) DAYS HAS NO APPLICATION THUS THE DEFENDANTS' PARTIAL OBJECTIONS ARE UNTIMELY

In their opposition to Plaintiffs' motion to strike, the Defendants argue that their Partial Objections to the Magistrate's report and Recommendations were filed in a timely manner. That is, their position is that in addition to the 10 business days provided in Rule 72 of the Federal Rules of Civil Procedure, they were the beneficiaries of an additional three (3) days under Local Rule 5.4. Pursuant to Rule 72, the following days were excluded from the computation of the ten day period, namely September 30, October 1, 7, 8 and 9. October 9, 2006 was a federal holiday, while the other days were either Saturdays or Sundays. The Defendants do not dispute that the ten day period prescribed in Rule 72 fell Friday on October 13, 2006. The Defendants also cannot dispute that the Report and recommendations was not placed in the mail.

However, the argument that Rule 6(e) provides three additional days for filing, succinctly

stated, is hollow, wholly absent of any merit. To wit, Rule 6(e), entitled "Additional Time After Certain Kinds of Service," provides that "Whenever a party must or may act within a prescribed period of after service and service is made under Rule 5(b)(2)(B), (C), or (D), 3 days are added after the prescribed period would otherwise expire under subdivision (a)." Subsection 5(b)(2)(B) can immediately be eliminated from consideration in this instance as it specifically provides for three additional days if service is effected by use of the United States Postal Service. The Magistrate did not mail her Report and Recommendations to the parties in the case sub judice. Similarly, Subsection 5(b)(2)(C) has no application because it provides an additional three days in the event the " . . . person served has no known address, leaving a copy with the clerk of the court . . . " In this case the addresses of the parties were known and copies of were not left with the clerk. Further, this provision is also inapplicable because, on its face, it is rather apparent that in all likelihood it deals with service of pleadings between parties rather than orders or entries made by the judges and/or magistrates of this Honorable court. Thirdly, subsection 5(b)(2)(D), which provides service by " . . . Delivering a copy by another means, including electronic, consented to in writing by the person served..."offers no support for the premise advanced by the Defendants.

Defendants' reliance on this provision to provide a foundation for its untimely filing is both misplaced and unavailing under the attendant circumstances of this case. The three additional days to which the Defendants allude in their papers were allotted to compensate for delays in the delivery of mail and in situations where a party may not have a CM/ECF password. LCvR 5.4(d)(1) provides that " . . . Electronic filing of any document operates to effect service on counsel or pro se parties who have obtained CM/ECF passwords . . . " In this case, there was no delay in the delivery of the Magistrate's Report and Recommendations. They were entered on September 28, 2006 and received

by the parties on September 28, 2006. Thus, the Defendants cannot reasonably dispute that their counsel received the Magistrate's Report and Recommendations as result of them having CM/ECF passwords. That having been said, the Defendants can find no refuge under the rules to excuse the untimely filing of their Partial Objections. Moreover, it is abundantly clear that the ten day period provided under Rule 72 in this instance, expired on October 13, 2006. It is also clear that the three additional days prescribed in Rule 5(b)(2)(B), ( C ) and (D) are inapplicable as this case does not fall within the purview of these subsections and as noted by LCvR 5.4(d)(1). Defendants' attempt to characterize service as outside the purview of LCvR 5.4(d)(1) is disingenuous and constitutes a vain if not a flagrant attempt to excuse the untimely filing of their Partial Objections is tantamount to frivolity, if not bad faith. Service of the Report and Recommendations filed by the magistrate in this case was contemporaneous with its CM/ECF transmission and consequently there was no delay. The ten day period began to run from September 28, 2006, the date of service of the Magistrate's Report and Recommendations.

## **CONCLUSION**

In conclusion, Plaintiffs aver that the Defendants have failed to establish that the Partial Objections to the Report and Recommendations, filed on October 16, 2006, in response to the Magistrate's Report and Recommendations served electronically via CM/ECF upon counsel for the parties on September 28, 2006, were untimely filed. Since service of the Report and Recommendations were made by CM/ECF electronic means rather than pursuant to Rule 5(b)(2)(B), ( C ) or (D) , service was effective upon transmission and the three additional days claimed by the Defendants are unavailable. Thus, consistent with the magistrate's directive and Rule 72, the Defendants were required to file their Partial Objections by October 13, 2006 rather than by October

4

16, 2006. The Defendants therefore failed to preserve their objections by their untimeliness. In light of the foregoing, Plaintiffs respectfully request that this Honorable Court find that the partial objections are untimely and are not to be considered by this Honorable Court in its review of the Magistrate's Report and Recommendations issued on September 28, 2006.

Respectfully Submitted,

/s/
Tilman L. Gerald [928796]
Roxanne D. Neloms[478157]
James E. Brown & Associates, PLLC
1220 L Street, N.W., Suite 700
Washington, D.C. 20005
(202)742-2000
(202)742-2098(fax)
*Attorneys for Plaintiffs*