## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CHRISTINE DAVIS,** | : | |
| **Parent and next friend of D.D., a minor** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action No. 05–2176** |
| **DISTRICT OF COLUMBIA, et al.** | : | **PLF/DAR** |
| | : | |
| **Defendants.** | : | |
| | : | |

### PLAINTIFF'S REPLY TO THE DEFENDANTS' PARTIAL OBJECTIONS
### TO THE MAGISTRATE'S REPORT AND RECOMMENDATIONS

The Defendants in this case have filed partial objections to the Report and Recommendations (hereinafter referred to as the "Report") rendered by Magistrate Deborah Robinson on September 28, 2006. The Defendants have argued in their partial objections that they offered full resolution of the administrative complaint and that they did not frustrate Plaintiff's right to counsel. The Plaintiff's view is that the objections are without merit and that this Honorable Court should therefore reject the frivolous argument made by the Defendants and adopt and confirm the Magistrate's Report and Recommendations in its entirety.

In her Report and Recommendations, Magistrate Robinson takes exceeding pain and care to set forth both the factual  procedural background in this case. What is abundantly clear is that the Report meticulously detailed and discusses the travail that the Plaintiff encountered in the pursuit of special education benefits and services for her son. Having the benefit of being thoroughly familiar with the underlying facts of this case, the Magistrate was able to make rulings appropriately supported by both fact and law. Plaintiffs will hereafter address the specific issues to which the Defendant has objected.

## ARGUMENT

## THE DEFENDANTS' OFFER DID NOT RESOLVE ALL
## ISSUES RAISED IN PLAINTIFFS' ADMINISTRATIVE COMPLAINT

The Defendants did not offer full resolution of the administrative complaint with respect of educational matters as they argue here. (See Partial Objections at 4). The foregoing was not an issue decided by the Magistrate. What the Magistrate found was that the Hearing Officer could not deprive the Plaintiff, and presumably any party bringing a Due Process Complaint against the Defendant, of a due process hearing because she refused an offer tendered at a resolution meeting. Specifically, the Magistrate found that the Hearing Officer erred in deciding that Plaintiff was obligated to accept the Defendants' offer of settlement. The logic and reasoning used to reach her findings are flawless and will effortlessly withstand scrutiny.

To wit, the argument that the Defendants make that the offer as tendered by the Defendants offered full resolution of Plaintiff's administrative complaint while neither persuasive nor meritorious may be said to be somewhat creative. The assertions that the Defendants have made are unsupported by the facts in this case. For instance, in their effort to get around the issue of transportation, the Defendants state that " . . . if DCPS agrees to fund a private service provider and transportation is required to implement the service element, DCPS will provide the such transportation in the usual course at not cost to the parent . . . " The operative word is obviously "if". The foregoing is an important and vital point if the Defendants argument is to survive.

However, while the foregoing may well be the established policy of the Defendants, in this case, the all important "if" did not occur and the Magistrate correctly found that to be the case. In her Report, at 14, Magistrate Robinson, rejecting the defendant's position, stated that " . . . the

meeting notes indicate that the LEA mentioned that D.D. could attend Seeds of Tomorrow , and that DCPS would <u>reimburse</u> (emphasis added) out in the guidelines . . . " Quite clearly, then the Defendants did not offer to fund D.D.'s placement at Seeds of Tomorrow, but rather offered to "reimburse" Plaintiff as set forth in the guidelines.  Plaintiffs requested the Defendants to fund  to reimburse, to pay rather than refund.  The attempt of the Defendants to equate their offer to reimburse placement with Plaintiff's request that DCPS fund placement fails and their argument unpersuasive.  To condition the agreed upon placement of D.D. at Seeds of Tomorrow upon the ability of his parents to front the costs thereof, as was the case here, is a burden not contemplated by and indeed manifestly incompatible with the expressed purpose of the IDEIA, that being providing access to FAPE for all children with disabilities.

Similarly, the Magistrate did not err when she found that the transportation issue was unresolved.  On page 14, the Report states that " . . . the meeting notes do not reflect any discussions as to what, if any, transportation would be provided . . . "  The Defendants' contention that they offered full resolution of the educational issues is fallow, without substance and unworthy of favorable consideration.   The evidence of record did not evince nor have the Defendants demonstrated that they ever offered to "fund" the placement of D.D. at  Seeds of Tomorrow as the Plaintiffs sought or that the issue of transportation was discussed at the subject resolution meeting..

The contention of the Defendants that attorneys' fees are not proper discussion at resolution meetings is equally untenable and tainted.  While Plaintiff agrees with the noble purpose of "resolution meetings," the history of this case as is detailed in the Report describes the struggles that Plaintiff Christine Davis encountered in dealing with the Defendants in her efforts to obtain special education benefits for her son.  The Defendants entered into and failed to comply with the terms of

at least two prior settlement agreements. ( See Report at pages 2 and 3). The Plaintiff incurred legal fees with respect to prosecuting the two prior due process complaints as well as the most recent due process complaint which is the subject of this appeal. The Plaintiff agrees that attorneys fees for time expended at a resolution meeting are not compensable, but she asserts that attorneys fees incurred up to the resolution meeting are permissible and compensable. Any discussion of the issue of attorneys fees at the resolution meeting is not statutorily proscribed as alleged by the Defendants and does not present an obstacle to nor otherwise discourage "non-adversarial" and amicable discussion of relevant issues at a resolution meeting.

This argument is a red herring and is calculated to distract attention from the real issue, i.e., was the DCPS offer of settlement to the satisfaction of the parent. This is the litmus test that the Defendants must satisfy. The Defendants' position on this issue is maligned and disputed by the record. The truth is that the Plaintiff found that the offer made by the Defendants fell far short of the relief the Plaintiff sought in the Due Process Complaint and rejected same as she has a legal right to do. Since the meeting did not result in a resolution of the complaint to satisfaction of the Plaintiff (emphasis added), the Magistrate did not err when she stated in the Report that the Hearing Officer erred when he ruled that Plaintiff was obligated to accept the offer of the Defendants.

## II. THE DEFENDANTS DID UNDERMINE PLAINTIFF'S RIGHT TO COUNSEL

_____The finding of the Magistrate that the conduct of the Defendants undermined the Plaintiff's right to counsel should not in any way be surprising to the Defendants as they have alleged. The Defendants claim surprise that the Magistrate did not find that Plaintiff's counsel prevented the amicable resolution of the administrative complaint. The Defendants can point to no action or

conduct that was undertaken by Plaintiff's counsel that in any way negatively impacted upon or otherwise discouraged the amicable and non-adversarial discussion at the resolution meeting. What the Defendants would have the Court to believe is that any discussion relative to reimbursement of attorneys fees incurred by the Plaintiff in some way inhibited their ability to participate in non-adversarial discussions at a resolution meeting. In the Report, the Magistrate sets out the factual background that irrefutably details the repeated failings of the Defendants with respect to their obligations to provide special education services to D.D. as well as the comments that were made to the Plaintiff parent in the presence of her counsel with respect to necessity of representation. The Defendants apparently do not take issue or deny that the LEA not only refused to discuss the issue of attorneys fees but also informed the Plaintiff that her complaint could be filed without an attorney. (See Report at 15). Certainly those statements were not made to nurture the existing lawyer client relationship that existed between Plaintiff and her counsel, but rather were made with the obvious intent of creating a chasm in that relationship and thereby permitting the Defendants to unfairly derive benefit from their inaction.

The argument advanced by the Defendants that they were only trying to conduct a meeting without injecting non-educational issues is self serving and has absolutely no merit. As the Magistrate rightly observed in the Report, " . . . Plaintiff was forced to endure a delay before testing, and she needed a lawyer because of the inaction of Defendants in testing D.D. and not providing the special education that he needed . . . " (See Report at 16). The Report further states that " . . . [T]he evidence shows that Defendants were the cause in the delay in D.D. and placing him in the proper program to facilitate his ability to learn. The delay in responding to Plaintiff's request caused her to incur attorneys fees and Defendants would not discuss such fees during the resolution meeting and

informed her that she did not need an attorney to file a complaint . . . " The record does not otherwise point to conduct that was undertaken by either Plaintiff or her counsel that in any way discouraged or prohibited the orderly, amicable and non-adversarial discourse at the resolution meeting. In this case, the Report correctly recognizes the inextricable link between the Defendants' failings and duplicitous behavior with respect to D.D.'s special education needs, the legal responsibility of the Defendants to provide special education service and benefits to D.D., and the rights to receive them and the necessity of the Plaintiff to retain the services of counsel to force the Defendants to do not only what the law requires of them but also to adhere to settlement agreements to which they were parties. This case is more similar to *Johnson v. District of Columbia*, 190 F. Supp. 2d 34(D.D.C. 2002), than it is dissimilar. To wit, the refusal of the Defendants to discuss attorneys' fees at the resolution meeting in this case had the same objective and result as requiring a waiver of attorneys fees a condition precedent to entering into a settlement agreement especially given the position the Defendant has taken with respect to Plaintiff's ability to obtain reimbursement of attorneys' fees pursuant to private settlement agreements.

Therefore, given the tepid and purloined argument presented by the defendants, the Magistrate did not err in finding that the conduct of the Defendants improperly undermined the Plaintiff's right to counsel and accordingly, this Honorable Court should adopt the Magistrate's Report and Recommendations in its entirety.

## **CONCLUSION**

The Defendants are correct when they state that this litigation is what Congress intended to avoid. However, the Defendants appear to be oblivious to the reality that this litigation is a result of their conduct and their abject refusal and/or failure to provide special education services

and benefits that they were obligated to provide to D.D.  Albeit the Defendants state that " . . . this is a situation in which DCPS and the parent could have resolved their dispute . . . ," the uncontroverted evidence is that the DCPS' dismal record of compliance and its inexplicable unwillingness to afford special education to D.D. is singly the reason that litigation was a necessity in this matter. This parties could have resolved this matter had the Defendants offered a resolution to the satisfaction of the parent. Since the Defendants did not, this Honorable Court should adopt the Report and Recommendation, thereby denying the Defendants' Motion for Summary Judgment and granting Plaintiffs' Motion for Summary Judgment.


                                          Respectfully Submitted,


                                          _____/s/_____
                                          Tilman L. Gerald [928796]
                                          Roxanne D. Neloms [478157]
                                          James E. Brown & Associates, PLLC
                                          1220 L Street, N. W., Suite 700
                                          Washington, DC 20005
                                          (202)742-2000 (Tele.)
                                          (202) 742-2098 (Fax)
                                          **Attorneys for Plaintiff**


January 3, 2007____
Date