UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHRISTINE DAVIS )
Parent and next friend of D.D., a minor )
)
Plaintiff )
)
v. )
)  Civil Action No. 05-2176
)  PLF/DAR
DISTRICT OF COLUMBIA, et al., )
)
Defendants )
)

## PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEY FEES AND COSTS

COMES NOW, Tilman L. Gerald, Esquire, Roxanne D. Neloms, Esquire, and James E. Brown & Associates, PLLC, on behalf of Christine Davis, parent and next parent of D.D., a minor, and hereby petitions this Honorable Court for an award of attorneys' fees incurred in the case *sub judice* pursuant to 20 U.S.C. §1415(i)(3)(B), U.S.C. §1988, Local Civil Rule 54.2 and Fed R. Civ. P. 54(d) *et seq.*, in the amount of in prosecuting this matter in the District Court.

On January 11, 2007, this Honorable Court, in adopting in part the Report and Recommendations of Magistrate Judge Deborah A. Robinson, granted Plaintiff Summary Judgment on Count I of her Complaint. Count I of the Complaint, alleged that the Hearing Officer erred when he held that the Plaintiff was obligated to accept a settlement proposal offered at a resolution meeting, was the most significant issue presented for resolution by the District Court. The District Court refused to validate the decision at the administrative level finding that the hearing officer erred in dismissing Plaintiff's Due Process hearing because Plaintiff refused to accept the settlement offer that was tendered by the Defendants. Therefore, Plaintiff, by obtaining a favorable determination on the most critical and significant issue in the case, is able to rightfully claim the status of

1

"prevailing party." As such, Plaintiff, as a "prevailing party" is entitled to reimbursement of reasonable attorneys' fees and costs pursuant to 20 U.S.C. 1415(i)(3)(B)(i)(I). See *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 522 U.S. 598, 121 S.Ct. 1835, (2001), which has become the standard by which prevailing parties are defined. Also see *Farrar v. Hobbs,* 506 U.S. 103, (1992. There are no special circumstances that would render reimbursement of the attorneys' fees requested in this case unjust and undeserving. The District of Columbia Circuit has interpreted the applicable fee statute as requiring an award of attorneys' fees in the absence of special circumstances, holding that "[u]nder 42 U.S.C. §1988, 'the District Court must award attorney fees to the prevailing party in civil rights litigation unless special circumstance would render such an award unjust." *Grano v Barry,* 783 F.2d 1104, 1108 (D.C. Cir 1986).

Plaintiff has submitted herewith a detailed itemization of the time expended on this matter and has made a good faith effort to limit any expenditure of billable time to the time that was necessary and reasonable in providing competent representation for the Plaintiff her pursuit of special education services and benefits for D.D. in this matter. Plaintiff is also seeking reimbursement of the cost necessarily and reasonably associated prosecuting this case. Pursuant to the limitation placed on the attorneys fees that this Honorable Court may award under the mandatory fee cap imposed upon the District of Columbia by Congress, the attorneys' fees and costs that the Plaintiff requests here are more than reasonable.

As is more fully set forth in the declaration of counsel, the affidavits of Domiento C.R. Hill and Roxanne Neloms, and James E. Brown and the supporting invoice appended hereto, Plaintiff is entitled, under the statute, to reasonable attorneys' fees as the prevailing party. See Affidavits of Domiento C.R. Hill and Roxanne D. Neloms attached hereto as Exhibits #1 and #2; *see also* Declaration of James E. Brown and invoice attached hereto as Exhibits #3 and #4. Plaintiff submits to this Honorable court the statement of services rendered for its favorable consideration.

## RULE 7.1(m) STATEMENT

On January 24, 2007, counsel for Plaintiff forwarded an e-message to Eden Miller, Assistant Attorney General and counsel of record for the Defendants seeking her consent to Plaintiff's application for attorneys' fees. In the subject electronic message, counsel asked Ms. Miller to provide her response by the close of business on January 24, 2007. Ms. Miller replied that she would not be able to provide a response as requested. Since Plaintiff's counsel has not received any further response from Ms. Miller, Plaintiff submits the instant motion to this Honorable Court for its favorable and just consideration.

        Respectfully submitted

        /s/ Tilman L. Gerald
        Tilman L. Gerald [928796]
        Roxanne D. Neloms [478157]
        James E. Brown & Associates, PLLC
        1220 L Street, NW, Suite 700
        Washington, D.C. 20005
        (202) 742-2000
        **Attorneys for Plaintiff**

January 25, 2007