UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTINE DAVIS,<br>Parent and next friend of D.D., a minor,<br><br>Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 05-2176 (PLF)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR ATTORNEYS' FEES AND COSTS**

**INTRODUCTION**

The Defendants, by counsel, respectfully oppose the Plaintiff's Motion for Attorneys' Fees and Costs, filed on January 25, 2007, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §§ 1400, *et seq.* ("IDEIA"). The basis for this opposition is that the Plaintiff is not a "prevailing party" because there has not been a ruling on the merits of her IDEIA claims; thus, she is not entitled to attorneys' fees and costs.

In the alternative, if this Court deems her a prevailing party, the amount of fees awarded must be significantly reduced to reflect the Plaintiff's limited success. The Plaintiff is not entitled to fees for her unsuccessful claims and motions, nor for clerical work. Further, the Defendants dispute the reasonableness of the hourly rates of her counsel.

District payments on any fee awards may not exceed the applicable fee cap in any event.

**PROCEDURAL HISTORY OF THIS CASE**

On November 4, 2005, the Plaintiff filed the present case to appeal a Hearing Officer's Decision, issued on October 6, 2005, pursuant to the IDEIA. The parties both filed summary judgment motions, oppositions, and replies, and on September 28, 2006, the Magistrate Judge filed her Report and Recommendation ("Report"). On January 11, 2007, the Court issued its Memorandum Opinion and Order, adopting the Report and remanding the case to the District of Columbia Public Schools ("DCPS") Student Hearing Office. The Plaintiff then filed her pending motion for fees.

**ARGUMENT**

**I.    The Plaintiff is not a prevailing party because there has been no decision on the merits of her underlying IDEIA claim. Thus, she is not entitled to attorneys' fees and costs at this time.**

According to 20 U.S.C. § 1415(i)(3)(B), "the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party." The Defendants here dispute the Plaintiff's contention that she is the "prevailing party" in the present case, and thus entitled to attorneys' fees and costs.

The IDEIA does not define "prevailing party." However, in numerous fee-shifting statutes such as the IDEIA, Congress has designated the "prevailing party," which is a legal term of art, to be entitled to an award of attorneys' fees. *See Buckhannon Board and Care Home v. West Virginia Department of Health and Human Resources,* 532 U.S. 598, 602-603 (2001).[1] The Supreme Court has held that the plaintiff is a prevailing party for purposes of attorneys' fees only in two circumstances: enforceable

---

[1] The District of Columbia Circuit Court has held that *Buckhannon* applies to the IDEIA fee-shifting provision. *See Alegria v. District of Columbia,* 391 F. 3d 262, 263 (D.C. Cir. 2004).

2

judgments on the merits and court-ordered consent decrees (in some cases). *See id.,* at 603-604. Both circumstances "create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *See id.,* at 604, *quoting Texas State Teachers Assn. v. Garland Independent School Dist.*, 489 U.S. 782, 792-793 (1989). In the instant case, the Plaintiff has not been awarded either an enforceable judgment on the merits or a court-ordered consent decree, and as such, she simply is not a prevailing party for purposes of an award of attorneys' fees under the IDEIA.

Although it might be argued in certain circumstances that remands may resolve merit-based issues and thus allow for prevailing party status, *the remand in the present case is not merit-based.* Rather, in remanding the case to the DCPS Student Hearing Office, the Court has in effect ordered the Hearing Officer to reach the merits of the case. This analysis is consistent with *Kress v. District of Columbia,* Civil Action No. 99-2887 (D.D.C. September 14, 2006), Memorandum Order (holding that the plaintiff did not prevail and was not entitled to attorney's fees pursuant to the IDEIA, despite obtaining a remand). In that decision, the Court stated that one well-established principle in determining prevailing party status is that:

> a party's securing the right to have an agency perform an act [such as the remand in the *Kress* case] within a specified time does not in itself render that party a prevailing party if the order is but an interim order and does not result in the award of substantive relief.

*Id.*, at 4, citing *Oil, Chemical & Atomic Workers Int'l Union v. Dep't of Energy*, 288 F.3d 452, 458 (D.C. Cir. 2002).

In his October 6, 2005, decision, the Hearing Officer dismissed the case because he believed that DCPS had offered full resolution of the Due Process Complaint at the

3

resolution meeting held prior to the administrative hearing. HOD, R. at 5. Hence, the Hearing Officer never made any conclusions of law or fact about whether DCPS denied D.D. a free appropriate public education by "[t]he substantial delay in approving and providing a compensatory education delivery plan to D.D.," as alleged in the Plaintiff's July 12, 2005, Due Process Complaint. Due Process Complaint, R. at 176; HOD, R. at 5.

Significantly, this Court did not make any such determinations in its January 11, 2007, either. Rather, this Court remanded the case to the Student Hearing Office, presumably for a decision on the merits. While the Court did find that the Hearing Officer erred when he determined that DCPS offered full resolution of the Due Process Complaint and that DCPS should not have refused to discuss attorneys' fees at the resolution meeting, it did not make findings on the merits of the Plaintiff's underlying IDEIA claim regarding the implementation of her son's Compensatory Education Plan.

Given that the Hearing Officer never reached the merits of the case, it would not have been ripe for this Court's review in any event. The practical outcome of the remand, therefore, is for the Hearing Officer to make a decision on the merits. Only after the Hearing Officer makes such a decision, and if that decision is in favor of the Plaintiff, can a determination be made about entitlement to fees.

By way of relief, this Court did nothing more than remand the case to the Student Hearing Office, consistent with the Report. Significantly, this Court chose *not* to award attorneys' fees. It also chose *not* to order DCPS to fund a private provider to implement the Compensatory Education Plan at issue in this case. It did not even vacate the HOD at issue when it remanded the case. The Plaintiff requested all of this relief and more in her

federal Complaint (see page 7 of this opposition for a complete listing of the relief that Plaintiff sought).

Clearly, the Plaintiff is not a prevailing party, and a remand does not establish prevailing party status.  She has not obtained an enforceable judgment *on the merits*.  And there has been no material alteration of the legal relationship of the parties.  Therefore, the Plaintiff is not entitled to any attorneys' fees and costs at this time.

**II.     Assuming *arguendo* that this Court does find that the Plaintiff is a prevailing party entitled to fees, the fee request must be reduced significantly to reflect her limited success in this case.**

It is well-established that fee requests may be reduced based on the degree of success the requesting party has achieved.  *See Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983).  In *Hensley*, the Supreme Court stated:

> We hold that the extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees under 42 U.S.C. § 1988. Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised. But where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained. On remand the District Court should determine the proper amount of the attorney's fee award in light of these standards.

This principle has been followed consistently in this jurisdiction.  *See Thomas v. National Football League Players Assn*, 273 F.3d 1124, 1128-29 (D.C. Cir. 2001); *F.J. 2 Volmer Co., Inc. v. Magaw*, 102 F.3d 591, 599-600 (D.C. Cir. 1996).  Further, this principle specifically has been applied to fees relating to claims under the IDEIA.  *See Thomas v.*

5

*District of Columbia,* Civil Action No. 03-1791 (D.D.C. November 6, 2006), Memorandum Opinion, pp. 11-14 (holding that plaintiff is only entitled to fees for work done on her successful claim); *Lopez v. District of Columbia*, 383 F. Supp. 2d 18 (D.D.C. 2005) (fees reduced by almost sixty percent in light of partial success); *McDowell v. District of Columbia*, Civil Action No. 00-0594 (D.D.C. June 4, 2001), Memorandum and Order, pp. 11-12 (fees reduced by one third in light of partial success); *Gaskins v. District of Columbia*, Civil Action No. 00-0592 (D.D.C. June 4, 2001), Memorandum and Order, pp. 10-13 (same).

      A.      **Preliminary reductions to the fee request.**

From the outset, before discussing the reduction of the fee request based on the partial success of the Plaintiff on the cross-summary judgment motions, this Court should reduce the fee request by deducting charges associated with the Plaintiff's completely unsuccessful October 26, 2006, Motion to Strike the Defendants' Partial Objections, as well as one clerical charge. The Plaintiff seeks $4,037.50 for work done on that unsuccessful motion from October 19, 2006 through January 2, 2007. See Invoice, Pl's Ex. 4, at 3. The overall fee request should be reduced by $4,037.50.

Also, the Plaintiff's counsel has inappropriately charged $292.50 on November 10, 2005, to "[p]repare digital copies of an exhibit and create CD volumes." See Invoice, Pl's Ex. 4, at 2. This task is a clerical function, not a legal one—such charges are not compensable. Nowhere in the IDEIA does it give the Plaintiff the right to recoup such

6

clerical costs. See *Lopez v. District of Columbia*, *supra*, 383 F. Supp. 2d at 25.[2]  This Court should also reduce the overall fee request by $292.50.

Thus, the Plaintiff's fee request of $22,512.68 should be reduced to $18,182.68.

### B.     Reduction to the fee request for limited success.

The remaining $18,182.68 in the Plaintiff's fee request should be significantly reduced to reflect the limited success that the Plaintiff obtained in the present case.

The Plaintiff's November 4, 2005, Complaint includes three Counts and six specific requests for relief.  Count I alleges "that the Hearing Officer abused his discretion by holding that a parent is obligated to accept a settlement proposal offered at a resolution meeting."  Count II alleges "that the Hearing Officer erred as a matter of law and abused his discretion by admitting settlement discussions into evidence."  Count III alleges that "DCPS' failure to provide the Plaintiff with a transcript or electronic recording of the hearing constitutes a denial of the Plaintiff's due process rights."

The Plaintiff's requests for relief were for this Court to: (1) reverse the October 6, 2005,  HOD and enter a finding against the Defendants; (2) issue a finding that Hearing Officer Banks abused his discretion by holding that a parent is obligated to accept a settlement proposal offered at a resolution meeting; (3) issue a finding that Hearing Officer Banks erred as a matter of law and abused his discretion by admitting settlement discussions into evidence; (4) issue a finding that DCPS' failure to provide the plaintiff with a transcript or electronic recording of the hearing constitutes a denial of the parent's due process rights; (5) issue the appropriate injunctive relief requiring the Defendants to

---

[2] The *Lopez* Court specifically states that "[t]his Circuit has addressed the question of whether clerical work is compensable and has concluded that Congress never intended for clerical billings to be included in attorneys' fees and that such services are 'generally considered within the overhead component of a lawyer's fee.' *In re Olson*, 884 F. 2d 1415, 1426-27 (D.C. Cir. 1989)."

7

fund 60 hours of independent tutoring, 5 hours of psychological counseling, and 5 hours of speech and language services by a private provider; (6) award the Plaintiff attorneys' fees and costs of this action; and (7) award any other relief the Court deems just (which is merely a catchall and not a specific request).

Of her three Counts, *the Plaintiff received a favorable judgment only with regard to Count I.*  The Defendants prevailed on Count II, and the Court dismissed Count III because it became moot prior to any briefing by the parties.

With regard to the Plaintiff's six specific requests for relief, *the Court awarded the Plaintiff only one—request number 2,* finding that the Hearing Officer erred when he deemed the DCPS offer to be full resolution of the Plaintiff's claims, and when he said she was obligated to accept it.

Clearly, the Plaintiff has received very limited success in this case.  Therefore, this Court should reduce her fee petition by 2/3 to reflect her modest, partial success. *Specifically, her total remaining fee request should be reduced from $18,182.68 to $6,060.89.*

**III.     The fee cap on IDEIA actions in *the District of Columbia Appropriations Act of 2006* applies to this case.**

As the Plaintiff acknowledged in her Motion for Attorneys' Fees and Costs, any award of fees must take into account the $4,000.00 fee cap on payments by the District of Columbia in IDEIA actions, pursuant to Section 122 of *the District of Columbia Appropriations Act of 2006*, 109 Pub. L. 115; 119 Stat. 2396 (2005) (enacted on November 30, 2005 and still in effect).

## IV. The Plaintiff fails to demonstrate the reasonableness of her counsel's hourly rates

### A. The *Laffey* Matrix is not applicable to the present case because it is not complex litigation.

While the Plaintiff's counsel does not reference the *Laffey* Matrix by name, their rates are consistent with the highest *Laffey* rates for each level of experience applicable to the many attorneys on this case. See Ds' Ex. 1, *Laffey* Matrix. The Defendants do not believe that the *Laffey* Matrix rates are reasonable in the present litigation because this appeal of an HOD is not the sort of complex litigation contemplated by the *Laffey* Matrix, and because the Plaintiff's counsel has not submitted any information about their reputation in the community. Because the Defendants have raised this issue with the presiding Judge in other IDEIA cases before him, the Defendants understand this Court's disagreement with this interpretation, but preserve its argument here.[3]

### B. Even if the Matrix were deemed relevant, the Plaintiff has not demonstrated its appropriate application here.

If this Court were to apply the *Laffey* Matrix, the Defendants point out that the Plaintiff's attorneys fail to demonstrate that they employed the correct *Laffey* rate. First, Tilman Gerald (who billed only for work on the unsuccessful Motion to Strike Defendants' Partial Objections) bills at the highest *Laffey* rate ($405.00 per hour) without submitting any support in the record about his experience and reputation in the legal community. See Pl. Mot., generally; Invoice, Pl. Ex. 4, at 3. Given the lack of documentation and support for the $405.00 hourly rate, this Court should reduce Tilman Gerald's hourly rate to a more reasonable rate of $300.00 per hour.

---

[3] The Defendants' position has most recently been expressed in *Clark v. District of Columbia*, Civil Action No. 06-0439 in the District's September 21, 2006, Response to Plaintiffs' Newly Submitted Evidence, pp. 10-24, and for purposes of maintaining a complete record herein, those representations are incorporated herein by reference.

9

Second, Marshall Lammers bills at the highest *Laffey* rate for his experience level ($195.00 per hour for those with 1 to 3 years of experience), even though he was not even a member of the District of Columbia Bar[4] when he billed for services dated September 19, 2005 through November 10, 2005, and despite his limited experience with special education cases.  See Ds' Ex. 2, Print-Out of District of Columbia Bar Search; Brown Decl. with Resume, Pl. Ex. 3; Invoice, Pl. Ex. 4, at 3.  Thus, this Court should reduce Marshall Lammers hourly rate to a more reasonable rate of $100.00 per hour.

Third, Roxanne Neloms inappropriately bills at the highest *Laffey* rate ($235.00 per hour for 4 to 7 years of experience in the field).  Her affidavit indicates that from 2001 to 2003, she was a law clerk for Judge Green for the Court of Veteran Claims.  See Neloms Aff., Pl. Ex. 1.  This experience has nothing to do with special education law, the IDEIA, or even traditional litigation, and should not be counted towards her experience level when applying the *Laffey* Matrix.  Surprisingly, she bills at the same rate as her colleague Domiento C.R. Hill, who has handled over 1,500 special education cases since 2001, as opposed to her 250 special education cases.  See *Id.*; Hill Aff., Pl. Ex. 2.  This Court should reduce her rate to that for 1 to 3 years of experience, or at least, reduce her rate to the lower end of the 4 to 7 year scale—perhaps, at the rate of $195.00 per hour.

Counsel are not, as seems to be assumed here, guaranteed the Matrix rates simply by reciting years in practice (of whatever sort) and pointing to the Matrix.  And the mere fact of an attorney's longevity at the bar is not conclusive. See, e.g., *Griffen v. Washington Convention Center*, 172 F.Supp.2d 193, 199 (D.D.C. 2001):

> There is nothing automatic about the application of "Laffey" rates.  They are not like a GS schedule where government employees advance to the next step by

---

[4] His application was pending when he was working on the present case, and he was admitted to the District of Columbia Bar on November 14, 2005.

virtue of time in grade.  Instead, they attempt to reflect what the market will pay with the understanding that the market will pay more for lawyers who are experienced in complicated federal litigation.

Rather, the individual experience and capabilities of the individual attorneys are evaluated,[5] and the complexity of the particular litigation for which fees are sought,[6] must nonetheless be assessed before determining the Matrix rates to be appropriate.  Indeed, even prior cases that have referred to the Matrix in connection with IDEIA attorneys' fees

---

[5] In the *Laffey* case itself, the Court refused to apply the Matrix mechanically, reducing the Matrix rates by one-third in awarding fees to one attorney in the case, even though it expressed no dissatisfaction with his performance:

> Because Feldman graduated from law school 19 years prior to the trial, Plaintiffs request an award of $ 150 per hour for his time. The Court has reviewed Feldman's resume . . . and concludes that it does not reflect that level of superior achievement, expertise, skill and/or reputation that justifies the hourly rates awarded Plaintiffs' retained counsel. This Court cannot assume that these qualities are a natural function of the passage of time following law school graduation.

*Laffey*, 572 F.Supp. at 375.

[6] See, e.g., *Muldrow v. Re-Direct, Inc.*, 397 F. Supp. 2d 1, 4 (D.D.C. 2005), refusing to award the *Laffey* rates for a civil negligence case:

> [U]se of the Laffey matrix as a measure of appropriate fees for complex federal litigation has gained acceptance in this Circuit. See, e.g., *Salazar,* 123 F. Supp. 2d at 13. n4.  However, a more troubling issue is whether these extreme high-end fees should apply in what is in essence a relatively straightforward negligence suit. Although plaintiff brought a § 1983 claim, as defendant points out (Opp'n at 3), plaintiff presented essentially the same evidence in support of her § 1983 and negligence claims. Furthermore, the case involved a single plaintiff and a single defendant; there were few pre-trial motions; the case was not vigorously litigated by defendant; and plaintiff's attorneys had already thoroughly investigated defendant in a prior case that raised similar issues. These factors all distinguish this lawsuit from the type of case in which *Laffey* fees are typically awarded. For example, the attorneys in *Covington* brought a § 1983 action on behalf of ten prison inmates who were beaten while shackled and handcuffed and nine inmates who were sent to a maximum security facility. 57 F.3d at 1103. *Salazar* concerned a class action which proceeded on three tracks simultaneously, requiring attorneys to monitor compliance with a remedial order, respond to an appeal and file a cross-appeal, and engage in extensive settlement negotiations which required the redrafting of remedial order. 123 F. Supp. 2d at 15-16. In short, plaintiff's attorneys have not successfully demonstrated "the complexity of the case they handled" as required under *Covington*. 57 F.3d at 1108. See also *Salazar*, 123 F. Supp. 2d at 12; *Griffin v. Wash. Convention Ctr.*, 172 F. Supp. 2d 193, 202 (D.D.C. 2001) (reducing fees below those calculated using the *Laffey* rates in part because "once [the] appeal was completed, the resulting case was a simple Title VII action involving a handful of witness on each side and a short trial.").

have noted that the Matrix is a reference point at best, and not an absolute or conclusive determinant.[7]

Therefore, this Court should reduce the hourly rate of the three attorneys to a more reasonable rate: Tilman Gerald should receive $300.00 per hour; Marshall Lammers should receive $100.00 per hour; and Roxanne Neloms should receive $195.00.

## **CONCLUSION**

This Court should deny the Plaintiff's Motion for Attorneys' Fees and Costs because she has not, and cannot, establish prevailing party status.  Simply put, this Court did not resolve the merits of the Plaintiff's IDEIA claim; rather, it resolved a procedural issue which resulted in a remand and did not materially alter the relationship of the parties.

                                            Respectfully submitted,

                                            LINDA SINGER
                                            Acting Attorney General
                                            for the District of Columbia

---

[7] See, e.g., *Blackman v. District of Columbia*, 59 F. Supp. 2d 37, 43 (D.D.C. 1999).

> In order to determine the prevailing market rates in the relevant community, . . . the Court will use as a point of reference the updated Laffey fee matrix prepared by the United States Attorney's Office. . . See *Covington v. District of Columbia*, 57 F.3d at 1109 ("Although fee matrices are somewhat crude . . [they] do provide a useful starting point").

> The Defendants acknowledge that the *Blackman* decision, cited in the Matrix Explanatory Notes, as well as some more recent District Court decisions, have referenced the Matrix in IDEIA attorneys' fee litigation.  However, neither the *Blackman* ruling, nor subsequent decisions referring to the Matrix, have analytically addressed the propriety of applying the Matrix, instead essentially assuming its applicability.  With respect, and for the reasons set forth herein, the Defendants believe the summary employment of the Matrix in those cases to have been in error. Moreover, portions of the *Blackman* decision, applied here, suggest that notwithstanding the existence of the Matrix, the rates actually employed by DCPS in paying Plaintiffs' counsel's fees in the past should govern:

> > If plaintiffs' counsel has not previously been compensated by the District for prevailing in an administrative due process hearing, then plaintiffs have the burden of establishing that the hourly rate charged is comparable to the amount paid to other attorneys of comparable experience for prevailing in IDEA cases.

59 F. Supp. 2d at 43.

        GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


**/s/ Edward P. Taptich**
EDWARD P. TAPTICH
Chief, Equity Section 2
Bar Number 012914

**/s/ Eden I. Miller**
EDEN I. MILLER
Assistant Attorney General
Bar Number 483802
Sixth Floor South
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6614
(202) 727-3625 (fax)
February 8, 2007             E-mail: Eden.Miller@dc.gov