UNITED STATES DISTRICT OF COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTINE DAVIS : <br> Parent and next friend of D.D., a minor : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> DISTRICT OF COLUMBIA, <u>et al.</u> : <br> : <br> Defendants. : <br> : | Civil Action No. O5-CA-2176(PLF/DAR) |

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR ATTORNEY'S FEES AND COSTS**

COMES NOW, the Plaintiffs, Christine Davis, parent and next friend of D.D., a minor, by and through their attorneys, and in their Reply to the Defendants' Opposition to Plaintiffs' Motion for Attorney's Fees and Costs respectfully represents unto this Honorable Court as follows:

**INTRODUCTION**

The Plaintiffs, by counsel, hereby respectfully reply to the Defendants' Opposition to Plaintiffs' Motion for Attorneys' Fees and Costs, filed on February 8, 2007. The Defendants argue that the Plaintiffs are not prevailing parties and not entitled to attorney fees because there was no ruling on the merits of their IDEIA claim(s). Alternatively, the Defendants argue that should the Court deem the Plaintiffs prevailing parties then this Court should significantly reduce the attorneys' fees claimed due to Plaintiffs limited success. The Defendants then states that the attorneys' fees assessed against the District of Columbia may not exceed the applicable fee cap of $4,000.00.

1

**ARGUMENT**

**I. THE PLAINTIFFS ARE "PREVAILING PARTIES"**

In their opposition, the Defendants argue that the Plaintiffs have not been awarded either an enforceable judgment on the merits or a court-ordered consent decree, and as such, Plaintiffs simply are not prevailing parties for purposes of an award of attorney fees under the IDEIA. The Defendants argue that the remand ordered by this Honorable Court does not constitute either an enforceable judgment or a court-ordered decree. The Defendants go on to argue that the remand in this matter is not merit-based since the hearing officer at the administrative level dismissed the case without a reaching the merits of Plaintiffs' claims at the administrative level.

The Defendants' argument is seriously flawed because the Plaintiff, as an aggrieved party as defined under the IDEIA and for purposes of judicial review, had to seek relief in the District Court to have the October 2005 Hearing Officer Determination be vacated and/or set aside. The position of the Defendants is that the order remanding the case back to the administrative level for further hearing does not constitute an enforceable order is absolutely incredulous and does warrant any consideration by this Court. To wit, Rule 54 of the Federal Rules of Civil Procedure defines judgment as "...used in these rules includes a decree and any order from which an appeal lies..." The order remanding this case back to the administrative level is an appealable order issued by an court of competent jurisdiction and one which can be enforced in and by this Honorable Court.

In addition, the Defendants' reliance on *Kress v. District of Columbia,* CA. No. 99-2887, (Sept. 14, 2006) is misplaced. In *Kress, supra.*, the Court denied the Plaintiff's request for attorney fees after her case was remanded. That case, however, is inapposite to the case at bar, as the remand in that case resulted from the consent by both parties. Additionally, the Plaintiff did not obtain any

2

relief at the District level. In the case sub judice, the remand was ordered by the Court rather than from a consensual agreement between the parties. Furthermore, Plaintiff, in large measure, received significant relief as a result thereof and now is guaranteed a hearing on the merits on her child's special education claim(s) of which she been ungraciously denied. While the Defendants may be correct in their statement that there was not a hearing/decision on the merits at the administrative level, this Court did determine that there was merit, at least in a significant way, to their motion for summary judgment and ruled accordingly. Therefore, as previously stated. the Defendants' reliance upon *Kress* is misplaced and their argument is absurdly nonsensical as the Plaintiffs did in fact obtain the relief they sought in their motion for summary judgment.

Furthermore, the Plaintiffs in this matter are prevailing parties as defined by the Court *Select Milk Producers, Inc. v. Johanns*, 400 F. 3d 939 (D.C.Cir 2005)(i.e., material alteration of the parties and are entitled to reimbursement for reasonable attorney fees). Under the IDEIA, parents who prevail at either the administrative or District Court level in securing special education services and benefits for their children are entitled to seek reimbursement of reasonable attorneys' fees. The right to reimbursement of reasonable attorney's fees is a well settled principle in special education law. See *Moore v. District of Columbia*, 907 F.2d 165 (1990). Judge Edwards, in *Select Milk*, agreed with the principles of the *Buckhannon* three prong test, which states that "1) in order to be a prevailing party, a claimant must show that there has been a court-ordered change in the legal relationship between the plaintiff and the defendant; 2) a prevailing party in whose favor a judgement is rendered, regardless of the amount of damages awarded; 3) a claimant is not a prevailing party merely by virtue of having acquired a judicial pronouncement unaccompanied by judicial relief." See *Select Milk Producers, Inc. v. Johanns*, 400 F. 3d 939 (D.C.Cir 2005)(quoting *Buckhannon Board & Care*

*Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001)). In other words, "a material alteration between the legal parties must have occurred". See *Thomas v. District of Columbia*, WL 3220614, (D.D.C. 2006)(also quoting *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001)).

In the instant matter, the Defendants focus on the type of relief granted to the Plaintiffs by the Court, stating that prevailing party status is not conferred on the Plaintiffs because the Hearing Officer did not reach a decision on the merits of the case at the administrative level. Such an argument is perishable and unable to stand even modest judicial scrutiny. The order of remand entered in this matter represented a significant alteration in the legal relationships of the parties. Prior entry of the order of remand, the Defendants were not legally obligated to provide the Plaintiffs with a hearing on D.D.'s special education claims. However, subsequent to the entry of the order of remand the Defendants were then obligated to rectify depriving the Plaintiffs' of their right to a due process hearing. The office of the District Court was not to address the specific issues that were raised by Plaintiffs in their due process complaint as the Defendants seemingly suggest in their opposition, e.g. compensatory education, but rather the Court reached and decided a broader and even perhaps a more significant issue, i.e., whether a Hearing Officer can dismiss a complaint because a party refuses to accept an offer of settlement tendered at a resolution meeting. The response was a resounding "no"(emphasis added).

Furthermore, since attorney fees can be awarded at both the administrative and district court level, *See Moore*, supra., the flaw in the Defendants' argument becomes even more evident. In the their motion for summary judgment, Plaintiffs argued that 1) the hearing officer erred as a matter of law when he admitted evidence of settlement discussions into the record; 2) that the parent was

4

not obligated to accept an offer of settlement; and 3) DCPS' conduct undermined the parent's right to counsel. In the Report and Recommendation issued on September 28, 2006 by Magistrate Robinson, the Plaintiffs prevailed on two of the three issues that were presented by the parent. Thus, even in ordering a remand, since the defendants are now required to afford the Plaintiffs a due process hearing, an opportunity to be heard, a material alteration in the legal relationships of the parties has occurred, and the Defendants are now ordered to do something that previously it had no obligation to do.

## II. THE PLAINTIFFS' SUCCESS ON THE MERITS DOES NOT WARRANT A REDUCTION IN ATTORNEY FEES

The Defendants argue that a reduction in attorney's fees is warranted in this matter because the Plaintiffs' success on the merits was limited. The Defendants offer support for this contention by arguing that the Plaintiff had only succeeded on Count One of her complaint and thus her request for fees should be reduced by 2/3. More specifically, the Defendants argued that out of the three counts alleged, the Plaintiffs succeeded on only one. For the record, Count III, which alleged DCPS' failure to provide the Plaintiffs with a copy of the transcript or electronic recording of the hearing became a non issue long before Plaintiffs filed their motion for summary judgment. The foregoing is quite obvious and that was not an argument presented in Plaintiffs' motion for summary judgment nor was it an argument advanced by the Defendants.

Of the remaining counts alleged in the complaint, the Plaintiffs divided those issues into the following: 1) that the hearing officer erred as a matter of law when he admitted evidence of settlement discussions into the record; 2) that the parent was obligated to accept an offer of settlement; and 3) that DCPS' conduct at the administrative level undermined the parent's right to

counsel. The Magistrate's Report and Recommendation found for the parent in one of the two issues. The Defendant erroneously suggests the Plaintiff's success was "very limited" because "with regard to the Plaintiff's six specific requests for relief, the Court only rewarded the Plaintiff only one. . . ." ***See Defendant's Opposition to Plaintiff's Motion for Summary Judgment at 8.*** It is the success on the *claim(s) for relief*, not the *relief* in itself and that "where a party prevails on only some of his claims for relief, the Supreme Court has instructed that two questions must be addressed. See *Thomas*, supra (quoting *Hensley v. Eckerhart*, 461 U.S. 424 (1983). "First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" *Id*. "Thus, where a plaintiff's claims for relief involve a 'common core of facts' or are based on related legal theories, the court 'should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation. *Id.* As further noted in *Hyman Constr. Co. v. Brooks*, 963 F. 2d 1532 (D.C. Cir. 1992), the court must first separate successful from unsuccessful claims before "consider[ing] whether the success obtained on the remaining claims is proportional to the efforts obtained by counsel." See *Hyman Constr. Co. v. Brooks*, 963 F. 2d 1532 (D.C. Cir. 1992).

     Here, both the complaint and motion for summary judgment of the Plaintiffs were focused principally on whether the hearing officer exceeded the scope of authority and/or discretion vested in him when he erroneously held that the Plaintiffs were obligated to accept the offer of settlement proposed by DCPS. While it is true that the Magistrate found, and the district court adopted her report and recommendation, for the Plaintiff with respect to Count I and on Count II for the Defendants, Count III had become moot prior to the briefing of the motions for summary judgment.

Thus, this Court should focus its inquiry concerning the limitation of attorney fees on those arguments advanced in the Plaintiff's Motion for Summary Judgment since two of the three claims raised in that motion was causally related to Count I of the Plaintiffs' Complaint. Plaintiffs prevailed on claims related to a common core of facts, thereby meeting the first prong. With respect to the second prong, the findings set forth in the Report and Recommendations of Magistrate Judge Robinson that the Hearing Officer erred and that and the finding that DCPS undermined the parent's right to counsel adumbrates that Plaintiff achieved substantial success. Consequently, this Court should find that the hours expended by counsel in this matter were reasonable in all respects.

### III. THE *LAFFEY* MATRIX IS APPLICABLE TO IDEIA MATTERS.

The Defendants argued that the *Laffey* Matrix is not applicable in the matter because it did not involve complex litigation. This notion has been contradicted in several cases, as well as, noted in the Defendant's own exhibits that, "the matrix is intended t be used in cases in which a 'fee-shifting' statute permits the prevailing party to recover 'reasonable attorney's fees." ***See Defendant's Exhibit 1.*** The IDEIA contains a fee-shifting statue and thus the *Laffey* matrix applies. This Court has stated that in order "to recover fees based on prevailing market rates, [an] attorney [omit] must show: (1) that customarily reduced rates are charged for noneconomic reasons; (2) information documenting attorney's skill experience and reputation; and (3) evidence of prevailing market rates in relevant community for attorneys of comparable skill, experience and reputation. See 42 U.S.C.A. § 1988; see also *Covington v. District of Columbia*, 57 F.3d at 1107; see *Watkins v. Vance*, 328 F. Supp. 2d 27 (D.D.C. 2004); and *Abraham v. D.C.*, 338 F. Supp. 2d 113 (D.D.C. 2004). "The prevailing market rate can be determined by reference to the so-called Laffey matrix". See *Covington v. District of Columbia*, 57 F.3d 1101, 1105 & n. 14, 1109 (D.C.Cir.1995); *Blackman v. District of*

*Columbia*, 59 F.Supp.2d 37, 43 (D.D.C.1999) (citing *Laffey v. Northwest Airlines, Inc.*, 572 F.Supp. 354, (D.D.C.1983), rev'd on other grounds, 746 F.2d 4 (D.C.Cir.1984).

The Defendants further argued that Plaintiffs' counsel has not submitted any information about their reputation in the community. In their Motion for Attorney Fees, the Plaintiffs' counsel submitted affidavits for each attorney that completed work on behalf of the Plaintiff. The Defendants argue that Plaintiffs' counsel inappropriately billed at the highest *Laffey* rate. As each attorney listed has the required qualifications, experience, and skills, this Court should find that the Plaintiffs' counsel has appropriately billed utilizing the *Laffey* matrix.

### *a. Roxanne Neloms*

The Defendant argues that counsel rate should be reduced to reflect the rate of an attorney who has 1 to 3 years of experience. In addition, the Defendant claims that her time as a law clerk for a federal judge did not provide the requisite skills or experience for special education law.

The time the aforementioned counsel spent two years as a law clerk/attorney at the Veteran Appeals Court, engaged in drafting memorandum orders and decisions for those individuals who appealed their claims. In addition, the Plaintiff spent the next two years representing students in administrative due process hearings and filing appeals for judicial review for the Court.

### *b. Tilman L. Gerald*

I am a member of the District of Columbia Bar having been admitted to practice in 1977. I am authorized to practice before the District of Columbia Courtof Appeals, the United States District Court for the District of Columbia, the United States Court of Appeals for the District of Columbia, the United States District Court of Maryland and has been admitted to practice before the United States Tax Court and United States Court of Claims. I have been engaged in the private

practice of law since 1977 having maintained a civil practice before this court and the Superior Court of the District of Columbia, handling a variety of matter, including but not limited to real estate transactions and litigation, domestic relations, corporate matters, personal injury cases and most recently devoting a significant amount of time handling special education appeals from adverse administrative hearing officers' determinations. See *Kingsberry v. District of Columbia,* 03-cv2378, *District of Columbia v. Ramirez*, 04-cv-0775, *Serpas v. District of Columbia*, 02-cv-2227, *Santamaria v. District of Columbia*, 06-cv-577, just to name a few of the cases in which I have been lead counsel. I have had reasonable success in special education cases appealed to the United States District Court. My current hourly charge for work provided to Plaintiffs in this matter fall within the range of fees prescribed in the *Laffey Matrix* for the years 1992-2006, given the number of years that I have engaged in the practice of law.

Finally, the attorneys fees sought on behalf of the Plaintiffs and the time represented thereby are in all respects reasonable.

## IV. <u>CONCLUSION</u>

This Court should grant the Plaintiff's Motion for Attorney Fees because the Plaintiff prevailed at the judicial review level. A material alteration occurred in the legal relationship of the parties. The Court should find that the fees sought by the Plaintiff are reasonable and should be awarded.

       Respectfully Submitted,


       /s/
------------------------------
Tilman L. Gerald [928796]
Roxanne D. Neloms[478157]
James E. Brown & Associates, PLLC
1220 L Street, N.W., Suite 700
Washington, D.C. 20005
(202)742-2000(tele)
(202)742-2098(fax)
***Attorneys for Plaintiffs***