UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

|  |  |
|---|---|
| D.D., a minor,<br>by his parent and next friend<br>CHRISTINE DAVIS,<br><br>        Plaintiff,<br><br>        v.<br><br>DISTRICT OF COLUMBIA, <u>et al</u>.,<br><br>        Defendants. | Civil Action No. 05-2176 (PLF) |

---

<u>MEMORANDUM OPINION AND ORDER</u>

      This matter is before the Court on plaintiffs' motion for an award of attorneys' fees and costs [23] ("Mot."). Defendants filed an opposition ("Opp,"), and plaintiffs replied ("Reply"). Upon careful consideration of the entire record herein, the Court denies plaintiffs' motion.

      It is settled that attorneys' fees may only be awarded to prevailing parties in litigation under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* ("IDEA").[1] The Court has previously set forth the appropriate analytical framework for determining the award of attorneys' fees and costs in special education cases. <u>See</u> <u>Blackman v. District of Columbia</u>, 59 F. Supp. 2d 37, 42-44 (D.D.C. 1999). To recover reasonable attorneys' fees, plaintiffs must first demonstrate that each is a prevailing party in the litigation. <u>See</u> <u>id.</u>

---

[1]      The statute was renamed the Individuals with Disabilities Education Improvement Act ("IDEIA") when it was amended in 2004. For the sake of continuity, however, the Court will continue to refer to it as the IDEA.

at 40-41.  The Court then must determine whether the fees sought are reasonable by calculating

"the number of hours reasonably expended on the litigation multiplied by a reasonable hourly

rate" – the so-called "lodestar" fee.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  In addition,

Congress has enacted a fee cap on attorneys' fees that may be paid by the District of Columbia in

IDEA litigation, which itself has been the subject of litigation.  See Blackman v. District of

Columbia, 456 F.3d 167 (D.C. Cir. 2006).

In a case cited by the plaintiffs, the D.C. Circuit has explained that the Supreme

Court's decision in Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health &

Human Resources:

> embraces three core principles for construing the term "prevailing
> party" in federal fee-shifting statutes:  First, in order to be a
> prevailing party, a claimant must show that there has been a court-
> ordered change in the legal relationship between the plaintiff and
> the defendant.  Second, a prevailing party is a party in whose favor
> a judgment is rendered, regardless of the amount of damages
> awarded.  Third, a claimant is not a prevailing party merely by
> virtue of having acquired a judicial pronouncement unaccompanied
> by judicial relief.

Select Milk Producers, Inc. v. Johanns, 400 F.3d 939, 946-947 (D.C. Cir. 2005) (citing and

quoting Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health & Human

Resources, 532 U.S. 598, 603-04 (2001) and Thomas v. Nat'l Science Foundation, 330 F.3d 486,

492-93 (D.C. Cir. 2003)) (internal quotations and citations omitted).  "At the core of Buckhannon

is the requirement that there must be a change in the legal relationship between the parties in

order to be awarded fees, and that change must be judicially sanctioned in some way."  Blackman

v. District of Columbia, 328 F. Supp. 2d 36, 45 (D.D.C. 2004) (citing Buckhannon Board & Care

Home, Inc. v. West Virginia Dept. of Health & Human Resources, 532 U.S. at 604-05).

2

Furthermore, "a party's securing the right to have an agency perform an act within a specified

time does not in itself render that party a prevailing party if the order is but an interim order and

does not result in the award of substantive relief." Kress v. District of Columbia, 448 F. Supp.

2d 203, 205 (D.D.C. 2006).

By Memorandum Opinion and Order of January 11, 2007, the Court adopted a

Report and Recommendation of Magistrate Judge Robinson, granted plaintiffs' motion for

summary judgment in part and denied it in part, granted defendants' motion for summary

judgment in part and denied it in part, and remanded the action for further administrative

proceedings consistent with Magistrate Judge Robinson's Report and Recommendation and this

Court's Memorandum Opinion and Order.  See D.D. v. District of Columbia, 470 F. Supp. 2d 1

(D.D.C. 2007).  As in Kress, the plaintiffs in this case did not secure any substantive relief or an

adjudication on the merits; they simply earned a remand for a hearing.  See D.D. v. District of

Columbia, 470 F. Supp. 2d at 3.  The Court concludes that under these circumstances, plaintiffs

are not prevailing parties for the purposes of an award of attorneys' fees.  Accordingly, plaintiffs'

motion for an award of attorneys' fees and costs [23] is DENIED.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  May 2, 2007

3